1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   LINDA GRIFFITH and JEANETTE WENZL, on )
    behalf of themselves, individually, and on behalf )
9   of all others similarly situated, and on behalf of )   No.
    the Providence Health & Services Cash Balance )
10  Retirement Plan, )                                       **COMPLAINT – CLASS ACTION**
                                     Plaintiffs, )
11          v.                                 )             **CLAIM OF**
                                               )            **UNCONSTITUTIONALITY**
12  PROVIDENCE HEALTH & SERVICES; )
    RETIREMENT PLANS COMMITTEE; ELLEN )
13  WOLF; JOHN and JANE DOES 1-20, inclusive, )
    MEMBERS OF THE RETIREMENT PLANS )
14  COMMITTEE; JOHN OR JANE DOE 21, PLAN )
    DIRECTOR; HUMAN RESOURCES )
15  COMMITTEE OF THE BOARD OF )
    DIRECTORS; JOHN AND JANE DOES 22-40, )
16  inclusive, MEMBERS OF THE HUMAN )
    RESOURCES COMMITTEE OF THE BOARD )
17  OF DIRECTORS; ROD HOCHMAN; BOARD )
    OF DIRECTORS OF PROVIDENCE HEALTH )
18  & SERVICES; MICHAEL HOLCOMB; )
    CHAUNCEY BOYLE; ISIAAH CRAWFORD; )
19  MARTHA DIAZ ASZKENAZY; PHYLLIS )
    HUGHES; SALLYE LINER; KIRBY )
20  MCDONALD; DAVE OLSEN; AL PARRISH; )
    CAROLINA REYES; PETER J. SNOW; )
21  MICHAEL A. STEIN; CHARLES WATTS; BOB)
    WILSON; JOHN AND JANE DOES 41-50, )
22  inclusive; )
                                   Defendants. )

23

24  CLASS ACTION COMPLAINT
        (CASE No. _____) – Page 1

25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

**TABLE OF CONTENTS**

I.     JURISDICTION AND VENUE ................................................................ 4

II.    PARTIES ................................................................................................ 5

       A.     Plaintiffs. ................................................................................. 5

       B.     Defendants. .............................................................................. 5

              1.     Providence Health & Services. ..................................... 6

              2.     Retirement Plans Committee Defendants. .................... 6

              3.     Defendant John or Jane Doe 21, Plan Director. ............ 8

              4.     Human Resources Committee Defendants. ................... 9

              5.     President & Chief Executive Officer Of Providence. ........... 10

              6.     Board Defendants. ........................................................ 11

              7.     Monitoring Defendants. ............................................... 14

III.   THE BACKGROUND OF THE CHURCH PLAN EXEMPTION ............... 14

       A.     The Adoption of ERISA. ......................................................... 14

       B.     The Scope of the Church Plan Exemption in 1974. ................. 15

       C.     The Changes to the Church Plan Exemption in 1980. ............. 16

IV.    PROVIDENCE HEALTH & SERVICES ................................................ 20

       A.     Providence's Operations. ........................................................ 20

       B.     The Providence Plan. .............................................................. 26

              1.     Defendants Claim the Providence Plan is a Church Plan. ........ 26

              2.     The Providence Plan Meets the Definition of an ERISA
                     Defined Benefit Plan and is a Cash Balance Plan. ................. 27

              3.     Providence Maintains Other Plans that Purport to Follow
                     ERISA. .................................................................... 28

       C.     All Defendants Are Plan Administrators and/or Fiduciaries. ........... 28

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

|  | 1. | Nature of Plan Administrator and Fiduciary Status. | 28 |
|  | 2. | Defendants Are Each Plan Administrators and/or ERISA Fiduciaries. | 30 |
| D. | The Providence Plan Is Not a Church Plan. | | 34 |
|  | 1. | A Church Plan Must Be Established by a Church, and Providence Is Not a Church. | 35 |
|  | 2. | Only Two Types of Entities May Maintain Church Plans, and Providence Is Neither. | 36 |
|  | 3. | Even if the Plan Could Otherwise Qualify as a Church Plan Under ERISA Section 3(33)(A) or (C)(i), It Is Excluded from Church Plan Status Under ERISA Section 3(33)(B)(ii). | 41 |
|  | 4. | Even if the Plan Could Otherwise Qualify as a Church Plan under ERISA, the Church Plan Exemption, as Claimed By Providence, Violates the Establishment Clause of the First Amendment to the U.S. Constitution, and Is Therefore Void and Ineffective. | 41 |

V. CLASS ACTION ALLEGATIONS ......... 43

A. Numerosity. ......... 43

B. Commonality. ......... 43

C. Typicality. ......... 44

D. Adequacy. ......... 44

E. Rule 23(b)(1) Requirements. ......... 45

F. Rule 23(b)(2) Requirements. ......... 45

G. Rule 23(b)(3) Requirements. ......... 45

VI. CAUSES OF ACTION ......... 46

COUNT I ......... 46

(Claim for Equitable Relief Pursuant to ERISA Section 502(a)(3) Against All Defendants) ......... 46

COUNT II ......... 47

CLASS ACTION COMPLAINT
(CASE No. _____) – Page ii

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

(Claim for Violation of Reporting and Disclosure Provisions
Against Defendant Providence and the Plan Administrator
Defendants) .................................................................................... 47

A.      Summary Plan Descriptions ................................................................... 47

B.      Annual Reports. ...................................................................................... 48

C.      Summary Annual Reports ....................................................................... 48

D.      Notification of Failure to Meet Minimum Funding. ............................. 49

E.      Funding Notices. .................................................................................... 49

F.      Pension Benefit Statements .................................................................... 50

COUNT III ............................................................................................................. 50

(Claim for Failure to Provide Minimum Funding, Including by
Failing to Comply with ERISA Funding Rules, Against
Defendant Providence) ................................................................... 50

COUNT IV .............................................................................................................. 52

(Claim for Failure to Establish the Plan Pursuant to a Written
Instrument Meeting the Requirements of ERISA Section
402 Against Defendant Providence) ............................................... 52

COUNT V ............................................................................................................... 53

(Claim for Failure to Establish a Trust Meeting the Requirements
of ERISA Section 403 Against Defendant Providence) .................. 53

COUNT VI .............................................................................................................. 53

(Claim for Civil Money Penalty Pursuant to ERISA Section
502(a)(1)(A) Against Providence and the Plan
Administrator Defendants) .............................................................. 53

COUNT VII ............................................................................................................ 55

(Claim for Breach of Fiduciary Duty Against All Defendants) ......................... 55

A.      Breach of the Duty of Prudence and Loyalty – Against All
Defendants. ..................................................................................... 55

B.      Prohibited Transactions – Against All Defendants ................................ 56

CLASS ACTION COMPLAINT
(CASE No. _____) – Page iii

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

COUNT VIII ................................................................................................ 58

(Claim for Breach of Fiduciary Duty to Monitor Performance of
Other Fiduciaries Against the Monitoring Defendants) ......................... 58

COUNT IX ................................................................................................... 60

(Claim for Co-Fiduciary Liability Against All Defendants) ................... 60

COUNT X .................................................................................................... 64

(Claim for Declaratory Relief that the Church Plan Exemption
Violates the  Establishment Clause of the First Amendment
to the U.S. Constitution, and is Therefore Void and
Ineffective Against Defendant Providence) ........................................... 64

VII.    PRAYER FOR RELIEF ............................................................................. 67

LAW OFFICES OF
**Keller Rohrback l.l.p.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**Cohen Milstein Sellers & Toll, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1    Plaintiffs Linda Griffith and Jeanette Wenzl, individually, and on behalf of all others

2  similarly situated, as well as on behalf of the Providence Plan, as defined herein, by and through

3  their attorneys, hereby allege as follows:

4    1.    Defendant Providence Health & Services ("Providence") operates a chain of

5  hospital and healthcare facilities covering much of the western United States. This case is about

6  whether Providence properly sponsors, operates, and maintains its defined benefit pension plan

7  pursuant to the requirements of the Employee Retirement Income Security Act of 1974

8  ("ERISA"), codified as amended at 29 U.S.C. §§ 1001 - 1461.  As demonstrated herein,

9  Providence fails to do so, depriving its more than 73,000 employees of critical procedural and

10  substantive protections designed to ensure their security in retirement.

11    2.    As its name implies, ERISA was crafted to protect employee retirement funds.  A

12  comprehensive history of ERISA put it this way:

13    Employees should not participate in a pension plan for many years only to lose
their pension . . . because their plan did not have the funds to meet its obligations.
14    The major reforms in ERISA—fiduciary standards of conduct, minimum vesting
and funding standards, and a government-run insurance program—aimed to
15    ensure that long-service employees actually received the benefits their retirement
plan promised.
16
James A. Wooten, *The Employee Retirement Income Security Act of 1974* 3 (2004).
17
    3.    This class action is brought on behalf of all participants and beneficiaries of the
18
Providence Health & Services Cash Balance Retirement Plan, also known as the Core Plan.  This
19
plan is a defined benefit pension plan that is sponsored by Providence.  It is administered by
20
Providence's committees and certain individuals identified below.  The Providence Health &
21
Services Cash Balance Retirement Plan is claimed to be a "church plan" under ERISA.
22

23

24  CLASS ACTION COMPLAINT
(CASE No. _____) – Page 1
25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1  Hereinafter, the Providence Health & Services Cash Balance Retirement Plan shall be referred to

2  as the "Providence Plan" or simply the "Plan."

3      4.    Providence is violating numerous provisions of ERISA—including, upon

4  information and belief, failing to properly fund the Plan and depriving Plan participants of

5  pension insurance—while erroneously claiming that the Plan is exempt from ERISA's

6  protections because it is a "church plan." But the Providence Plan is not a church plan because

7  the relevant statute requires that a church plan be established by a church or convention or

8  association of churches, and Providence plainly is not a church or a convention or association of

9  churches.  That should be the end of the inquiry under ERISA, resulting in a clear finding that

10  the Providence Plan is not a church plan.

11      5.    The Providence Plan also does not qualify for the church plan exemption because

12  the statute also requires that such a plan be maintained by an entity whose principal purpose or

13  function is the administration or funding of a retirement plan.  Providence maintains this Plan,

14  and its principal purpose or function is providing healthcare, not providing retirement benefits.

15      6.    Indeed, Providence is a nonprofit healthcare conglomerate, not unlike other

16  nonprofit and for-profit healthcare conglomerates with which Providence competes in its

17  commercial healthcare activities.  For example, Virginia Mason Medical Center in Seattle,

18  Washington, has an ERISA-covered defined benefit pension plan.  Just as other hospitals, such

19  as Virginia Mason, must comply with ERISA's neutral regulations, so should Providence.

20      7.    Providence is not owned or operated by a church and does not receive funding

21  from a church.  No denominational requirement exists for Providence employees. Indeed,

22  Providence tells prospective employees that any choice of faith, or lack thereof, is not a factor in

23  the recruiting and hiring of Providence employees.  In choosing to recruit and hire from the

24  CLASS ACTION COMPLAINT
   (CASE No. _____) – Page 2

25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1   population at large, Providence must also be willing to accept neutral, generally applicable

2   regulations, such as ERISA, imposed to protect those employees' legitimate interests. Moreover,

3   Providence owns, operates, or engages in business ventures with numerous healthcare facilities,

4   including Swedish Health Services ("Swedish"), which claim to be secular health systems.

5        8.     If the Plan did fall within the scope of the church plan exemption, the church plan

6   exemption would then be, as applied to Providence, an unconstitutional accommodation under

7   the Establishment Clause of the First Amendment to the U.S. Constitution.  Providence claims,

8   in effect, that the participants in its Plan must lose their ERISA protections, and Providence must

9   be relieved of its ERISA financial obligations, because Providence claims certain religious

10   beliefs.  The Establishment Clause, however, does not allow such an economic preference for

11   Providence and burden-shifting to Providence employees.  Extension of the church plan

12   exemption to Providence would be unconstitutional under Supreme Court law because it: (a) is

13   not necessary to further the stated purposes of the exemption; (b) harms Providence workers; (c)

14   puts Providence competitors at an economic disadvantage; (d) relieves Providence of no genuine

15   religious burden created by ERISA; and (e) creates more government entanglement with alleged

16   religious beliefs than compliance with ERISA creates.

17        9.     Providence's claim of church plan status for its defined benefit pension plan fails

18   under both ERISA and the First Amendment.  Plaintiffs seek an Order requiring Providence and

19   other Plan fiduciaries to comply with ERISA and afford the Class all the protections of ERISA

20   with respect to the Plan, as well as an Order finding that the church plan exemption, as claimed

21   by Providence, is unconstitutional because it violates the Establishment Clause of the First

22   Amendment to the U.S. Constitution.

23

24   CLASS ACTION COMPLAINT
     (CASE No. _____) – Page 3

25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

# I.   JURISDICTION AND VENUE

10.   **Subject Matter Jurisdiction.**  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States and pursuant to 29 U.S.C. § 1132(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA.

11.   **Personal Jurisdiction.**  This Court has personal jurisdiction over all Defendants because ERISA provides for nationwide service of process.  29 U.S.C. § 1132(e)(2).  All of the Defendants are either residents of the United States or subject to service in the United States, and the Court therefore has personal jurisdiction over them.  The Court also has personal jurisdiction over them pursuant to Fed. R. Civ. P. 4(k)(1)(A) because they would all be subject to the jurisdiction of a court of general jurisdiction in Washington as a result of Providence being headquartered in, transacting business in, and/or having significant contacts with this District.

12.   **Venue.** Venue is proper in this district because (a) the Plan is administered in this district, (b) some or all of the violations of ERISA took place in this district, and/or (c) Defendant Providence may be found in this district. 29 U.S.C. § 1132(e)(2).

13.   Venue is also proper in this district because Providence is headquartered here, systematically and continually does business here, and because a substantial part of the events or omissions giving rise to the claims in this case occured in this district.

14.   This case is properly filed in the Seattle division because Providence has its headquarters in King County, Washington.

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

## II.   PARTIES

**A.   Plaintiffs.**

15.   **Plaintiff Linda Griffith** is an employee of Providence and began working there as a registered nurse in 1992.  She is a participant in the Providence Plan and continues to be a participant because she is or will become eligible for pension benefits under the Plan to be paid at the normal retirement age.  Additionally and alternatively, Plaintiff has a colorable claim to benefits under a pension plan maintained by Providence and is a participant within the meaning of ERISA section 3(7), 29 U.S.C. § 1002(7), and is therefore entitled to maintain an action with respect to the Providence Plan pursuant to ERISA sections 502(a)(1)(A), (a)(2), (a)(3), (c)(1), and (c)(3); 29 U.S.C. §§ 1132(a)(1)(A), (a)(2), (a)(3), (c)(1), and (c)(3).

16.   **Plaintiff Jeanette Wenzl** was an employee of Providence and began working there as a registered nurse in 1973.  She separated from employment with Providence in or around 2006.  Plaintiff Wenzl is a participant in the Providence Plan and continues to be a participant because she is eligible for, and receiving, pension benefits under the Plan. Additionally and alternatively, Plaintiff has a colorable claim to benefits under a pension plan maintained by Providence and is a participant within the meaning of ERISA section 3(7), 29 U.S.C. § 1002(7), and is therefore entitled to maintain an action with respect to the Providence Plan pursuant to ERISA sections 502(a)(1)(A), (a)(2), (a)(3), (c)(1), and (c)(3); 29 U.S.C. §§ 1132(a)(1)(A), (a)(2), (a)(3), (c)(1), and (c)(3).

**B.   Defendants.**

17.   As discussed below, all the Defendants are ERISA fiduciaries.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

**1.     Providence Health & Services.**

18.     **Defendant Providence Health & Services.**  Defendant Providence is a 501(c)(3) nonprofit corporation organized under, and governed by, the Washington Nonprofit Corporation Act, Wash. Rev. Code § 24.03.  Providence is headquartered in Renton, Washington. Providence is the sponsor of the Plan within the meaning of ERISA section 3(16)(B), 29 U.S.C. § 1002(16)(B).  Providence acts by and through its Board of Directors.  Providence appoints the trustees of the Providence Plan's trust.  Providence has the right to amend or terminate the Plan at any time.  Providence communicates with participants or beneficiaries concerning the Plan. Providence is both a plan sponsor Defendant and a fiduciary Defendant.  Furthermore, under ERISA section 3(16)(A)(ii), 29 U.S.C. § 1002(16)(A)(ii), in the absence of an administrator specifically designated in or pursuant to any instrument governing the Plan, the sponsor of the plan is the plan administrator.  Accordingly, in the alternative to the individuals or entities identified below as plan administrators, Plaintiffs name Providence as a Plan Administrator Defendant within the meaning of ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(A).

**2.     Retirement Plans Committee Defendants.**

19.     **Defendant Retirement Plans Committee.**  Defendant Retirement Plans Committee is designated as an administrator of the Plan by the terms of the instrument under which the Plan is operated.  The Retirement Plans Committee comprises the members of the Human Resources Committee of Providence's Board of Directors, as voting members, and the Plan Director as a nonvoting member.  The Retirement Plans Committee acts by resolution by majority vote of all members in attendance at a meeting where a quorum is present or by unanimous consent.  Among other things, Defendant Retirement Plans Committee has and exercises the authority and responsibility to supervise the administration of the Plan; to control

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

the Plan's operation in accordance with its terms; to interpret Plan provisions; to determine all considerations affecting the eligibility of any employee to be or become a member of the Plan; to determine the benefit and vesting service of any member of the Plan and to compute the amount of retirement benefit payable under the Plan to any persons; to authorize and direct, jointly with the Plan secretary, the Trust custodian with respect to all disbursements of retirement benefits and the payment of Plan administrative expenses, such as the fees and expenses of the Plan's actuary, attorney, and auditor; to adopt from time to time, with the advice of an actuary, for purposes of the Plan such mortality and other tables as it may deem necessary or appropriate for the operation of the Plan; to determine the liabilities of the Plan with the advice of an actuary; to institute, maintain, defend, settle, and compromise claims, arbitration and legal proceedings; to require periodic audits of the Plan's trust by certified public accountants; and to delegate and allocate specific responsibilities, obligations, and duties imposed by the Plan to other persons, including the Plan Director, or any subcommittee of the Retirement Plans Committee.  The Retirement Plans Committee has and exercises the discretionary authority to determine eligibility for benefits and to construe the terms of the Plan.  The Retirement Plans Committee is a Plan Administrator Defendant within the meaning of ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(A), and a fiduciary Defendant.

20. **Defendant Ellen Wolf.**  On information and belief, Defendant Wolf serves as a voting member of the Retirement Plans Committee.  By her service on the Retirement Plans Committee, Plaintiffs are informed and believe that Defendant Wolf has and exercises the discretion, authority, responsibility, control, and/or functions set forth above with respect to the Retirement Plans Committee.  Defendant Wolf is a Plan Administrator Defendant within the meaning of ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(A), and a fiduciary Defendant.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

21. **Defendants John and Jane Does 1-20, Members of the Retirement Plans Committee.** Defendants John and Jane Does 1-20 are individuals who, through discovery, are found to be members of the Retirement Plans Committee. These individuals will be added by name as Defendants in this action upon motion (if necessary) by Plaintiffs at an appropriate time. By their service on the Retirement Plans Committee, Plaintiffs are informed and believe that Defendants John and Jane Does 1-20 have and exercise the discretion, authority, responsibility, control, and/or functions set forth above with respect to the Retirement Plans Committee. Defendants John and Jane Does 1-20, are Plan Administrator Defendants within the meaning of ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(A), and fiduciary Defendants.

22. Defendant Retirement Plans Committee, Ellen Wolf, and John and Jane Does 1-20, members of the Retirement Plans Committee, are collectively referred to herein as the "Retirement Plans Committee Defendants."

**3. Defendant John or Jane Doe 21, Plan Director.**

23. **Defendant John or Jane Doe 21, Plan Director.** Defendant John or Jane Doe 21 is the Plan Director ("Plan Director Defendant"). The Plan Director Defendant may administer the Plan pursuant to delegation from Defendant Retirement Plans Committee. The Plan Director Defendant is appointed by and reports to the President/CEO of Providence, and serves as a nonvoting member of Defendant Retirement Plans Committee. The Plan Director Defendant has and exercises discretionary authority to determine eligiblity for benefits and to construe the terms of the Plan. This individual will be added by name as a Defendant in this action upon motion (if necessary) by Plaintiffs at an appropriate time. In communications to Plan participants and beneficiaries, Providence informs them that the Plan Director Defendant is

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1   a plan administrator.  The Plan Director Defendant is a Plan Administrator Defendant within the

2   meaning of ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(A), and a fiduciary Defendant.

3       **4.**    **Human Resources Committee Defendants.**

4       24.    <u>**Defendant Human Resources Committee of the Board of Directors**</u>.

5   Defendant Human Resources Committee of the Board of Directors ("Human Resources

6   Committee") is designated as an administrator of the Plan by the terms of the instrument under

7   which the Plan is operated.  The members of the Human Resources Committee of Providence's

8   Board of Directors all serve as voting members of the Retirement Plans Committee.  As such,

9   Defendant Human Resources Committee has and exercises all the same discretion, authority,

10  responsibility, control, and/or functions as set forth above with respect to the Retirement Plans

11  Committee.  The Human Resources Committee is a Plan Administrator Defendant within the

12  meaning of ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(A), and a fiduciary Defendant.

13      25.    <u>**Defendant Ellen Wolf.**</u>  On information and belief, Defendant Wolf serves as a

14  voting member of the Human Resources Committee.  By her service on the Human Resources

15  Committee, Plaintiffs are informed and believe that Defendant Wolf has and exercises the

16  discretion, authority, responsibility, control, and/or functions set forth above with respect to the

17  Human Resources Committee.  Defendant Wolf is a Plan Administrator Defendant within the

18  meaning of ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(A), and a fiduciary Defendant.

19      26.    <u>**Defendants John and Jane Does 22-40, Members of the Human Resources**</u>

20  <u>**Committee.**</u>  Defendants John and Jane Does 22-40 are individuals who, through discovery, are

21  found to be members of the Human Resources Committee.  These individuals will be added by

22  name as Defendants in this action upon motion (if necessary) by Plaintiffs at an appropriate time.

23  By their service on the Human Resources Committee, Plaintiffs are informed and believe that

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1    Defendants John and Jane Does 22-40 have and exercise the discretion, authority, responsibility,

2    control, and/or functions set forth above with respect to the Human Resources Committee.

3    Defendants John and Jane Does 22-40 are Plan Administrator Defendants within the meaning of

4    ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(A), and fiduciary Defendants.

5         27.    Defendant Human Resources Committee, Ellen Wolf, and John and Jane Does

6    22-40, members of the Human Resources Committee, are collectively referred to herein as the

7    "Human Resources Committee Defendants."

8         **5.    President & Chief Executive Officer Of Providence.**

9         28.    **Defendant Rod Hochman.**  Defendant Hochman is the President & Chief

10   Executive Officer ("CEO") of Providence.  Prior to this role, Defendant Hochman was President

11   and CEO of Swedish.  On information and belief, as President/CEO of Providence, Defendant

12   Hochman reports to the Retirement Plans Committee on Plan administration matters.  Upon

13   information and belief, Defendant John or Jane Doe 21, the Plan Director, is appointed by and

14   reports to Defendant Rod Hochman.  On information and belief, Defendant John or Jane Doe 21,

15   the Plan Director, may be removed at any time and for any reason by Defendant Rod Hochman

16   as the President/CEO of Providence.  Defendant Hochman, in his role as President/CEO of

17   Providence, has the power and authority to approve the participation in the Plan of any entity,

18   region, service area, institution, unit, system office, trade business, or operation of Providence or

19   a member of its controlled group, or any other tax-exempt entity that regularly coordinates its

20   day to day activities with Providence or its affiliates.  As President/CEO of Providence,

21   Defendant Hochman is designated as an administrator of the Plan by the terms of the instrument

22   under which the Plan is operated.  Defendant Hochman is a Plan Administrator Defendant within

23   the meaning of ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(A), and a fiduciary Defendant.

24

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

25

29.     Defendants Providence; Retirement Plans Committee; Ellen Wolf; John and Jane Does 1-20, Members of the Retirement Plans Committee; John or Jane Doe 21, Plan Director; Human Resources Committee; John and Jane Does 22-40, Members of the Human Resources Committee; and Defendant Rod Hochman are referred to herein as the "Plan Administrator Defendants."

**6.     Board Defendants.**

30.     **Defendant Board of Directors of Providence Health & Services.**  On information and belief, the Board of Directors of Providence ("Board of Directors") exercises general governance and control over the mission and business affairs of Providence and has and exercises all powers which may be exercised or performed by Providence under the laws of the state of Washington.  On further information and belief, the Board of Directors has and exercises, among other powers and duties, the power to designate, appoint, and remove the members of the Retirement Plans Committee pursuant to the Board of Directors' rules for that Committee.  Defendant Board of Directors is a fiduciary to this Plan.

31.     **Defendant Michael Holcomb.**  Defendant Holcomb is a member of the Board of Directors of Providence and the Chairman of the Board.  As such, Defendant Holcomb has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Holcomb is a fiduciary.

32.     **Defendant Chauncey Boyle.**  Defendant Boyle is a member of the Board of Directors of Providence.  As such, Defendant Boyle has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Boyle is a fiduciary.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

33.     **Defendant Isiaah Crawford.**  Defendant Crawford is a member of the Board of Directors of Providence.  As such, Defendant Crawford has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Crawford is a fiduciary.

34.     **Defendant Martha Diaz Aszkenazy.**  Defendant Aszkenazy is a member of the Board of Directors of Providence.  As such, Defendant Aszkenazy has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Aszkenazy is a fiduciary.

35.     **Defendant Phyllis Hughes.**  Defendant Hughes is a member of the Board of Directors of Providence.  As such, Defendant Hughes has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Hughes is a fiduciary.

36.     **Defendant Sallye Liner.**  Defendant Liner is a member of the Board of Directors of Providence.  As such, Defendant Liner has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Liner is a fiduciary.

37.     **Defendant Kirby McDonald.**  Defendant McDonald is a member of the Board of Directors of Providence.  As such, Defendant McDonald has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant McDonald is a fiduciary.

38.     **Defendant Dave Olsen.**  Defendant Olsen is a member of the Board of Directors of Providence.  As such, Defendant Olsen has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Olsen is a fiduciary.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

39.   **Defendant Al Parrish.**  Defendant Parrish is a member of the Board of Directors of Providence.  As such, Defendant Parrish has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Parrish is a fiduciary.

40.   **Defendant Carolina Reyes.**  Defendant Reyes is a member of the Board of Directors of Providence.  As such, Defendant Reyes has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Reyes is a fiduciary.

41.   **Defendant Peter J. Snow.**  Defendant Snow is a member of the Board of Directors of Providence.  As such, Defendant Snow has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Snow is a fiduciary.

42.   **Defendant Michael A. Stein.**  Defendant Stein is a member of the Board of Directors of Providence.  As such, Defendant Stein has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Stein is a fiduciary.

43.   **Defendant Charles Watts.**  Defendant Watts is a member of the Board of Directors of Providence.  As such, Defendant Watts has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Watts is a fiduciary.

44.   **Defendant Bob Wilson.**  Defendant Wilson is a member of the Board of Directors of Providence.  As such, Defendant Wilson has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.  Defendant Wilson is a fiduciary.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

45.     **Defendant Ellen Wolf.**  Defendant Wolf is a member of the Board of Directors of Providence.  As such, Defendant Wolf has and exercises all the powers and duties identified above with respect to the Defendant Board of Directors.   Defendant Wolf is a fiduciary.

46.     **Defendants John and Jane Does 41-50.** Defendants John and Jane Does 41-50 are individuals who, through discovery, are found to have fiduciary responsibilities with respect to the Plan and are fiduciaries within the meaning of ERISA.  These individuals will be added by name as Defendants in this action upon motion (if necessary) by Plaintiffs at an appropriate time.

47.     Defendants Board of Directors, Holcomb, Boyle, Crawford, Aszkenazy, Hughes, Liner, McDonald, Olsen, Parrish, Reyes, Snow, Stein, Watts, Wilson, Wolf, and John and Jane Does 41-50 are collectively referred to herein as the "Board Defendants."

**7.     Monitoring Defendants.**

48.     Providence, the Retirement Plans Committee Defendants, the Human Resources Committee Defendants, Defendant Hochman, and the Board Defendants are collectively referred to herein as the "Monitoring Defendants."

### III.     THE BACKGROUND OF THE CHURCH PLAN EXEMPTION

**A.     The Adoption of ERISA.**

49.     Following years of study and debate, and with broad bipartisan support, Congress passed ERISA in 1974, and the statute was signed into law by President Ford on Labor Day of that year.  ERISA was inspired, in part, by the widely publicized failures of defined benefit pension plans, especially the plan for employees of Studebaker Corporation, an automobile manufacturing company that defaulted on its pension obligations in 1965.  *See generally* John H. Langbein, *et al., Pension and Employee Benefit Law* 78-83 (5th ed. 2010) ("The Studebaker Incident").

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

50.     ERISA protects the retirement savings of pension plan participants. ERISA mandates that defined benefit plans be currently funded and actuarially sound; that participants' accruing benefits vest pursuant to defined schedules; that plan administrators report to participants and to government regulators; that fiduciary duties such as prudence, diversification, and loyalty bind plan managers; and that the benefits promised by the plans be guaranteed, up to certain limits, by the Pension Benefit Guaranty Corporation. *See, e.g.,* ERISA sections 303, 203, 101-106, 404-406, 409, 4007, 4022; 29 U.S.C. §§ 1083, 1053, 1021-1026, 1104-1106, 1109, 1307, 1322.

51.     ERISA also binds defined contribution pension plans (such as 401(k) plans) and welfare plans, which provide healthcare, disability, severance, and related non-retirement benefits. ERISA § 3(1), (34); 29 U.S.C. § 1002(1), (34).

**B.      The Scope of the Church Plan Exemption in 1974.**

52.     As adopted in 1974, ERISA provided an exemption from compliance for certain plans, in particular governmental plans and church plans.  Plans that met the statutory definitions were exempt from all of ERISA's substantive protections for participants.  ERISA section 4(b)(2), 29 U.S.C. § 1003(b)(2) (exemption from Title I of ERISA); ERISA section 4021(b)(3), 29 U.S.C. § 1321(b)(3) (exemption from Title IV of ERISA).

53.     ERISA defined a church plan as a plan "established and maintained for its employees by a church or by a convention or association of churches."[1]

---

[1] ERISA section 3(33)(A), 29 U.S.C. § 1002(33)(A). ERISA is codified in both the labor and tax provisions of the United States Code (Title 29 and Title 26, respectively). Many ERISA provisions appear in both titles. For example, the essentially identical definition of church plan in the Internal Revenue Code is found at 26 U.S.C. § 414(e).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

54.     Under the 1974 legislation, although a church plan was required to be established and maintained by a church, it could also include employees of certain pre-existing agencies of such church, but only until 1982.  Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, § 3(33)(C) (1974) (codified as amended at 29 U.S.C. § 1002(33)(C)).  Thus, under the 1974 legislation, a pension plan that was not established and maintained by a church could not be a church plan. *Id*.

**C.     The Changes to the Church Plan Exemption in 1980.**

55.     Church groups had two major concerns about the definition of "church plans" in ERISA as adopted in 1974.  The first, and far more important, concern was that church plans after 1982 could not include the lay employees of agencies of a church.  The second concern was more technical.  Under the 1974 statute, all church plans, single-employer or multiemployer, had to be "established and maintained" by a church or a convention/association of churches.  This ignored the role of the churches' financial services organizations in the management of the pension plans.  In other words, although church plans were "established" by a church, in practice they were often "maintained" and/or "administered" by a separate financial services organization of the church, usually incorporated and typically called a church "pension board."

56.     These two concerns ultimately were addressed when ERISA was amended in 1980 in various respects, including a change in the definition of "church plan."  Multiemployer Pension Plan Amendments Act of 1980, Pub. L. No. 96-364 (1980).  The amended definition is current law.

57.     As to the first concern (regarding lay employees of agencies of a church), Congress included a new definition of "employee" in subsection (33)(C)(ii)(II) of section 3 of ERISA.  29 U.S.C. § 1002(33)(C)(ii)(II) (1980) (current version at 29 U.S.C.

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 16

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

§ 1002(33)(C)(ii)(II)).  As amended, an "employee" of a church or a convention/association of churches includes an employee of an organization "which is controlled by or associated with a church or a convention or association of churches."  *Id.*  The phrase "associated with" is then defined in ERISA section 3(33)(C)(iv) to include only those organizations that "share[] common religious bonds and convictions with that church or convention or association of churches."  29 U.S.C. § 1002(33)(C)(iv) (1980) (current version at 29 U.S.C. § 1002(33)(C)(iv)).  Although this new definition of "employee" permitted a "church plan" to include among its participants employees of organizations controlled by or associated with the church, convention, or association of churches, it remains the case that a plan covering such "employees" cannot qualify as a "church plan" unless it was "established by" the church, convention, or association of churches.  ERISA section 3(33)(A), 29 U.S.C. § 1002(33)(A).

58.     As to the second concern (regarding plans "maintained by" a separate church pension board), the 1980 amendments spoke to the issue as follows:

> A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, *the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits*, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.

ERISA section 3(33)(C)(i) (1980), 29 U.S.C. § 1002(33)(C)(i) (1980) (emphasis added) (current version at 29 U.S.C. § 1002(33)(C)(i)).  Accordingly, under this provision, a plan "established" by a church or by a convention or association of churches could retain its "church plan" status even if the plan was "maintained by" a distinct organization, so long as (1) "the principal purpose or function of [the organization] is the administration or funding of a plan or program

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1  for the provision of retirement benefits or welfare benefits"; and (2) the organization is

2  "controlled by or associated with" the church or convention or association of churches. *Id.*

3      59.     This church "pension board" clarification has no bearing on plans that were not

4  "established" by a church or by a convention or association of churches. Thus, a plan

5  "established" by an organization "controlled by or associated with" a church would not be a

6  "church plan" because it was not "established" by a church or by a convention or association of

7  churches. *See* ERISA § 3(33)(A), 29 U.S.C. § 1002(33)(A).

8      60.     Further, this "pension board" clarification has no bearing on plans that were not

9  "maintained" by a church pension board. Thus, even if a plan were "established" by a church,

10  and even if it were "maintained by" an organization "controlled by or associated with" a church,

11  such as a school, hospital, or publishing company, it still would not be a "church plan" if the

12  principal purpose of the organization was other than the administration or funding of the plan. In

13  such plans, the plan is "maintained" by the school, hospital, or publishing company, and usually

14  through the human resources department of such entity. It is not maintained by a church pension

15  board: no "organization, whether a civil law corporation or otherwise, the principal purpose or

16  function of which is the administration or funding of a plan or program for the provision of

17  retirement benefits" maintains the plan. *Cf.* ERISA § 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i)

18  (1980) (current version at 29 U.S.C. § 1002(33)(C)(i)).

19      61.     The requirements for church plan status under ERISA, both as originally adopted

20  in 1974 and as amended in 1980 are, as explained above, very clear. And there is no tension

21  between the legislative history of the 1980 amendment and the amendment itself: Congress

22  enacted exactly what it wanted to enact. Fundamental to the scheme, both as originally adopted

23  and as fine-tuned in 1980, was that neither an "affiliate" of a church (using the 1974 language)

24
25

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 18

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1   nor "an organization controlled by or associated with" a church (using the 1980 language) could

2   itself establish a church plan.  Its employees could be *included* in a church plan, but if it

3   sponsored its own plan, that was not a church plan.  With respect to "pension boards," the 1980

4   legislation simply clarified the long standing practice that churches could use their own financial

5   organizations to maintain their church plans.

6        62.    Unfortunately, in 1983, in response to a request for a private ruling, the Internal

7   Revenue Service ("IRS") issued a short General Counsel Memorandum that misunderstood the

8   statutory framework.  The author incorrectly relied on the "pension board" clarification to

9   conclude that a non-church entity could sponsor its own church plan as long as the plan was

10  managed by some "organization" that was controlled by or associated with a church.  This of

11  course is not what the statute says, nor what Congress intended.[2]  In any event, this mistake was

12  then repeated, often in verbatim language, in subsequent IRS determinations and, after 1990, in

13  Department of Labor ("DOL") determinations.  Under the relevant law, these private rulings are

14  not binding on this Court.

15

16

17

18

-----

19  [2] ERISA scholar, Norman Stein, analyzed the IRS General Counsel Memorandum in a recent article and concurred:

20      The IRS position is almost certainly wrong. The position is based on a barely credible construction of the
        statutory language and the statutory structure, rendering the primary definition of church plan superfluous.
21      Moreover, the IRS position implements a major policy decision—exempting non-church plans from
        ERISA—that Congress never considered.

22  Norman Stein, *An Article of Faith: The Gratuity Theory of Pensions and Faux Church Plans,* Emp. Benefits Comm.
    Newsletter (ABA Section of Labor & Emp't Law, Ill.), Summer 2014, *available at*
23  http://www.americanbar.org/content/newsletter/groups/labor_law/ebc_newsletter/14_sum_ebc_news/faith.html.

24  CLASS ACTION COMPLAINT
    (CASE No. _____) – Page 19
25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

# IV.    PROVIDENCE HEALTH & SERVICES

## A.    Providence's Operations.

63.    Providence is a large healthcare system operating in many of the western states. It has healthcare facilities in Alaska, California, Montana, Oregon, and Washington.  Providence has more than 73,000 employees; operates 475 physician clinics, 34 acute care hospitals with over 7,000 beds, 22 assisted-living and long-term care facilities, and 14 supportive housing facilities.

64.    Defendant Providence was formed effective January 1, 2006.

65.    Providence is a Washington nonprofit corporation organized under, and governed by, the Washington Nonprofit Corporation Act, Wash. Rev. Code § 24.03.

66.    In 2013, Providence had approximately $7.3 billion in net assets and net operating revenue of $11.1 billion.

67.    Providence is not a church.

68.    Providence is not a convention of churches.

69.    Providence is not an association of churches.

70.    Providence does not claim to be a church or a convention or association of churches.

A.    For example, year after year from at least 2006 to 2012, Providence filed a Form 990 or 990-EZ, Return of Organization Exempt from Income Tax, with the IRS. The form is submitted to the IRS under penalty of perjury.

B.    Schedule A to the Form 990 and Form 990-EZ requires the filing organization to declare the reason for its public charity status.  The first option for

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

claiming public charity status is that the organization is "[a] church, convention of churches, or association of churches."

      C.     Year after year from 2006 to 2012, Providence never checked the box in Schedule A to claim that it was "[a] church, convention of churches, or association of churches."

71.     Providence is not owned by a church.

72.     Providence does not receive funding from a church.

73.     Providence does not claim that any church has any liability for Providence's debts or obligations.

74.     No church dictates how Providence allocates its resources.

75.     No church approves Providence's financial transactions.

76.     No church has any role in the governance of Providence.

77.     Providence acts by and through its Board of Directors.

78.     No church elects the members of Providence's Board of Directors.

79.     No church elects the members of the boards of directors of Providence's facilities.

80.     Members of the Board of Directors of Providence are not required to be members of a particular religion or church.

81.     Members of the governing boards of Providence's facilities are not required to be members of a particular religion or church.

82.     The management of Providence consists primarily of lay people, and executive officers of Providence receive compensation in line with executive officers of other healthcare systems. For example, in 2012, the CEO of Providence received total compensation of

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1    approximately $4.5 million.  At least 14 other officers, directors, or employees of the company

2    received more than $1 million in total annual compensation.

3        83.    Providence's facilities admit patients of all religions and faiths.

4        84.    Patients of Providence's various healthcare facilities are not turned away because

5    of their religious affiliation.

6        85.    Providence does not focus on the needs of, market to, or target a particular

7    religious population.

8        86.    Providence does not have a mission to serve patients of a particular religion.

9        87.    Providence's facilities hire employees and medical staff who are of all religions

10   and faiths.

11       88.    Providence does not impose any denominational requirement on its employees.

12       89.    In hiring employees and medical staff, Providence does not give preference to

13   applicants of a particular religion.

14       90.    Employees and medical staff of Providence facilities are not required to sign or

15   abide by a statement of faith or religious beliefs.

16       91.    The Plan includes employees who were employed at healthcare facilities that

17   claim no ties to religion—and in at least one case were part of a for-profit, publicly-traded

18   hospital system—when they were acquired by Providence and included in Providence's

19   purported "church plan."  For example, the Plan covers employees who worked at Tarzana

20   Medical Center, which was formerly owned by HCP, Inc., a real estate investment trust ("REIT")

21   that claims no ties to religion, is publicly-traded, is listed on the New York Stock Exchange, and

22   is a member of the S&P 500.  Tarzana Medical Center was sold to Providence in 2008 and its

23   employees subsequently became covered by Providence's purported "church plan."

24   CLASS ACTION COMPLAINT
     (CASE No. _____) – Page 22

25

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

92.     As part of its commercial, competitive growth strategy, Providence has entered into the following affiliations, business ventures, and/or mergers with healthcare systems that claim no ties to religion or claim to be secular:

A.     On February 1, 2012, Providence and Swedish effected an affiliation agreement that fully integrated the operations of the two health systems, including financially, clinically, and operationally.

i.     Swedish states that it is, and always will be, a secular organization.

ii.     Swedish says that, according to the affiliation agreement with Providence, it is not required to follow the Ethical and Religious Directives ("ERDs") for Catholic Health Care Services.

iii.     Swedish performs services, such as tubal ligations and vasectomies, that would be prohibited by the ERDs.

iv.     Upon information and belief, the affiliation agreement between Providence and Swedish requires that the Boards of Directors and corporate officers of Providence and Swedish comprise the same individuals.

v.     Providence states that this requirement is to facilitate co-governance and management oversight of these entities.

vi.     Accordingly, the same individuals govern Swedish, a secular hospital with an ERISA pension plan, and Providence, an entity that claims exemption from ERISA for its purported "church plan."

B.     Effective July 1, 2012, Providence—Southern California entered into an affiliation with Facey Medical Group ("Facey").  Facey does not claim to be affiliated with any religion.

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 23

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

C.      In 2014, Providence agreed to a secular affiliation with Pacific Medical

Centers ("PacMed"), a medical clinic operator.  Providence describes PacMed as a non-

religious organization.

D.      In June 2014, Providence affiliated with Kadlec Health System

("Kadlec"), a nonprofit health system that serves more than 350,000 residents in

southeastern Washington and northeastern Oregon.  Providence states the affiliation is

secular (non-religious).  Kadlec will continue to provide services that would be

prohibited by the ERDs, such as contraceptives and sterilization.  Kadlec and Providence

report that even after the affiliation, both health systems will continue to serve patients

regardless of their beliefs, sexual orientation, marital status, or any other circumstance.

93.      In 2012, Providence had approximately 36 taxable corporations and partnerships

under its umbrella.  One of the taxable entities is Providence Health Ventures Inc., an investment

company.

94.      In 2014, Providence launched a venture capital fund, Providence Ventures.

Providence will invest $150 million in the enterprise.

95.      Providence also operates an insurance captive, Providence Assurance, Inc., which

was formerly incorporated in the Cayman Islands.  It is now domiciled in Arizona, a state which

offers tax benefits to such captives.

96.      Providence purports to disclose, and not keep confidential, its own highly

complex financial records.  For example, Providence is required and in some cases has

voluntarily elected to comply with a broad array of elaborate state and federal regulations and

reporting requirements, including those required to obtain payments from Medicare and

Medicaid.  In addition, Providence makes public its consolidated financial statements, which

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1   describe Providence's representations as to its own highly complex operations and financial

2   affairs.

3        97.     Finally, Providence's financial information is regularly disclosed to the rating

4   agencies and the public when tax-exempt revenue bonds are issued.

5        98.     On information and belief, Providence claims the church plan exemption in order

6   to obtain competitive advantages, such as to improve Providence's credit ratings and obtain more

7   favorable financing terms.  For example, in June 2014, Standard & Poor's issued a a bond rating

8   for Providence that acknowledged Providence's under-funded pension plan.  Standard & Poor's

9   noted that such risk was tempered by Providence's considerable flexibility in funding the

10   Providence Plan due to its claimed church plan status.  In its bond offerings, Providence tells

11   investors that it plans to make up its pension plan liabilities over a 20-year period, as purportedly

12   permitted by its claim of church plan status.

13        99.     Other nonprofit hospital systems which issue bonds, but which comply with

14   ERISA for their pension plans, do not have the benefit of this flexibility in funding their

15   employees' retirement plans because they must meet ERISA's minimum funding requirements.

16   Additionally, they must currently fund their plan and pay for federal pension insurance to ensure

17   that their employees' pensions are protected, or face tax penalties for their failure to do so.  For

18   example, Virginia Mason Medical Center in Seattle sponsors a defined benefit pension plan and

19   must comply with ERISA.  So too should Providence.

20        100.    The participants in Providence's purported church plan are harmed by its failure

21   to comply with ERISA's neutral regulations.  For example, they do not receive ERISA-required

22   notices and disclosures; they are not protected by ERISA's minimum-funding requirements; and

23   they do not benefit from the protections of PBGC insurance.

24   CLASS ACTION COMPLAINT
     (CASE No. _____) – Page 25

25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

101.    The principal purpose or function of Providence is *not* the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both.

102.    Providence's principal purpose is owning, leasing, or operating healthcare facilities and service providers in the states of Washington, Oregon, Montana, Alaska, and California.

**B.    The Providence Plan.**

**1.     Defendants Claim the Providence Plan is a Church Plan.**

103.    The Providence Plan is a defined benefit, cash balance pension plan that covers substantially all of Providence's employees.

104.    Providence claims the Plan is exempt from ERISA as a church plan.

105.    However, the Providence Plan was not established by a church.

106.    Providence established the Providence Plan.

107.    No church maintains the Plan.

108.    No church administers the Plan.

109.    Providence maintains the Plan.

110.    Providence has the power to continue the Plan.

111.    Providence has the power to amend the Plan.

112.    Providence has the power to terminate the Plan.

113.    Providence sponsors the Plan.

114.    Providence is the employer in relation to the Plan.

115.    The Plan is now frozen.

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

**2.      The Providence Plan Meets the Definition of an ERISA Defined Benefit Plan and is a Cash Balance Plan.**

116.      The Plan is a plan, fund, or program that was established or maintained by Providence and which by its express terms and surrounding circumstances provides retirement income to employees and/or results in the deferral of income by employees to the termination of their employment or beyond.  As such, the Plan meets the definition of "employee pension benefit plans" in ERISA section 3(2)(A), 29 U.S.C. § 1002(2)(A). The Plan does not provide for an individual account for each participant and does not provide benefits based solely upon the amount contributed to a participant's account.  As such, the Plan is a defined benefit plan within the meaning of ERISA section 3(35), 29 U.S.C. § 1002(35), and is not an individual account plan or a "defined contribution plan" within the meaning of ERISA section 3(34), 29 U.S.C. § 1002(34).

117.      The Plan is a cash balance plan because it computes accrued benefits by reference to hypothetical account balances or equivalent amounts and is therefore required to comply with the special rules for cash balance plans, including but not limited to ERISA section 203(f)(2), 29 U.S.C. § 1053(f)(2), which requires that any employee who has completed at least 3 years of service have a nonforfeitable right to 100 percent of the employee's accrued benefit derived from employer contributions. In other words, the maximum vesting period allowable for a cash balance plan is 3 years.

118.      The Providence Plan requires participants in the plan to complete 5 years of service to be vested.

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 27

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

**3. Providence Maintains Other Plans that Purport to Follow ERISA.**

119. Although Providence maintains that the Providence Plan is exempt from ERISA coverage as a church plan, it claims ERISA status for many of its other plans.

120. For example, Providence purports to follow ERISA for its 401(k) plan and welfare benefit plan.

121. Defendant Human Resources Committee is designated as the plan administrator of Providence's 401(k) retirement plan.

122. Accordingly, the same entity and individuals who administer Providence's ERISA plan (the 401(k) plan) also administer Providence's purported church plan (the Providence Plan).

123. Providence and/or its affiliates also offer other defined benefit pension plans that purport to be ERISA plans. For example, the Swedish Health Services Pension Plan is an ERISA plan.  Providence reports the Swedish Health Services Pension Plan on Providence's consolidated financial statements.

124. The Willamette Falls Hospital Pension Plan is an ERISA plan.  Providence Health & Services is the plan sponsor of the Willamette Falls Hospital Pension Plan.

125. Compliance with ERISA creates no undue, genuine burden on any religious practice of Providence, as evidenced by Providence's claimed compliance with ERISA for its 401(k) plan, welfare benefit plan, and other defined benefit pension plans.

**C. All Defendants Are Plan Administrators and/or Fiduciaries.**

**1. Nature of Plan Administrator and Fiduciary Status.**

126. **Plan Administrator.** A plan "administrator" is one who is designated as such by the terms of the instrument under which the plan is operated.  ERISA § 3(16)(A)(i), 29 U.S.C. §

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1  1002(16)(A)(i).  If an administrator is not so designated, the administrator is the plan sponsor.

2  ERISA § 3(16)(A)(ii), 29 U.S.C. § 1002(16)(A)(ii).

3      127.  **Named Fiduciaries.**  Every ERISA plan must have one or more "named

4  fiduciaries."  ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1).  The person named as the

5  "administrator" in the plan instrument is automatically a named fiduciary and, in the absence

6  of such a designation, the sponsor is the administrator. ERISA § 3(16)(A), 29 U.S.C.

7  § 1002(16)(A).

8      128.  **De Facto Fiduciaries.**  ERISA treats as fiduciaries not only persons explicitly

9  named as fiduciaries under section 402(a)(1), 29 U.S.C. § 1102(a)(1), but also any other persons

10  who in fact perform fiduciary functions.  Thus, a person is a fiduciary to the extent "(i) he

11  exercises any discretionary authority or discretionary control respecting management of such

12  plan or exercises any authority or control respecting management or disposition of its assets, (ii)

13  he renders investment advice for a fee or other compensation, direct or indirect, with respect to

14  any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii)

15  he has any discretionary authority or discretionary responsibility in the administration of such

16  plan." ERISA § 3(21)(A)(i), 29 U.S.C. § 1002(21)(A)(i).

17      129.  Each of the Defendants was a fiduciary with respect to the Plan and owed

18  fiduciary duties to the Plan and its participants and beneficiaries under ERISA in the manner and

19  to the extent set forth in the Plan's documents and/or through their conduct.

20      130.  As fiduciaries, Defendants were required by ERISA section 404(a)(1), 29 U.S.C.

21  § 1104(a)(1), to manage and administer the Plan and the Plan's investments solely in the interest

22  of the Plan's participants and beneficiaries and with the care, skill, prudence, and diligence under

23

24  CLASS ACTION COMPLAINT
    (CASE No. _____) – Page 29

25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

131.     Plaintiffs do not allege that each Defendant was a fiduciary with respect to all aspects of the Plan's management and administration.  Rather, as set forth below and in Section II(B), *supra*, Defendants were fiduciaries to the extent of the specific fiduciary discretion and authority assigned to or exercised by each of them, and, as further set forth below and in Section II(B), *supra*, the claims against each Defendant are based on such specific discretion and authority.

132.     ERISA permits fiduciary functions to be delegated to insiders without an automatic violation of the rules against prohibited transactions, ERISA § 408(c)(3), 29 U.S.C. § 1108(c)(3), but insider fiduciaries, like external fiduciaries, must act solely in the interest of participants and beneficiaries, not in the interest of the Plan sponsor.

**2.     Defendants Are Each Plan Administrators and/or ERISA Fiduciaries.**

133.     **Defendant Providence.** Providence is the employer responsible for maintaining the Plan and is, therefore, the plan sponsor of the Plan within the meaning of ERISA section 3(16)(B), 29 U.S.C. § 1002(16)(B).

134.     In the absence of a plan administrator specifically designated in or pursuant to an instrument governing the Plan, the plan sponsor of the Providence Plan is the plan administrator under ERISA section 3(16)(A)(ii), 29 U.S.C. § 1002(16)(A)(ii).  Thus, in the alternative to the individuals or entities identified herein as plan administrators, Providence is a Plan Administrator Defendant within the meaning of ERISA section 3(16)(A), 29 U.S.C. § 1002(16)(A), as well as a named fiduciary within the meaning of ERISA section 402, 29 U.S.C. § 1102.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

135.     Defendant Providence's responsibilities include fiduciary oversight of the Plan. Upon information and belief, Defendant Providence has the power to appoint, and hence to monitor and remove, the trustees of the Plan's trust.  Providence also communicates with Plan participants and beneficiaries concerning the Plan.  *See also* Section II(B)(1), *supra.*

136.     Defendant Providence is a fiduciary with respect to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercises discretionary authority or discretionary control respecting management of the Plan, exercises authority and control respecting management or disposition of the Plan's assets, and/or has discretionary authority or discretionary responsibility in the administration of the Plan.

137.     **Retirement Plans Committee Defendants.**  The terms of the instrument, or instruments, under which the Plan is operated specifically designate the Retirement Plans Committee Defendants as a plan administrator sufficient to meet the requirements of ERISA section 3(16)(A)(i), 29 U.S.C. § 1002(16)(A)(i).  As a result, each of them is a named fiduciary within the meaning of ERISA section 402, 29 U.S.C. § 1102.

138.     The Retirement Plans Committee Defendants' responsibilities include fiduciary oversight of the Plan.  They have and exercise the power to, among other things, interpret the Plan, supervise the administration of the Plan, and to control its operation.  The Retirement Plans Committee Defendants have and exercise the discretionary authority to determine eligibility for benefits and to construe the terms of the Plan.  They also have the power to delegate, and hence to monitor and remove, the Plan Director and any other fiduciary to whom responsibilities, obligations, or duties are delegated.  *See also* Section II(B)(2), *supra.*

139.     The Retirement Plans Committee Defendants are also fiduciaries with respect to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), because they

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1    exercise discretionary authority or discretionary control respecting management of the Plan,

2    exercise authority and control respecting management or disposition of the Plan's assets, and/or

3    have discretionary authority or discretionary responsibility in the administration of the Plan.

4    140.    **Plan Director Defendant.**  The terms of the instrument, or instruments, under

5    which the Plan is operated specifically designate that the Plan Director may serve as a plan

6    administrator sufficient to meet the requirements of ERISA section 3(16)(A)(i), 29 U.S.C. §

7    1002(16)(A)(i).  As a result, the Plan Director Defendant is a named fiduciary within the

8    meaning of ERISA section 402, 29 U.S.C. § 1102.

9    141.    The Plan Director Defendant's duties include, but are not limited to,

10   administration of the Plan.  The Plan Director has and exercises discretionary authority to

11   determine eligibility for benefits and to construe the terms of the Plan.  *See also* Section II(B)(3),

12   *supra.*

13   142.    Defendant Plan Director is also a fiduciary with respect to the Plan within the

14   meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), because he/she exercises

15   discretionary authority or discretionary control respecting management of the Plan, exercises

16   authority and control respecting management or disposition of the Plan's assets, and/or has

17   discretionary authority or discretionary responsibility in the administration of the Providence

18   Plan.

19   143.    **Human Resources Committee Defendants.**  The terms of the instrument, or

20   instruments, under which the Plan is operated specifically designate the Human Resources

21   Committee Defendants as a plan administrator sufficient to meet the requirements of ERISA

22   section 3(16)(A)(i), 29 U.S.C. § 1002(16)(A)(i).  As a result, each of them is a named fiduciary

23   within the meaning of ERISA section 402, 29 U.S.C. § 1102.

24

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

25

144.    By virtue of the fact that the members of the Human Resources Committee serve as voting members of the Retirement Plans Committee, the Human Resources Committee Defendants' control, authority, and responsibility is the same as that for the Retirement Plans Committee Defendants.  The Human Resources Committee Defendants have fiduciary oversight of the Plan.  They have the power and responsibility to, among other things, interpret the Plan, supervise the administration of the Plan, and control its operation.  The Human Resources Committee Defendants have the discretionary authority to determine eligibility for benefits and to construe the terms of the Plan.  They also have the power to delegate, and hence to monitor and remove, the Plan Director and any other fiduciary to whom responsibilities, obligations, or duties were delegated.  *See also* Section II(B)(4), *supra.*

145.    The Human Resources Committee Defendants are also fiduciaries with respect to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), because they exercise discretionary authority or discretionary control respecting management of the Plan, exercise authority and control respecting management or disposition of the Plan's assets, and/or have discretionary authority or discretionary responsibility in the administration of the Plan.

146.    **Defendant Rod Hochman.**  The terms of the instrument, or instruments, under which the Plan is operated specifically designate Defendant Hochman as a plan administrator sufficient to meet the requirements of ERISA section 3(16)(A)(i), 29 U.S.C. § 1002(16)(A)(i).  As a result, Defendant Hochman is a named fiduciary within the meaning of ERISA section 402, 29 U.S.C. § 1102.

147.    Defendant Hochman's responsibilities include fiduciary oversight of the Plan.  Among other things, Defendant Hochman has the power and authority to approve participation in the Plan by any entity, trade, business, or operation of Providence or any other entity that

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 33

LAW OFFICES OF
**Keller Rohrback l.l.p.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**Cohen Milstein Sellers & Toll, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

coordinates its day to day activities with Providence or its affiliates.  Defendant Hochman

appoints and removes, and hence has the power to monitor, the Plan Director, who acts as a plan

administrator and fiduciary to this Plan.  *See also* Section II(B)(5), *supra.*

148.    Defendant Hochman is also a fiduciary with respect to the Plan within the

meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), because he exercises

discretionary authority or discretionary control respecting management of the Plan, exercises

authority and control respecting management or disposition of the Plan's assets, and/or has

discretionary authority or discretionary responsibility in the administration of the Providence

Plan.

149.    **Board Defendants.**  Upon information and belief, the Board Defendants'

responsibilities include fiduciary oversight of the Providence Plan.  They have the power to

appoint and remove, and hence to monitor, the members of the Retirement Plans Committee,

which acts as a plan administrator and fiduciary to this Plan.  *See also* Section II(B)(6), *supra.*

The Board Defendants are fiduciaries with respect to the Providence Plan within the meaning of

ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), because they exercise discretionary authority

or discretionary control respecting management of the Plan, exercise authority and control

respecting management or disposition of the Plan's assets, and/or have discretionary authority or

discretionary responsibility in the administration of the Providence Plan.

150.    Plaintiffs reserve the right to amend this Complaint to name other or additional

Defendants once they have had the opportunity to conduct discovery on these issues.

**D.      The Providence Plan Is Not a Church Plan.**

151.    Providence claims the Providence Plan is a church plan under ERISA section

3(33), 29 U.S.C. § 1002(33), and the analogous section of the Internal Revenue Code ("IRC"),

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 34

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

26 U.S.C. § 414(e), and is therefore exempt from ERISA's coverage under ERISA section 4(b)(2), 29 U.S.C. § 1003(b)(2).

### 1.     A Church Plan Must Be Established by a Church, and Providence Is Not a Church.

152.     Under ERISA section 3(33)(A), a church plan is "a plan established and maintained . . . for its employees (or their beneficiaries) by a church or by a convention or association of churches which is exempt from tax under section 501 of Title 26."  ERISA § 3(33)(A), 29 U.S.C. § 1002(33)(A).  A straightforward reading of this section is that a church plan "means," and therefore by definition *must* be, "a plan established . . . by a church or convention or association of churches."

153.     The Plan is not a church plan because it was not established by a church or a convention or association of churches.

154.     The Plan was established by Providence.  Providence is not a church or a convention or association of churches, nor does it claim to be.  For example, Form 990 asks the filing organization to state whether it is, *inter alia*, a church, a school, a hospital, or an organization operated for the benefit of publicly supported organizations.  Year after year from at least 2006 to 2012, Providence did not identify itself as a church or a convention or association of churches.  Thus, by Providence's own sworn statements to the IRS, it is not a church or a convention or association of churches.  Accordingly, the Plan was not "established" by a church or by a convention or association of churches.

155.     Although portions of ERISA section 3(33)(C) address, among other matters, who can be *participants* in a church plan—in other words, which employees can be in church plans, etc.—and who can *maintain* church plans, these portions of ERISA section 3(33)(C) do not

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1  change the plain requirement of section 3(33)(A) that a church plan must be established by a

2  church.

3        **2.**      **Only Two Types of Entities May Maintain Church Plans, and Providence Is Neither.**

4  156.    Two subparts of section 3(33) of ERISA, 29 U.S.C. § 1002(33), address which

5  entities may maintain church plans:

6        A.      <u>First</u>, under section 3(33)(A) of ERISA, 29 U.S.C. § 1002(33)(A), a

7  church plan may be maintained *by a church or by a convention or association of*

8  *churches*; and

9        B.      <u>Second</u>, under section 3(33)(C)(i) of ERISA, 29 U.S.C. § 1002(33)(C)(i),

10  a church plan may be maintained by an organization, *the principal purpose or function of*

11  *which* is the administration or funding of a retirement plan, if such organization is

12  controlled by or associated with a church or convention or association of churches.

13  As noted above, both types of plans must be "established" by a church or by a convention or

14  association of churches in order to qualify as "church plans."

15  157.    The only two types of entities that may "maintain" church plans are those

16  described in ERISA sections 3(33)(A) and (C)(i). 29 U.S.C. §§ 1002(33)(A), (C)(i).  The Plan is

17  not maintained by either type of entity.

18  158.    First, the Plan is not maintained by a church or convention or association of

19  churches, as described in ERISA section 3(33)(A), 29 U.S.C. § 1002(33)(A).  As detailed above,

20  the Plan is maintained by Providence, and Providence is not a church or a convention or

21  association of churches.

22

23

24  CLASS ACTION COMPLAINT
   (CASE No. _____) – Page 36

25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

159.     Second, the Plan is not maintained by an entity described in section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i).  The Plan is not maintained by any entity whose principal purpose or function is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both.  29 U.S.C. § 1002(33)(C)(i).  The Plan is maintained by Providence, a nonprofit hospital conglomerate whose principal purpose is owning, leasing, or operating healthcare facilities and service providers in the states of Washington, Oregon, Montana, Alaska and California.  This ends any argument that the Plan could be church plan under ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i).

160.     To the extent that Providence claims that the Plan is "maintained" by an entity within Providence, such as the Plan Administrator Defendants, whose principal purpose or function is the administration or funding of a plan or program for the provision of retirement benefits of welfare benefits, the claim fails.  *See* 29 U.S.C. § 1002(33)(C)(i).

161.     The only entity with the power to "maintain" the Plan, which includes the power to continue and/or terminate the Plan, is Providence.

A.     Only Providence has the power to continue the Plan.

B.     Only Providence has the power to terminate the Plan.

162.     The Plan Administrator Defendants do not have the power to "maintain" the Plan under ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i).

A.     The Plan Administrator Defendants do not have the power to continue the plan.

B.     The Plan Administrator Defendants do not have the power to terminate the Plan.

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 37

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

163.    Even if Defendants claim that the Plan Administrator Defendants, and not Providence, "maintain" this Plan, the Plan still would not be maintained by an entity meeting the requirements of ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i), because the Plan Administrator Defendants also are not controlled by or associated with a church or a convention or association of churches within the meaning of ERISA:

A.    The Retirement Plans Committee and its members are appointed by the Board of Directors of Providence, a nonprofit hospital conglomerate.

B.    The Human Resources Committee and its members are all members of the Board of Directors of Providence, a nonprofit hospital conglomerate.  As members of the Board of Directors, they have the duty to act in the best interests of the nonprofit corporation, Providence.

C.    The Plan Director has authority delegated by the Retirement Plans Committee, and reports to the President/CEO of Providence, a layperson.

D.    Defendant Hochman, as the President/CEO of Providence, has a duty to act in the best interests of the nonprofit corporation, Providence.

E.    In carrying out their duties as Plan Administrator Defendants, they must act for the exclusive benefit of the Plan's participants and beneficiaries, not any church.

F.    Providence does not impose any denominational requirements on the Plan Administrator Defendants.

164.    Thus, any argument that the Plan is maintained by an entity described in ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i), fails.

165.    However, even if the Plan had been "established" by a church and even if the Plan were maintained by a proper entity under either ERISA section 3(33)(A) or 3(33)(C)(i), the Plan

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1  still would not qualify as a church plan because it is not maintained for the *employees of any*

2  *church or convention or association of churches*. 29 U.S.C. §§ 1002(33)(A), (C)(i).

3      166.    The approximately 73,000 participants and beneficiaries in the Plan work for

4  Providence, a nonprofit hospital conglomerate.  Providence is not a church or convention or

5  association of churches.  And its employees are not employees of a church or convention or

6  association of churches within the meaning of ERISA.

7      167.    Under ERISA section 3(33)(C)(ii), 29 U.S.C. § 1002(33)(C)(ii), however, an

8  employee of a tax exempt organization that is controlled by or associated with a church or a

9  convention or association of churches also may be considered an employee of a church.  This

10  part of the definition merely explains which employees a church plan may cover *once a valid*

11  *church plan is established.*  The Providence Plan also fails this part of the definition because

12  Providence is not controlled by or associated with a church or convention of churches within the

13  meaning of ERISA.

14      168.    Providence is not controlled by a church or convention or association of churches.

15      169.    Providence is not owned or operated by a church and does not receive funding

16  from a church.[3]  No church dictates how Providence allocates its resources.  The members of the

17  Board of Directors of Providence or its facilities are not elected by a church.  Providence does

18  not claim that any church is liable for Providence's debts or obligations.

19      170.    In addition, Providence is not "associated with" a church or convention or

20  association of churches within the meaning of ERISA.  Under ERISA section 3(33)(C)(iv), 29

21  U.S.C. § 1002(33)(C)(iv), an organization "is associated with a church or a convention or

---

[3] Notably, if Providence were "controlled by" the Roman Catholic Church, then the church would be exposed to significant potential liability stemming from medical malpractice and other legal claims related to the provision of medical care by Providence.

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 39

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

association of churches if it shares common religious bonds and convictions with that church or convention or association of churches." Providence does not share common religious bonds and convictions with a church or association of churches within the meaning of ERISA.

171.    The only two Circuit Courts that have interpreted "association" within the meaning of ERISA have applied an objective, three factor test, which evaluates: "1) whether the religious institution plays any official role in the governance of the organization; 2) whether the organization receives assistance from the religious institution; and 3) whether a denominational requirement exists for any employee or patient/customer of the organization." *Lown v. Cont'l Cas. Co.*, 238 F.3d 543, 548 (4th Cir. 2001); *Chronister v. Baptist Health*, 442 F.3d 648, 653 (8th Cir. 2006).

172.    Providence is not operated by any church, and no church plays any official role in its governance.

173.    Providence does not receive any funding from any church.

174.    Providence tells prospective employees that religious affiliation is not a factor in the recruiting and hiring of Providence employees. Providence does not require that the members of its governing Board of Directors, or the boards of its facilities, be members of a particular religion or church. Providence admits patients of all religions and faiths to its facilities. Providence does not require employees and medical staff to sign or abide by a statement of faith or religious beliefs.

175.    Providence has a practice of growing its business by adding to its network hospitals that claim no religious affiliation. Providence explicitly admits these are secular institutions and does not require them to follow any religious teaching or directive. In choosing to compete in the commercial arena of healthcare services, and to embark upon a business plan

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

that targets healthcare facilities with no claimed ties to any particular religion, or to religion generally, Providence must be willing to accept neutral regulations, such as ERISA, imposed to protect its employees' legitimate interests.

**3.     Even if the Plan Could Otherwise Qualify as a Church Plan Under ERISA Section 3(33)(A) or (C)(i), It Is Excluded from Church Plan Status Under ERISA Section 3(33)(B)(ii).**

176.    Under ERISA section 3(33)(B)(ii), 29 U.S.C. § 1002(33)(B)(ii), a plan is specifically excluded from church plan status if less than substantially all of the plan participants are members of the clergy or employed by an organization controlled by or associated with a church or convention or association of churches.  In this case, there are approximately 73,000 participants in the Plan alone, and very nearly all of them are non-clergy healthcare workers. If the approximately 73,000 participants in the Plan do not work for an organization that is controlled by or associated with a church or convention or association of churches, then even if the Plan could otherwise qualify as a church plan under ERISA section 3(33)(A) or (C)(i), 29 U.S.C. § 1002(33)(A), (C)(i), (which it cannot), it still would be foreclosed from church plan status under section 3(33)(B)(ii), 29 U.S.C. § 1002(33)(B)(ii).

177.    As set forth above, Providence is not controlled by a church or association of churches, nor does it share common religious bonds and convictions with a church or association of churches within the meaning of ERISA.

**4.     Even if the Plan Could Otherwise Qualify as a Church Plan under ERISA, the Church Plan Exemption, as Claimed By Providence, Violates the Establishment Clause of the First Amendment to the U.S. Constitution, and Is Therefore Void and Ineffective.**

178.    The church plan exemption is an accommodation for churches that establish and maintain pension plans, and it allows such plans to be exempt from ERISA.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

179.    The Establishment Clause guards against the establishment of religion by the government.  The government "establishes religion" when, among other activities, it privileges those with religious beliefs (*e.g.*, exempts them from neutral regulations) at the expense of nonadherents and/or while imposing legal and other burdens on nonmembers.  Extension of the church plan exemption to Providence, a nonprofit hospital conglomerate, privileges Providence for its claimed faith, at the expense of its employees, who are told that their faith is not relevant to their employment, yet who are then denied the benefit of insured, funded pensions, as well as many other important procedural and substantive ERISA protections, including their right to detailed information regarding their pension benefits.  Similarly, Providence, a non-church entity, has a privileged economic advantage over its competitors in the commercial arena it has chosen, based solely on Providence's claimed religious beliefs.  This too is prohibited by the Establishment Clause.  Simply put, when government provides a regulatory exemption "exclusively to religious organizations that is not required by the Free Exercise Clause and that . . . burdens nonbeneficiaries," it has endorsed religion in violation of the Establishment Clause.  *See, e.g.*, *Tex. Monthly, Inc. v. Bullock, et al.*, 489 U.S. 1, 15, 18 n.8 (1989) (plurality opinion).

180.    As set forth in more detail below in Count X, the extension of the church plan accommodation to Providence, which is not a church, violates the Establishment Clause because it is not necessary to further the stated purposes of the exemption, harms Providence workers, puts Providence competitors at an economic disadvantage, relieves Providence of no genuine religious burden created by ERISA, and creates more government entanglement with alleged religious beliefs than compliance with ERISA creates.  Accordingly, the church plan exemption, as claimed by Providence, is void and ineffective.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1

## V.    CLASS ACTION ALLEGATIONS

2      181.    Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal

3  Rules of Civil Procedure on behalf of themselves and the following class of persons similarly

4  situated: all participants and beneficiaries of the Plan.

5      182.    Excluded from the Class are any high-level executives at Providence or any

6  employees who have responsibility or involvement in the administration of the Plan, or who are

7  subsequently determined to be fiduciaries of the Plan.

8  **A.    Numerosity.**

9      183.    The exact number of Class members is unknown to Plaintiffs at this time, but may

10  be readily determined from records maintained by Providence.  Providence currently employs

11  approximately 73,000 individuals, and, upon information and belief, substantially all of these

12  individuals are participants or beneficiaries in the Plan.  Accordingly, the Class is so numerous

13  that joinder of all members is impracticable.

14      184.    Providence operates hospitals, other healthcare facilities, and corporate offices in

15  the states of Alaska, California, Montana, Oregon, and Washington.  Providence's employees

16  and, therefore, the members of the Class are geographically dispersed across at least these states.

17  **B.    Commonality.**

18      185.    Liability presents common questions of law and fact, with answers that are

19  common to all members of the Class, including (1) whether the Plan is exempt from ERISA as a

20  church plan, and, if not, (2) whether Defendants have failed to administer, fund, insure, and

21  otherwise operate the Plan in accordance with ERISA.

22      186.    The issues regarding the relief are also common to the members of the Class as

23  the relief will consist of (1) a declaration that the Plan is an ERISA-covered plan; (2) an order

24
CLASS ACTION COMPLAINT
(CASE No. _____) – Page 43

25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1   reforming the Plan, requiring that the Plan comply with the administration and funding

2   requirements of ERISA; and (3) an order requiring Defendants to pay civil penalties to the Class,

3   in the same statutory daily amount for each member of the Class.

4   **C.      Typicality.**

5          187.    Plaintiffs' claims are typical of the claims of the other members of the Class

6   because their claims arise from the same event, practice and/or course of conduct, namely

7   Defendants' failure to maintain the Plan in accordance with ERISA.  Plaintiffs' claims are also

8   typical because all Class members are similarly affected by Defendants' wrongful conduct.

9          188.    Plaintiffs' claims are also typical of the claims of the other members of the Class

10  because, to the extent Plaintiffs seek equitable relief, it will affect all Class members equally.

11  Specifically, the equitable relief sought consists primarily of (i) a declaration that the Plan is not

12  a church plan; and (ii) a declaration that the Plan is an ERISA-covered plan that must comply

13  with the administration and funding requirements of ERISA. In addition, to the extent Plaintiffs

14  seek monetary relief, it is for civil fines to the Class in the same statutory daily amount for each

15  member of the Class.

16         189.    Providence does not have any defenses unique to Plaintiffs' claims that would

17  make Plaintiffs' claims atypical of the remainder of the Class.

18  **D.      Adequacy.**

19         190.    Plaintiffs will fairly and adequately represent and protect the interests of all

20  members of the Class.

21         191.    Plaintiffs do not have any interests antagonistic to or in conflict with the interests

22  of the Class.

23

24  CLASS ACTION COMPLAINT
    (CASE No. _____) – Page 44

25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

192.     Providence has no unique defenses against the Plaintiffs that would interfere with Plaintiffs' representation of the Class.

193.     Plaintiffs have engaged counsel with extensive experience prosecuting class actions in general and ERISA class actions in particular.

**E.     Rule 23(b)(1) Requirements.**

194.     The requirements of Fed. R. Civ. P. 23(b)(1)(A) are satisfied because prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants.

195.     The requirements of Fed. R. Civ. P. 23(b)(1)(B) are satisfied because adjudications of these claims by individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede the ability of other members of the Class to protect their interests.

**F.     Rule 23(b)(2) Requirements.**

196.     The requirements of Fed. R. Civ. P. 23(b)(2) are also satisfied because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole.

**G.     Rule 23(b)(3) Requirements.**

197.     Alternatively, if the Class is not certified under Fed. R. Civ. P. 23(b)(1) or 23(b)(2), then certification under Rule 23(b)(3) is appropriate because questions of law or fact common to members of the Class predominate over any questions affecting only individual members.  The common issues of law or fact that predominate over any questions affecting only individual members include: (1) whether the Plan is exempt from ERISA as a church plan, and,

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 45

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

if not, (2) whether Defendants have failed to administer, fund, and insure the Plan in accordance with ERISA; and (3) whether the church plan exemption, as claimed by Providence, violates the Establishment Clause of the First Amendment.  A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

A.      Individual class members do not have an interest in controlling the prosecution of these claims in individual actions rather than a class action because the equitable relief sought by any Class member will either inure to the benefit of the Plan or affect each class member equally;

B.      Individual Class members also do not have an interest in controlling the prosecution of these claims because the monetary relief that they could seek in any individual action is identical to the relief that is being sought on their behalf herein;

C.      There is no other litigation begun by any other Class members concerning the issues raised in this litigation;

D.      This litigation is properly concentrated in this forum, which is where Providence is headquartered; and

E.      There are no difficulties managing this case as a class action.

## VI.     CAUSES OF ACTION

### COUNT I

**(Claim for Equitable Relief Pursuant to ERISA Section 502(a)(3) Against All Defendants)**

198.    Plaintiffs repeat and re-allege the allegations contained in all foregoing paragraphs herein.

199.    ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant or beneficiary to bring a civil action to obtain "appropriate equitable relief . . . to enforce any

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

provisions of this subchapter or the terms of the plan." Pursuant to this provision, 28 U.S.C.

§§ 2201 and 2202, and Fed. R. Civ. P. 57, Plaintiffs seek declaratory relief that the Plan is not a

church plan within the meaning of ERISA section 3(33), 29 U.S.C. § 1002(33), and thus is

subject to the provisions of Title I and Title IV of ERISA.

200.    ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), also authorizes a participant or

beneficiary to bring a civil action "(A) to enjoin any act or practice which violates any provision

of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to

redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the

plan." Pursuant to these provisions, Plaintiffs seek orders directing all Defendants to bring the

Plan into compliance with ERISA.

201.    As the Providence Plan is not a church plan within the meaning of ERISA section

3(33), 29 U.S.C. § 1002(33), and meets the definition of a pension plan under ERISA section

3(2), 29 U.S.C. § 1002(2), the Providence Plan should be declared an ERISA-covered pension

plan, and all Defendants should be ordered to bring the Providence Plan into compliance with

ERISA, including by remedying the violations set forth below.

## COUNT II

**(Claim for Violation of Reporting and Disclosure Provisions Against Defendant Providence and the Plan Administrator Defendants)**

202.    Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if

fully set forth herein.

**A.      Summary Plan Descriptions.**

203.    At no time have the Plan Administrator Defendants provided Plaintiffs or any

member of the Class with a Summary Plan Description with respect to the Plan that meets the

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

requirements of ERISA section 102, 29 U.S.C. § 1022, and the regulations promulgated thereunder.

204.     The Plan Administrator Defendants, as plan administrators, have violated ERISA section 104, 29 U.S.C. § 1024, by failing to provide Plaintiffs and members of the Class with adequate Summary Plan Descriptions.

**B.     Annual Reports.**

205.     At no time have the Plan Administrator Defendants filed an annual report with respect to the Providence Plan with the Secretary of Labor in compliance with ERISA section 103, 29 U.S.C. § 1023, or a Form 5500 and associated schedules and attachments which the Secretary has approved as an alternative method of compliance with ERISA section 103, 29 U.S.C. § 1023.

206.     The Plan Administrator Defendants, as plan administrators, have violated ERISA section 104(a), 29 U.S.C. § 1024(a), by failing to file annual reports with respect to the Plan with the Secretary of Labor in compliance with ERISA section 103, 29 U.S.C. § 1023, or Form 5500s and associated schedules and attachments that the Secretary has approved as an alternate method of compliance with ERISA section 103, 29 U.S.C. § 1023.

**C.     Summary Annual Reports.**

207.     At no time have the Plan Administrator Defendants furnished Plaintiffs or any member of the Class with a Summary Annual Report with respect to the Plan in compliance with ERISA section 104(b)(3) and regulations promulgated thereunder.  *See* 29 U.S.C. § 1024(b)(3).

208.     The Plan Administrator Defendants, as plan administrators, have violated ERISA section 104(b)(3), 29 U.S.C. § 1024(b)(3), by failing to furnish Plaintiffs or any member of the

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

Class with a Summary Annual Report with respect to the Plan in compliance with ERISA section 104(b)(3) and regulations promulgated thereunder. *See* 29 U.S.C. § 1024(b)(3).

**D.   Notification of Failure to Meet Minimum Funding.**

209.   At no time has Defendant Providence furnished Plaintiffs or any member of the Class with a Notice with respect to the Plan pursuant to ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(1), informing them that Providence had failed to make the payments required to comply with ERISA section 302, 29 U.S.C. § 1082, with respect to the Plan.

210.   Defendant Providence has been the employer that established and/or maintained the Plan.

211.   At no time has Defendant Providence funded the Plan in accordance with ERISA section 302, 29 U.S.C. § 1082.

212.   As the employer maintaining the Providence Plan, Defendant Providence has violated ERISA section 302, 29 U.S.C. § 1082, by failing to fund the Plan, is liable for its own violations of ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(1), and as such may be required by the Court to pay Plaintiffs and each class member up to $110 per day (as permitted by ERISA section 502(c)(3), 29 U.S.C. § 1132(c)(3), *amended by* 29 C.F.R. § 2575.502c-3) for each day that Defendant has failed to provide Plaintiffs and each Class member with the notice required by ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(1).

**E.   Funding Notices.**

213.   At no time have the Plan Administrator Defendants furnished Plaintiffs or any member of the Class with a Funding Notice with respect to the Plan pursuant to ERISA section 101(f), 29 U.S.C. § 1021(f).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

214.     Because the Plan Administrator Defendants have been the plan administrator of the Plan at all relevant times, they have violated ERISA section 101(f) by failing to provide each participant and beneficiary of the Providence Plan with the Funding Notice required by ERISA section 101(f), and as such may be required by the Court to pay Plaintiffs and each class member up to $110 per day (as permitted by ERISA section 502(c)(1), 29 U.S.C. § 1132(c)(1), *amended by* 29 C.F.R. § 2575.502c-1), for each day that Defendant has failed to provide Plaintiffs and each Class member with the notice required by ERISA section 101(f).  *See* 29 U.S.C. § 1021(f).

**F.     Pension Benefit Statements.**

215.     At no time have the Plan Administrator Defendants furnished Plaintiffs or any member of the Class with a Pension Benefit Statement with respect to the Plan pursuant to ERISA section 105(a)(1), 29 U.S.C. § 1025(a)(1).

216.     Because the Plan Administrator Defendants have been the plan administrator of the Plan at all relevant times, they have violated ERISA section 105(a)(1) and as such may be required by the Court to pay Plaintiffs and each class member up to $110 per day (as permitted by ERISA section 502(c)(1), 29 U.S.C. § 1132(c)(1), *amended by* 29 C.F.R. § 2575.502c-1), for each day that Defendant has failed to provide Plaintiffs and each Class member with the Pension Benefit Statements required by ERISA section 105(a)(1).  29 U.S.C. § 1025(a)(1).

**COUNT III**

**(Claim for Failure to Provide Minimum Funding, Including by Failing to Comply with ERISA Funding Rules, Against Defendant Providence)**

217.     Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

218.     ERISA section 302, 29 U.S.C. § 1082, prescribes standards for the funding of defined benefit pension plans like the Plan. These minimum funding standards require each plan

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

to hold assets equal in value to the plan's "funding target," 29 U.S.C. §§ 1082, 1083, which is a measure of the present value of plan liabilities calculated according to prescribed actuarial assumptions and methods.  29 U.S.C. § 1083(d). To ensure that plan assets remain equal to this "funding target," ERISA requires an employer to make annual plan contributions sufficient to cover the costs of benefits accrued each year plus a seven-year amortization of any funding shortfalls from previous years.  29 U.S.C. § 1083(a).

219.    Providence was responsible for making the contributions that should have been made pursuant to ERISA section 302, 29 U.S.C. § 1082, at a level commensurate with that which would be required under ERISA.

220.    Providence failed to establish, implement, or enforce a funding policy consistent with the requirements of ERISA sections 302 and 303, 29 U.S.C. §§ 1082, 1083.

221.    For example, Providence tells investors that it plans to make up its pension plan liabilities over a period of 20 years, whereas ERISA allows amortization of unfunded plan liabilities over a maximum period of only seven years. ERISA § 303(c)(1), 29 U.S.C. § 1083(c)(1).

222.    Providence also has failed to make contributions in satisfaction of the minimum funding standards of ERISA section 302, 29 U.S.C. § 1082. Providence's own accounting statements indicate that the Plan is under-funded. However, as Defendants have failed to disclose to plan participants ERISA-required information regarding the funded status of the plan—calculated according to ERISA-mandated assumptions and principles—Plaintiffs lack information regarding the full extent to which the Plan is under-funded.

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 51

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

223.    By failing to make the required contributions to the Plan, either in whole or in

partial satisfaction of the minimum funding requirements established by ERISA section 302,

Defendant Providence has violated ERISA section 302.  *See* 29 U.S.C. § 1082.

## COUNT IV

**(Claim for Failure to Establish the Plan Pursuant to a Written Instrument Meeting the Requirements of ERISA Section 402 Against Defendant Providence)**

224.    Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if

fully set forth herein.

225.    ERISA section 402, 29 U.S.C. § 1102, provides that every plan must be

established pursuant to a written instrument which will provide, among other things, "for one or

more named fiduciaries who jointly or severally shall have authority to control and manage the

operation and administration of the plan" and will "provide a procedure for establishing and

carrying out a funding policy and method consistent with the objectives of the plan and the

requirements of [Title I of ERISA]."

226.    Although the benefits provided by the Plan were described to the employees and

retirees of Providence (and/or its affiliates and subsidiaries) in various written communications,

the Plan has never been established pursuant to a written instrument meeting the requirements of

ERISA section 402, 29 U.S.C. § 1102.

227.    Defendant Providence violated ERISA section 402 by failing to promulgate

written instruments in compliance with ERISA section 402 to govern the Plan's operations and

administration.  *See* 29 U.S.C. § 1102.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

## COUNT V

**(Claim for Failure to Establish a Trust Meeting the Requirements of ERISA Section 403 Against Defendant Providence)**

228.    Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

229.    ERISA section 403, 29 U.S.C. § 1103, provides, subject to certain exceptions not applicable here, that all assets of an employee benefit plan shall be held in trust by one or more trustees, that the trustees shall be either named in the trust instrument or in the plan instrument described in ERISA section 402(a), 29 U.S.C. § 1102(a), or appointed by a person who is a named fiduciary.

230.    Although the Plan's assets have been held in trust, the trust does not meet the requirements of ERISA section 403, 29 U.S.C. § 1103.

231.    Defendant Providence violated section 403 by failing to put the Plan's assets in trust in compliance with ERISA section 403.  *See* 29 U.S.C. § 1103.

## COUNT VI

**(Claim for Civil Money Penalty Pursuant to ERISA Section 502(a)(1)(A) Against Providence and the Plan Administrator Defendants)**

232.    Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

233.    ERISA section 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), provides that a participant may bring a civil action for the relief provided in ERISA section 502(c), 29 U.S.C. § 1132(c).

234.    ERISA section 502(c)(3), 29 U.S.C. § 1132(c)(3), *amended by* 29 C.F.R. § 2575.502c-3, provides that an employer maintaining a plan who fails to meet the notice

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1  requirement of ERISA section 101(d), 29 U.S.C. § 1021(d), with respect to any participant and

2  beneficiary may be liable for up to $110 per day from the date of such failure.

3  235.   ERISA section 502(c)(1), 29 U.S.C. § 1132(c)(1), *amended by* 29 C.F.R. §

4  2575.502c-1, provides that an administrator of a defined benefit pension plan who fails to meet

5  the notice requirement of ERISA section 101(f), 29 U.S.C. § 1021(f), with respect to any

6  participant and beneficiary may be liable for up to $110 per day from the date of such failure.

7  236.   ERISA section 502(c)(1), 29 U.S.C. § 1132(c)(1), *amended by* 29 C.F.R. §

8  2575.502c-1, provides that an administrator of a defined benefit pension plan who fails to

9  provide a Pension Benefit Statement at least once every three years to a participant with a

10  nonforfeitable accrued benefit who is employed by the employer maintaining the plan at the time

11  the statement is to be furnished as required by ERISA section 105(a), 29 U.S.C. § 1025(a), may

12  be liable for up to $110 per day from the date of such failure.

13  237.   Providence, as the employer, has failed to give the notices required by ERISA

14  section 101(d), 29 U.S.C. § 1021(d), as set forth in Count II Subpart D.  Thus, Defendant

15  Providence is liable to the Plaintiffs and each member of the Class in an amount up to $110 per

16  day from the date of such failures until such time that notices are given and the statement is

17  provided, as the Court, in its discretion, may order.

18  238.   As the Plan Administrator Defendants have been the plan administrator of the

19  Plan and have failed to give the notices required by ERISA section 101(f), 29 U.S.C. § 1021(f),

20  and the Pension Benefit Statement required by ERISA section 105(a), 29 U.S.C. § 1025(a), as set

21  forth in Count II Subparts E & F, those Defendants are liable to the Plaintiffs and each member

22  of the Class in an amount up to $110 per day from the date of such failures until such time that

23  notices are given and the statement is provided, as the Court, in its discretion, may order.

24  CLASS ACTION COMPLAINT
    (CASE No. _____) – Page 54

25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1

## COUNT VII

2

### (Claim for Breach of Fiduciary Duty Against All Defendants)

3      239.    Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if

4   fully set forth herein.

5      240.    Plaintiffs bring this Count VII for breach of fiduciary duty pursuant to ERISA

6   section 502(a)(2), 29 U.S.C. § 1132(a)(2).

7   **A.      Breach of the Duty of Prudence and Loyalty – Against All Defendants.**

8      241.    ERISA section 404(a)(1), 29 U.S.C. § 1104(a)(1), provides in pertinent part that a

9   fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants

10  and beneficiaries and –

11      (A)     for the exclusive purpose of:

12          (i)      providing benefits to participants and beneficiaries; and

13          (ii)     defraying reasonable expenses of administering the plan;

14      (B)     with the care, skill, prudence and diligence under the circumstances then
         prevailing that a prudent man acting in a like capacity and familiar with such
15          matters would use in the conduct of an enterprise of a like character and with like
         aims . . . [and]

16      (C)     in accordance with the documents and instruments governing the plan
         insofar as such documents and instruments are consistent with the provisions of
17          this [title I] and title IV [of ERISA].

18  29 U.S.C. § 1104(a)(1).

19      242.    As fiduciaries with respect to the Plan, Defendants had the authority to enforce

20  each provision of ERISA alleged to have been violated in the foregoing paragraphs pursuant to

21  ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3).  Having the authority to enforce the provisions

22  of ERISA at those respective times, ERISA sections 404(a)(1)(A)-(D), 29 U.S.C. §§

23  1104(a)(1)(A)-(D), imposed on Defendants the respective duty to enforce those provisions in the

24
25

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 55

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1    interest of the participants and beneficiaries of the Providence Plan during the times that each

2    was a fiduciary of the Providence Plan.

3         243.    Defendants have never enforced any of the provisions of ERISA set forth in

4    Counts I-V with respect to the Plan.

5         244.    By failing to enforce the provisions of ERISA set forth in Counts I-V, Defendants

6    breached the fiduciary duties that they owed to Plaintiffs and the Class.

7         245.    The failure of Defendants to enforce the funding obligations owed to the Plan has

8    resulted in a loss to the Plan equal to the foregone funding and earnings thereon, and profited

9    Defendant Providence by providing it the use of money owed to the Plan for its general business

10   purposes.

11   **B.    Prohibited Transactions – Against All Defendants.**

12        246.    ERISA section 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits a fiduciary

13   with respect to a plan from directly or indirectly causing a plan to extend credit to a party in

14   interest, as defined in ERISA section 3(14), 29 U.S.C. § 1002(14), if he or she knows or should

15   know that such transaction constitutes an extension of credit to a party in interest.

16        247.    ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits a fiduciary

17   with respect to a plan from directly or indirectly causing a plan to use assets for the benefit of a

18   party in interest, if he or she knows or should know that such transaction constitutes a use of plan

19   assets for the benefit of a party in interest.

20        248.    ERISA section 406(b)(1), 29 U.S.C. § 1106(b)(1), prohibits the use of plan assets

21   by a fiduciary with respect to a plan in his or her own interest or for his or her own account.

22

23

24   CLASS ACTION COMPLAINT
     (CASE No. _____) – Page 56

25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

249.    The Plan Administrator Defendants and Board Defendants at all relevant times were parties in interest with respect to the Plan pursuant to ERISA section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A), (C).

250.    Providence, as an employer of employees covered by the Plan, at all relevant times was a party in interest with respect to the Plan pursuant to ERISA section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A), (C).

251.    By failing to enforce the funding obligations created by ERISA and owed to the Plan, Defendants extended credit from the Plan to Providence in violation of ERISA section 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), when Defendants knew or should have known that their failure to enforce the funding obligation constituted such an extension of credit.

252.    By failing to enforce the funding obligations created by ERISA and owed to the Plan, Defendants used the Plan's assets for Providence's own benefit, when Defendants knew or should have known that their failure to enforce the funding obligations constituted such a use of the Plan's assets, in violation of ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

253.    By failing to enforce the funding obligations created by ERISA and owed to the Plan, Defendants used the Plan's assets in Providence's interest in violation of ERISA section 406(b)(1), 29 U.S.C. § 1106(b)(1).

254.    The failure of Defendants to enforce the funding obligations owed to the Plan has resulted in a loss to the Plan equal to the foregone funding and earnings thereon.

255.    The failure of Defendants to enforce the funding obligations owed to the Plan has profited Defendant Providence by providing it the use of money owed to the Plan for its general business purposes.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

1

2

### COUNT VIII

**(Claim for Breach of Fiduciary Duty to Monitor Performance of
Other Fiduciaries Against the Monitoring Defendants)**

256.     Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs

as if fully set forth herein.

257.     During the Class Period, the Monitoring Defendants were named fiduciaries

pursuant to ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), or de facto fiduciaries within the

meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), or both.  Thus, they were bound by the

duties of loyalty, exclusive purpose, and prudence set forth in ERISA sections 404(a)(1)(A) and

(B), 29 U.S.C. §§ 1104(a)(1)(A), (B), including the duty to monitor the performance of other

fiduciaries which they had the responsibility to appoint and remove.

258.     In the case of Providence, these duties included the duty to monitor the trustees of

the Plan's trust, as Providence appoints these individuals.

259.     In the case of the Retirement Plans Committee Defendants and the Human

Resources Committee Defendants, these duties included the duty to monitor the Plan Director

Defendant and any other person or subcommittee to whom the members of these committees

delegated or allocated Plan responsibilities, obligations, and duties.  Additionally, the Retirement

Plans Committee Defendants and the Human Resources Committee Defendants all had the duty

to monitor Defendant Hochman, as Defendant Hochman reports to the members of these

committees on Plan administration matters.

260.     With respect to the Board Defendants, their duties included the duty to monitor

the Retirement Plans Committee Defendants, since they have the power to designate, appoint,

and remove the members of the Retirement Plans Committee.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

261.    Defendant Hochman's duties included the duty to monitor the Plan Director Defendant, since Defendant Hochman, as the President and CEO of Providence, appointed the Plan Director Defendant and also received reports from him/her.

262.    Under ERISA, a monitoring fiduciary must ensure that the monitored fiduciaries are performing their fiduciary obligations, including those with respect to the investment and holding of plan assets, making sure the Plan is adequately funded under ERISA and complies with ERISA's funding rules, and providing ERISA-required notices and disclosures, and must take prompt and effective action to protect the plan and participants when they are not.

263.    The monitoring duty further requires that appointing fiduciaries have procedures in place so that they may review and evaluate, on an ongoing basis, whether the "hands-on" fiduciaries and the appointing fiduciaries whom they appoint are doing an adequate job (for example, by requiring periodic reports on their work and the plan's performance and by ensuring that they have a prudent process for obtaining the information and resources they need).  In the absence of a viable process for monitoring their appointees, the appointing fiduciaries would have no basis for prudently concluding that their appointees were faithfully and effectively performing their obligations to plan participants or for deciding whether to retain or remove them.

264.    Furthermore, a monitoring fiduciary must provide the monitored fiduciaries with the complete and accurate information in his or her possession that he or she knows or reasonably should know that the monitored fiduciaries must have in order to prudently manage the plan, including decisions regarding plan investments, adequate funding of the plan, and policies for funding the plan.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

265.     The Monitoring Defendants breached their fiduciary monitoring duties by, among other things: (a) failing to appoint persons who would run the Plan as an ERISA plan; (b) failing to ensure that the monitored fiduciaries appreciated the true extent of the harm to employees of not running the Plan as an ERISA Plan; (c) to the extent any appointee lacked such information, failing to provide complete and accurate information to all of their appointees such that they could make sufficiently informed fiduciary decisions with respect to the Plan; (d) failing to appoint persons who would provide ERISA-required notices and disclosures; (e) failing to appoint persons who would ensure that the Plan was adequately funded and had appropriate funding policies in place in accordance with ERISA; and (d) failing to remove appointees whose performance was inadequate in that they continued to run the Plan as a non-ERISA Plan, and who breached their fiduciary duties under ERISA.

266.     The failure of the Monitoring Defendants to enforce the funding obligations owed to the Plan has resulted in a loss to the Providence Plan equal to the foregone funding and earnings thereon, and profited Defendant Providence by providing it the use of money owed to the Providence Plan for its general business purposes.

## COUNT IX

### (Claim for Co-Fiduciary Liability Against All Defendants)

267.     Plaintiffs re-allege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

268.     This Count alleges co-fiduciary liability against all Defendants.

269.     As alleged above, all Defendants were named fiduciaries pursuant to ERISA section 402(a)(1), 29 U.S.C. § 1102(a)(1), or de facto fiduciaries within the meaning of ERISA

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 60

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

section 3(21)(A), 29 U.S.C. § 1002(21)(A), or both.  Thus, they were bound by the duties of loyalty, exclusive purpose, and prudence.

270.    ERISA section 405(a), 29 U.S.C. § 1105(a), imposes liability on a fiduciary, in additon to any liability which he may have under any other provision, for a breach of fiduciary responsibility of another fiduciary with respect to the same plan if he knows of a breach and fails to remedy it, knowingly participates in a breach, or enables a breach.  Defendants breached all three provisions.

271.    **Knowledge of a Breach and Failure to Remedy.**  ERISA section 405(a)(3), 29 U.S.C. § 1105(a)(3), imposes co-fiduciary liability on a fiduciary for a fiduciary breach by another fiduciary if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.  Each of the Defendants knew of the breaches by the other fiduciaries and made no efforts, much less reasonable ones, to remedy those breaches.

272.    Because Defendants knew that the Plan was not being run as an ERISA plan, Defendants knew that the other Defendants were breaching their duties by not complying with ERISA.  Defendants failed to undertake any effort to remedy these breaches, and thus they are each liable for the breaches.

273.    **Knowing Participation in a Breach.**  ERISA section 405(a)(1), 29 U.S.C. § 1105(a)(1), imposes liability on a fiduciary for a breach of fiduciary responsibility of another fiduciary with respect to the same plan if they participate knowingly in, or knowingly undertake to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach.

274.    All Defendants knew the respective failures of each other Defendant in failing to comply with the provisions of ERISA as alleged above.  Each Defendant knew that the Plan was

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

not being operated, maintained, or administered as an ERISA Plan; that the Plan did not comply

with ERISA's minimum funding requirements and was under-funded; that participants and

beneficiaries in the Plan were not receiving ERISA-required notices and disclosures; that

Providence was not paying premiums to the PBGC to insure the Plan; and/or that the written

instrument and trust agreement for the Plan did not comply with ERISA.  Defendants knowingly

participated in such actions or omissions of each other fiduciary, knowing that such acts or

omissions were breaches of ERISA's requirements.

275.    **Enabling a Breach.**  ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2), imposes

liability on a fiduciary if by failing to comply with ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1),

in the administration of the specific responsibilities which give rise to their status as a fiduciary,

they have enabled another fiduciary to commit a breach.

276.    Each of the Defendants failed to, among other things: (1) take action to operate,

maintain, and/or administer the Plan as an ERISA Plan; (2) ensure that ERISA-required notices

and disclosures were provided, PBGC insurance premiums were paid, the written instrument

governing the Plan and the trust complied with ERISA, and the Plan complied with ERISA

minimum funding requirements and was not under-funded; (3) report out to the other fiduciaries

that such violations of ERISA were occurring; (4) take any remedial action to bring the Plan into

compliance with ERISA.  By virtue of these failures, each fiduciary enabled the other fiduciaries

to commit a breach.

277.    The failure of the Monitoring Defendants to monitor the fiduciaries to whom they

had the power to delegate responsibilities, appoint, and/or remove, enabled each of those

fiduciaries to breach their duties.

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 62

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

278.    The failure of the Plan Director to report to Defendant Hochman, the Retirement Plans Committee, and/or the Human Resources Committee that the Plan was not being operated as an ERISA Plan, and/or the failure of the Plan Director to take any action to ensure that the Plan was being operated in compliance with ERISA, enabled the other Defendants to commit breaches.

279.    The failure of Defendant Hochman to report to the Retirement Plans Committee, Human Resources Committee, and/or Providence itself that the Plan was not being operated as an ERISA Plan, and/or Defendant Hochman's failure to take any action to ensure that the Plan was operated in compliance with ERISA, enabled the other Defendants to commit breaches.

280.    Providence's under-funding of the Plan, failure to comply with ERISA's minimum funding rules, failure to provide notices of under-funding, and failure to demand that the Plan Administrator Defendants provide funding notices or that the Plan be operated in accordance with ERISA enabled the other Defendants to commit breaches.

281.    As a direct and proximate result of the breaches of fiduciary and co-fiduciary duties alleged herein, the Plan is currently under-funded, meaning that the Plan does not have sufficient assets to pay all accrued benefits it has promised to its participants and beneficiaries and is legally obligated to pay under ERISA.

282.    The failure of Defendants to enforce the funding obligations owed to the Plan has resulted in a loss to the Providence Plan equal to the foregone funding and earnings thereon, and profited Defendant Providence by providing it the use of money owed to the Providence Plan for its general business purposes.

283.    Pursuant to ERISA sections 409, 502(a)(2)-(3), 29 U.S.C. §§ 1109, 1132(a)(2)-(3), all Defendants are liable to restore the losses to the Plan, which are the result of their

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 63

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

breaches of fiduciary duties alleged in this Count, and to provide other equitable relief as appropriate.

## COUNT X

**(Claim for Declaratory Relief that the Church Plan Exemption Violates the Establishment Clause of the First Amendment to the U.S. Constitution, and is Therefore Void and Ineffective Against Defendant Providence)**

284.     Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

285.     The ERISA church plan exemption is an accommodation that exempts churches and associations of churches, under certain circumstances, from compliance with ERISA.

286.     The ERISA church plan exemption, as claimed by Providence, is an attempt to extend the accommodation beyond churches and associations of churches to Providence—a nonprofit hospital conglomerate that has chosen to compete with commercial businesses, including other nonprofit hospitals as well as for-profit hospitals, by entering the economic arena and offering services in the marketplace.  Extension of the church plan exemption to Providence violates the Establishment Clause because it (A) is not necessary to further the stated purposes of the exemption; (B) harms Providence workers; (C) puts Providence competitors at an economic disadvantage; (D) relieves Providence of no genuine religious burden created by ERISA; and (E) creates more government entanglement with alleged religious beliefs than compliance with ERISA creates.

287.     **Not Necessary to Further Stated Purpose.** Congress enacted the church plan exemption to avoid "examination of books and records . . . an unjustified invasion of the confidential relationship . . . with regard to churches and their religious activities."  S. Rep. No. 93-383 (1972), *reprinted in* 1974 U.S.C.C.A.N. 4889, 4965.  This purpose has no application to

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Providence, which is neither run by nor intimately connected to any church financially.  And, unlike a church, Providence has no confidential books and records to shield from government scrutiny.  Providence already purports to disclose all material financial records and relationships when it seeks Medicare and Medicaid reimbursements and issues tax exempt bonds.

288.   **Harms Workers.**  Employers, including Providence, legally are not required to provide pensions; instead, they choose to provide pensions in order to reap tax rewards and attract and retain employees in a competitive labor market.  Providence tells prospective employees that any choice of faith, or lack thereof, is not a factor in the recruiting and hiring of Providence employees.  Thus, as a practical matter, and by Providence's own design, its pension plan participants include people of a vast number of divergent faiths, as well as those who belong to no faith.  In choosing to recruit and hire from the public at large, Providence must be willing to accept neutral regulations, such as ERISA, imposed to protect those employees' legitimate interests.  To be constitutional, an accommodation such as the church plan exemption must not impose burdens on non-adherents without due consideration of their interests.  The church plan exemption, as claimed by Providence, places its tens of thousands of longtime employees' justified reliance on their pension benefits at great risk, including because the Plan is uninsured, under-funded, and does not comply with ERISA's minimum funding rules.  In addition, Providence fails to provide the multitude of other ERISA protections designed to safeguard the pensions.  The church plan exemption, as claimed by Providence, provides no consideration of the harm that it causes for Providence's employees.

289.   **Puts Providence's Competitors at Economic Disadvantage.**  Providence's commercial rivals face material disadvantages in their competition with Providence because the rivals must use their current assets to fully fund, insure (through premiums to the PBGC), and

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 65

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

administer their pension plans, as well as provide the other ERISA protections.  In claiming that the Plan is an exempt church plan, Providence enjoys a material competitive advantage because it is able to divert significant cash, which otherwise would be required to fund, insure (through premiums to the PBGC), and administer the Plan, to its competitive growth strategy.  To be constitutional, an accommodation such as the church plan exemption must take adequate account of harm to nonbeneficiaries.  The church plan exemption, as applied by Providence, provides no consideration of the disadvantage it creates for Providence's competitors.

290.  **Relieves No Genuine Religious Burden Imposed by ERISA.**  An exemption exclusively for religion must alleviate a significant, state-imposed interference with religious exercise.  The church plan exemption, as claimed by Providence, responds to no genuine burden created by ERISA on any Providence religious practice.  ERISA is materially indistinguishable from the array of neutral Congressional enactments that do not significantly burden religious exercise when applied to commercial activities.  Moreover, Providence maintains multiple separate ERISA-governed retirement plans, including the 401(k) Plan and other defined benefit pension plans, which is further evidence that ERISA creates no undue burden on any genuine religious practice of Providence.

291.  **Creates Government Entanglement with Alleged Religious Beliefs.**  A Providence exemption requires courts and agencies to examine unilateral religious "convictions" of a non-church entity and determine if they are "shared" with a church, in the absence of any actual church responsible for the pensions.  This creates entanglement between government and putative religious beliefs.  ERISA compliance, on the other hand, requires zero entanglement with religion for Providence because ERISA is a neutral statute that regulates pension protections, and Providence has no relevant confidential books, records or relationships.  Thus an

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

extension of the church plan exemption to Providence produces state entanglement with alleged religious beliefs while compliance with ERISA creates no meaningful state entanglement with alleged religious beliefs.

292.     Plaintiffs seek a declaration by the Court that the church plan exemption, as claimed by Providence, is an unconstitutional accommodation under the Establishment Clause of the First Amendment to the U.S. Constitution, and is therefore void and ineffective.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against the Defendants on all claims and request that the Court award the following relief:

A.       Declaring that the Plan is an employee pension benefit plan within the meaning of ERISA section 3(2), 29 U.S.C. § 1002(2); is a defined benefit pension plan within the meaning of ERISA section 3(35), 29 U.S.C. § 1002(35); and is not a church plan within the definition of section 3(33) of ERISA, 29 U.S.C. § 1002(33).  Ordering Providence and the other Defendants to reform the Plan to bring it into compliance with ERISA and to have the Plan comply with ERISA, including as follows:

1.       Revising the Plan's documents to reflect that the Plan is a defined benefit plan regulated by ERISA.

2.       Requiring Providence to fund the Plan in accordance with ERISA's funding requirements, disclose required information to the Plan participants and beneficiaries, and otherwise comply with all other reporting, vesting, and funding requirements of Parts 1, 2 and 3 of Title I of ERISA, 29 U.S.C. §§ 1021-31, 1051-61, 1081-85.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

3.     Reforming the Plan to comply with ERISA's vesting and accrual requirements, and providing benefits in the form of a qualified joint and survivor annuity.

4.     Requiring the adoption of an instrument governing the Plan that complies with ERISA section 402, 29 U.S.C. § 1102.

5.     Requiring Defendants to comply with ERISA reporting and disclosure requirements, including by filing Form 5500 reports, distributing ERISA-compliant Summary Plan Descriptions, Summary Annual Reports and Participant Benefit Statements, and providing Notice of the Providence Plan's funding status and deficiencies.

6.     Requiring the establishment of a Trust in compliance with ERISA section 403, 29 U.S.C. § 1103.

B.     Requiring Providence, as a fiduciary of the Plan, to make the Plan whole for any losses and disgorge any Providence profits accumulated as a result of fiduciary breaches.

C.     Requiring Defendants, as fiduciaries and co-fiduciaries of the Plan, to make the Plan whole for any losses to the Plan and to provide other equitable relief as appropriate.

D.     Appointing an Independent Fiduciary to hold the Plan's assets in trust, to manage and administer the Plan and its assets, and to enforce the terms of ERISA.

E.     Requiring Providence to pay a civil money penalty of up to $110 per day to Plaintiffs and each Class member for each day it failed to inform Plaintiffs and each Class member of its failure to properly fund the Plan.

F.     Requiring Providence and/or the Plan Administrator Defendants to pay a civil money penalty of up to $110 per day to Plaintiffs and each Class member for each day they failed to provide Plaintiffs and each Class member with a Funding Notice.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

G.    Requiring Providence and/or the Plan Administrator Defendants to pay a civil money penalty of up to $110 per day to Plaintiffs and each Class member for each day they failed to provide a benefit statement under ERISA section 105(a)(1)(B), 29 U.S.C. § 1025(a)(1)(B).

H.    Ordering declaratory and injunctive relief as necessary and appropriate, including enjoining the Defendants from further violating the duties, responsibilities, and obligations imposed on them by ERISA, with respect to the Plan.

I.    Declaring, with respect to Count X, that the church plan exemption, as claimed by Providence, is an unconstitutional accommodation under the Establishment Clause of the First Amendment to the U.S. Constitution, and is therefore void and ineffective.

J.    Awarding to Plaintiffs attorneys' fees and expenses as provided by the common fund doctrine, ERISA section 502(g), 29 U.S.C. § 1132(g), and/or other applicable doctrine.

K.    Awarding to Plaintiffs taxable costs pursuant to ERISA section 502(g), 29 U.S.C. § 1132(g), 28 U.S.C. § 1920, and other applicable law.

L.    Awarding to Plaintiffs pre-judgment interest on any amounts awarded pursuant to law.

M.    Awarding, declaring or otherwise providing Plaintiffs and the Class all relief under ERISA section 502(a), 29 U.S.C. § 1132(a), or any other applicable law, that the Court deems proper.

DATED this 7th day of November, 2014.

KELLER ROHRBACK L.L.P.

By s/ Lynn Lincoln Sarko
       s/ Erin M. Riley
       s/ Laura Gerber

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 69

LAW OFFICES OF
**Keller Rohrback l.l.p.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**Cohen Milstein Sellers & Toll, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

s/ Havila Unrein
Lynn Lincoln Sarko, WSBA #16569
Erin M. Riley, WSBA #30401
Laura Gerber, WSBA #34981
Havila Unrein, WSBA #40881
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Tel: (206) 623-1900
Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com
Email:  eriley@kellerrohrback.com
Email:  lgerber@kellerrohrback.com
Email: hunrein@kellerrohrback.com

KELLER ROHRBACK L.L.P.

By s/ Ron Kilgard
Ron Kilgard
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248- 2822
Email:  rkilgard@kellerrohrback.com

COHEN MILSTEIN SELLERS & TOLL,
PLLC.

By
s/ Karen L. Handorf
s/ Michelle Yau
Karen Handorf
Michelle Yau
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Tel: (202) 408-4600
Fax: (202) 408-4699
Email:  khandorf@cohenmilstein.com
Email:  myau@cohenmilstein.com

***Attorneys for Plaintiffs***

CLASS ACTION COMPLAINT
(CASE No. _____) – Page 70

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600