1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

LINDA GRIFFITH and JEANETTE WENZL,
on behalf of themselves, individually, and on
behalf of the Providence Health & Services
Cash Balance Retirement Plan,

                                Plaintiffs,

     v.

PROVIDENCE HEALTH & SERVICES;
RETIREMENT PLANS COMMITTEE;
ELLEN WOLF; JOHN and JANE DOES 1-20,
inclusive, MEMBERS OF THE RETIREMENT
PLANS COMMITTEE; JOHN or JANE DOE
21, PLAN DIRECTOR; HUMAN
RESOURCES COMMITTEE OF THE BOARD
OF DIRECTORS; JOHN and JANE DOES 22-
40, inclusive, MEMBERS OF THE HUMAN
RESOURCES COMMITTEE OF THE BOARD
OF DIRECTORS; ROD HOCHMAN; BOARD
OF DIRECTORS OF PROVIDENCE HEALTH
& SERVICES; MICHAEL HOLCOMB;
CHAUNCEY BOYLE; ISIAAH CRAWFORD;
MARTHA DIAZ ASZKENAZY; PHYLLIS
HUGHES; SALLYE LINER; KIRBY
McDONALD; DAVE OLSEN; AL PARRISH;
CAROLINA REYES; PETER J. SNOW;
MICHAEL A. STEIN; CHARLES WATTS;
BOB WILSON; JOHN and JANE DOES 41-50,
inclusive,

                                Defendants.

No. 2:14-cv-01720-JCC

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT

NOTE ON MOTION CALENDAR:
NOVEMBER 11, 2016

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC)

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND ................................................................................................. 2

    A. Procedural History & Settlement Negotiations ..................................... 2

    B. Overview of the Settlement Agreement ................................................. 5

        1. Monetary Consideration ................................................................ 5

        2. Non-Monetary Equitable Consideration. ...................................... 5

        3. Other Equitable Consideration. .................................................... 6

        4. Class. ............................................................................................. 6

        5. Released Claims. ........................................................................... 6

        6. Notice. ........................................................................................... 7

        7. Attorneys' Fees and Expenses. ..................................................... 7

    C. Reasons for the Settlement ................................................................... 7

III. DISCUSSION .................................................................................................... 8

    A. The Proposed Settlement Meets the Standards for Approval under
       Rule 23. ................................................................................................. 8

        1. The Proposed Settlement Is the Result of an Arm's-Length
           Negotiation and Therefore Satisfies the Procedural
           Component for Preliminary Approval. ......................................... 9

        2. The Proposed Settlement Agreement Is Fair, Reasonable,
           and Adequate and Therefore Satisfies the Substantive
           Component for Preliminary Approval. ....................................... 10

           a. Plaintiffs' Case Is Strong, But Not Without Risk. ...................... 10

           b. The Risk, Expense, Complexity, and Duration of
              Further Litigation Weighs in Favor of Approval. ....................... 11

           c. The Risk of Maintaining Class Action Status
              Throughout the Trial Favors Approval. ...................................... 12

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - i

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

|   |   | d. | The Amount Offered in Settlement Weighs in Favor of Approval. ........................................................ 13 |
|   |   | e. | The Extent of Discovery Completed and the State of Proceedings Weigh in Favor of Approval. ................. 14 |
|   |   | f. | The Experience and View of Counsel Weigh in Favor of Approval. ....................................................... 15 |
|   |   | g. | The Presence of a Government Participant. .............................. 15 |
|   |   | h. | The Reaction of Class Members to the Proposed Settlement. ................................................................. 16 |
|   | B. | The Class Should Be Provisionally Certified. ................................... 16 |
|   |   | 1. | Rule 23(a) Requirements Are Satisfied for Purposes of Certifying a Settlement Class. ................................. 17 |
|   |   | 2. | The Class Satisfies the Requirements of Rule 23(b)(1) and (b)(2). ..................................................... 18 |
|   |   | a. | Individual Actions Would Create Inconsistent Adjudications or Be Dispositive of the Interests of Absent Members. ........................................... 18 |
|   |   | b. | Defendants Have Acted on Grounds Generally Applicable to the Class and Relief for the Class as a Whole Is Appropriate. ........................................ 19 |
|   | C. | Rule 23(g) Is Satisfied. .................................................... 20 |
|   | D. | The Proposed Notice Plan Satisfies the Due Process Requirements of Rule 23. ................................................................ 20 |
|   | E. | Proposed Schedule ...................................................... 21 |
| IV. | | CONCLUSION .............................................................. 21 |

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - ii

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Alberto v. GMRI, Inc.*,
   252 F.R.D. 652 (E.D. Cal. 2008) ...............................................................................8, 12

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ..........................................................................................................16

*Berger v. Xerox Corp. Ret. Income Guarantee Plan*,
   338 F.3d 755 (7th Cir. 2003) ...........................................................................................19

*Boyd v. Coventry Health Care, Inc.*,
   299 F.R.D. 451 (D. Md. 2014) ........................................................................................20

*Carson v. Am. Brands, Inc.*,
   450 U.S. 79 (1981) .............................................................................................................8

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ...........................................................................................9

*Dignity Health v. Rollins*,
   --- S. Ct. ----, No. 16-258, 2016 WL 5107684 (U.S. Sept. 21, 2016) .............................3

*Dignity Health v. Rollins*,
   No. 16-258, 2016 WL 4548037 (U.S. Aug. 29, 2016) .....................................................3

*In re Glob. Crossing Sec. & ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y. 2004) ....................................................................................19

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .....................................................................................9, 10

*K.M. v. Regence Blueshield*,
   No. 13-1214, 2014 WL 801204 (W.D. Wash. Feb. 27, 2014) .......................................17

*Kaplan v. Saint Peter's Healthcare Sys.*,
   810 F.3d 175 (3d Cir. 2015), *petition for cert. filed* (U.S. July 18, 2016) ...............3, 10

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998) .....................................................................................10, 13

*Mass. Mut. Life Ins. Co. v. Russell*,
   473 U.S. 134 (1985) ....................................................................................................16, 19

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - iii

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

*McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Tr.*,
    268 F.R.D. 670 (W.D. Wash. 2010) ...............................................16, 18, 19

*Mullane v. Cent. Hanover Bank Tr. Co.*,
    339 U.S. 306 (1950).................................................................................20

*In re Mut. Funds Inv. Litig.*,
    MDL No. 1586, 2010 WL 2307568 (D. Md. May 19, 2010) ..................19

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004)..................................8, 11, 14, 15

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ...........................................................8, 9

*Pelletz v. Weyerhaeuser Co.*,
    255 F.R.D. 537 (W.D. Wash. 2009) ..................................... *passim*

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
    227 F.R.D. 553 (W.D. Wash. 2004) ..........................................8

*Rollins v. Dignity Health*,
    59 F. Supp. 3d 965 (N.D. Cal. 2014) .......................................3

*Rollins v. Dignity Health*,
    830 F.3d 900 (9th Cir. 2016) ............................................3, 10

*Rollins v. Dignity Health*,
    No. 13-1450 (N.D. Cal. filed Apr. 1, 2013).........................3, 4, 11

*Stapleton v. Advocate Health Care Network*,
    817 F.3d 517 (7th Cir. 2016), *petition for cert. filed* (U.S. July 15, 2016).........................3, 10

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ............................................10

*Wilson v. Venture Fin. Grp., Inc.*,
    No. 09-5768, 2011 WL 219692 (W.D. Wash. Jan. 24, 2011) .....................16, 17, 18

**Federal Statutes**

29 U.S.C. § 1001, *et seq.*.................................................................................1

29 U.S.C. § 1002(33) ...............................................................................1, 2

ERISA § 502(a)(2)...............................................................................19

ERISA § 502(a)(3)...............................................................................19

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

U.S. Class Action Fairness Act of 2005, 28 U.S.C. § 1715(d) ......................................................21

**Rules**

Federal Rule of Civil Procedure 23(a)(1) ......................................................................17

Federal Rule of Civil Procedure 23(b)(1) ..................................................................18, 19

Federal Rule of Civil Procedure 23(b)(1)(B) ..................................................................19

Federal Rule of Civil Procedure 23(b)(2) ......................................................................19

Federal Rules of Civil Procedure Rule 23(e) ....................................................................8

**Other Authorities**

*Newberg on Class Actions*, Vol. 3 (5th ed. 2014)..........................................................20

*Pension and Employee Benefit Law* (6th ed. 2015) .........................................................13

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - v

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Plaintiffs Linda Griffith and Jeanette Wenzl ("Plaintiffs"), by and through their attorneys, respectfully move the Court for an Order: (1) preliminarily approving the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement")[1] attached hereto as Exhibit 1;[2] (2) preliminarily certifying the proposed Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2); (3) approving the form and method of Class Notice; and (4) setting a date and time for a hearing (the "Fairness Hearing") for consideration of final approval of the Settlement, payment of attorneys' fees and expenses, and a potential Incentive Fee award to Plaintiffs. The Defendants do not oppose the relief sought in this Preliminary Approval Motion, and do not necessarily agree with the facts or law as stated herein.

## I.    INTRODUCTION

This Settlement resolves the claims of Plaintiffs in this case against all Defendants. The Complaint alleges that Providence Health & Services ("Providence") denied ERISA[3] protections to the participants and beneficiaries of the Providence Health & Services Cash Balance Retirement Plan ("Plan") by incorrectly claiming that the Plan qualifies as an ERISA-exempt "church plan." *See* 29 U.S.C. § 1002(33); Complaint – Class Action, Dkt. No. 1 ("Complaint"). This Settlement was reached after full briefing on Defendants' motion to dismiss, discovery and extensive legal and factual investigation, and arm's-length negotiations with a mediator. The Settlement is an excellent result for the proposed Settlement Class of participants and beneficiaries of the Plan. The Class Settlement Amount is **$351.9 million**, which includes a **$350 million contribution the Plan** and a cash payment of $500 that will be paid directly to each of the 3,802 former participants who terminated with insufficient years of service under the terms of the Plan to vest under the current Plan terms, but who would have been entitled to vested benefits under ERISA. In addition to these cash payments, Providence will continue to

---

[1] A copy of the Settlement Agreement is attached as Exhibit 1 to this Unopposed Motion for Preliminary Approval of Settlement Agreement ("Preliminary Approval Motion"). Capitalized terms not otherwise defined in this memorandum shall have the same meaning ascribed to them in the Settlement Agreement.

[2] All references to "Exhibit" or "Ex." are to the exhibits attached to this Preliminary Approval Motion and filed concurrently herewith.

[3] "ERISA" is a reference to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

make minimum contributions to the Plan with the present intent to fully fund the Plan by December 31, 2029, and will guarantee that there are sufficient assets in the Plan's trust to pay participants' accrued benefits for as long as the Plan is in existence.  The Settlement also includes significant Plan provisions which will enhance the retirement security of the members of the Settlement Class.  These protections are comparable to some of ERISA's key provisions and will enable Plan participants and beneficiaries to receive important notices and disclosures about the Plan and their benefits.

## II.      BACKGROUND

### A.      Procedural History & Settlement Negotiations.

On November 7, 2014, Plaintiffs Griffith and Wenzl filed a putative class action Complaint in this Court against Providence – a large, non-profit healthcare provider – and various other defendants (collectively, the "Defendants") alleging violations of ERISA. Complaint, Dkt. No. 1.  Plaintiffs are represented by Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll, PLLC (collectively, "Class Counsel").  The Complaint alleges that Defendants denied ERISA protections to the participants and beneficiaries of the Plan, a defined benefit pension plan sponsored by Providence, by incorrectly claiming that the Plan qualifies as an ERISA-exempt "church plan."  *See* 29 U.S.C. § 1002(33).  It further alleges that, by improperly claiming this exemption, Defendants deny Plan participants the protections of ERISA, including minimum funding, vesting, notices, and disclosures.

On January 26, 2015, Defendants filed a motion to dismiss the Complaint. Dkt. No. 32. That motion concentrated primarily on the issue of whether, in order to claim the church plan exemption, the plan must be established by a church.  *See* Dkt. Nos. 35, 37.  Throughout this litigation, Defendants have maintained that the Plan is a lawful Church Plan.

While the motion to dismiss briefing was in progress, the Parties engaged in informal discovery.  Plaintiffs propounded discovery requests on Defendants and Defendants produced approximately 2,100 pages of documents in response to those requests, including Plan

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

documents, trust agreements, and communications with the Internal Revenue Service and Department of Labor.  Decl. of Lynn L. Sarko in Supp. of Pls.' Unopposed Mot. for Prelim. Approval ("Sarko Decl.") ¶ 4, filed concurrently herewith.

During this same time period, another case concerning the church plan exemption, *Rollins v. Dignity Health* ("*Dignity*"), No. 13-1450 (N.D. Cal. filed Apr. 1, 2013), was appealed to the Ninth Circuit after the District Court ruled in favor of the plaintiff Rollins and held, on summary judgment, that only a church could establish an ERISA-exempt church plan.  *See Rollins v. Dignity Health*, 59 F. Supp. 3d 965 (N.D. Cal. 2014).  Recognizing that a Ninth Circuit ruling would have a substantial influence on the course of this litigation, the Parties stipulated to a stay of this case until the Ninth Circuit ruled in the *Dignity* matter.  *See* Dkt. No. 38.  A few days after briefing on the motion to dismiss was complete, the Court granted the stay and ordered the Parties to submit a joint status report within 21 days after the Ninth Circuit's ruling in *Dignity*.  Dkt. No. 39.

On July 26, 2016, the Ninth Circuit issued its ruling in the *Dignity* case and held that: (1) a church plan must be established by a church and (2) a church plan must be maintained either by a church or by a principal-purpose organization.  *Rollins v. Dignity Health*, 830 F.3d 900, 905 (9th Cir. 2016).  The *Dignity* defendants have since petitioned for review of the Ninth Circuit's decision in the Supreme Court.  *See Dignity Health v. Rollins*, No. 16-258, 2016 WL 4548037 (U.S. Aug. 29, 2016).  Later, on September 21, 2016, the Supreme Court of the United States stayed the Ninth Circuit's mandate.  *Dignity Health v. Rollins*, --- S. Ct. ----, No. 16-258, 2016 WL 5107684 (U.S. Sept. 21, 2016).

In addition to the Ninth Circuit's decision in *Dignity*, there are also two other appellate court decisions now before the Supreme Court – one from the Third Circuit and one from the Seventh Circuit – which likewise held that a "church plan" must be established by a church. *Kaplan v. Saint Peter's Healthcare Sys.*, 810 F.3d 175 (3d Cir. 2015), *petition for cert. filed* (U.S. July 18, 2016) (No. 16-86); *Stapleton v. Advocate Health Care Network*, 817 F.3d 517 (7th Cir. 2016), *petition for cert. filed* (U.S. July 15, 2016) (No. 16-74). At this time, the Parties are

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1  still waiting for a decision from the Supreme Court as to whether it will grant certiorari in any or

2  all of these cases.

3      In light of the *Dignity* ruling and in accordance with the Court's Order, Dkt. No. 39, on

4  August 16, 2016, the Parties filed a joint status report with the Court.  Dkt. No. 43.  The Parties

5  stipulated to stay the case while the Parties engaged in extensive settlement negotiations that

6  took place over the course of many weeks and were overseen by a third party JAMS mediator,

7  Robert Meyer, Esq.  Sarko Decl. ¶ 6.  Mr. Meyer has substantial experience mediating cases

8  involving ERISA and retirement plan issues, including cases involving the church plan

9  exception.  Ex. 1 at § 2.7; Sarko Decl. ¶ 6.

10      These settlement negotiations included an in-person mediation session in Seattle,

11  Washington, as well as numerous calls and meetings.  Sarko Decl. ¶ 7.  Both sides provided the

12  mediator with their respective mediation statements and also exchanged proposals and counter-

13  proposals with each other concerning potential settlement terms.  *Id.*

14      During the course of these negotiations, Class Counsel investigated the facts,

15  circumstances, and legal issues associated with the allegations and defenses in the action.  This

16  investigation included, *inter alia*: (a) inspecting, reviewing, and analyzing documents produced

17  by or otherwise relating to Defendants, the Plan, and the administration and funding of the Plan;

18  (b) researching the applicable law with respect to the claims asserted in this case and the possible

19  defenses thereto; and (c) researching and analyzing governmental and other publicly-available

20  sources concerning the Defendants, the Plan, and the industry.  Ex. 1 at § 2.10; Sarko Decl. ¶ 8.

21  In particular, Class Counsel reviewed information from Providence's actuary to confirm that the

22  individuals listed in Schedule A to the Settlement Agreement (attached to Ex. 1)[4] are the

23

24  _____

[4] Pursuant to W.D. Wash. LCR 5(g)(1)(B), the Parties redacted the names and private addresses of the individuals
from the version of Schedule A that is being filed in the public record with this Preliminary Approval Motion.

25  Disclosing the names and private addresses of these individuals would necessarily reveal confidential and sensitive
information about them, such as their right to receive a payment under the Settlement Agreement and details

26  concerning their work history.  Once preliminary approval has been granted and the Class Notice is mailed,
however, each of the individuals listed on Schedule A will receive an enclosure with the Class Notice informing

27  them that they are on Schedule A and entitled to receive the Vesting Payment described in § 8.1.3 of the Settlement
Agreement.

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 4

LAW OFFICES OF
**Keller Rohrback l.l.p.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**Cohen Milstein Sellers & Toll, pllc.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

population of individuals entitled to the Vesting Payment set forth in the Settlement Agreement. *See* Ex. 1 at § 8.1.3; Sarko Decl. ¶ 9.

After weeks of negotiations, the Parties finally reached an agreement in principle to settle the case. Sarko Decl. ¶ 10. On September 29, 2016, the Parties filed a status report informing the Court they had signed a Term Sheet containing the preliminary terms resolving this matter. Dkt. No. 48. They requested that the Court lift the stay in order to carry out settlement approval proceedings, which the Court granted on September 29, 2016. Dkt. No. 49.

The Settlement Agreement now before the Court, Ex. 1, is a comprehensive agreement based on the Term Sheet. Sarko Decl. ¶ 11. It was executed by all Parties on October 20, 2016. The Settlement is the result of lengthy and sometimes contentious arm's-length negotiations between the Parties. *Id.* The process was thorough, adversarial, and professional.

**B.     Overview of the Settlement Agreement.**

The following summarizes the principal terms of the Settlement. *See* Ex. 1.

**1.     Monetary Consideration.**

The monetary consideration provided under this Settlement is substantial, totaling **$351.9 million**. Providence will contribute **$350 million to the Plan.** Ex. 1 at § 8.1.2. This payment will be made by annual contributions to the Plan for seven years. *Id.* Providence will also pay $1.901 million in the aggregate (or $500/person) to the 3,802 individuals who left covered service under the Plan after completing at least three, but less than five, years of vesting service but who are not fully vested under the Plan's terms. *Id.* at § 8.1.3. In addition to these payments, beginning eight years after the Effective Date, Providence will make minimum contributions to the Plan, as recommended by the Plan's actuary, with the present intent to fully fund the Plan by December 31, 2029. *Id.* at § 8.1.4.

**2.     Non-Monetary Equitable Consideration.**

In addition to contributing hundreds of millions of dollars into the Plan over the next seven years, Providence also guarantees – for the duration of the Plan's existence – that the

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Plan's trust will have sufficient funds to pay participants' accrued benefits as they come due.  Ex. 1 at § 9.1.  Under the Settlement, Plan participants' accrued benefits cannot be reduced if this Plan is ever amended or terminated, and if it is ever merged with or into another Plan, participants will be entitled to the same or greater benefits as they enjoyed before the event.  *Id.* at §§ 9.2-9.3.  As explained in more detail in section III(A)(2)(d), these commitments are crucial because, as it stands now, the Plan's promise to pay is "fund-specific," meaning that the Plan's financial responsibility for benefits is limited **solely** to the amount of assets held in the Plan's trust fund.  Because of this Settlement, if the assets in the Plan's trust are ever insufficient to pay accrued benefits, Providence must make sufficient contributions to the trust to ensure all accrued benefits are paid.  Ex. 1 at § 9.1.

### 3. Other Equitable Consideration.

Plan participants also receive many other protections under this Settlement that are comparable to key ERISA provisions.  For example, Plan participants will be entitled to summary plan descriptions describing the Plan, summaries of any material modifications to the Plan, pension benefit statements, and claims procedures.  Ex. 1 at § 9.5.  Plan participants and beneficiaries may also request annual reports containing financial information about the Plan. *Id.* at § 9.5.2.

### 4. Class.

The Settlement contemplates that the Court will certify a non-opt-out class under Federal Rule of Civil Procedure 23(b)(1) or (b)(2).  Ex. 1 at § 3.2.2(a).  The Settlement Class is defined as: All Persons who are or were participants, whether vested or non-vested, in the Plan, on or after January 1, 2008, and their beneficiaries.  *Id.* at § 1.31.

### 5. Released Claims.

Section 4.1 of the Settlement Agreement generally defines the Released Claims as claims brought by Plaintiffs, or claims that could have been asserted by Plaintiffs, arising out of the allegations in the instant action.  However, there is a significant carve out from the Released

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Claims. Namely, the Settlement Agreement provides that Defendants will not be released prospectively in the event of certain developments in the law, such as the Internal Revenue Service issuing a written ruling that the Plan does not qualify as a church plan. *See* Ex. 1 at § 4.1.4.

   **6.     Notice.**

   The draft [Proposed] Preliminary Approval Order, attached as Exhibit 2, provides for the following notices: (a) a mailed notice, sent to the last known address of members of the Settlement Class; (b) for each individual who terminated with more than three, but less than five, years of "vesting service" in the Plan on or after January 1, 2008, s/he will receive an additional enclosure stating that s/he will receive a one-time lump sum payment of $500; and (c) internet publication of the Settlement Agreement and Class Notice at www.kellersettlements.com and www.cohenmilstein.com/providence-settlement. *See* Ex. 2; *see also* Ex. 3 (Draft Class Notice). Defendant Providence will pay the cost for notice. Ex. 1 at § 8.2.

   **7.     Attorneys' Fees and Expenses.**

   By separate application to be filed prior to the Fairness Hearing, Class Counsel will seek an award of attorneys' fees, expenses, and Incentive Fees for the Plaintiffs in an amount not to exceed $6.5 million. The Settlement Class shall be notified of these details in the Class Notice. The attorneys' fees, expenses, and Incentive Fees are separate from the $351.9 million Class Settlement Amount; the attorneys' fees, expenses, and Incentive Fees will not reduce the payments to the Class. Ex. 1 at § 8.1.5.

**C.     Reasons for the Settlement.**

   Plaintiffs have entered into the Settlement with an understanding of the strengths and weaknesses of their claims. This understanding is based on: (1) the motion practice undertaken by the Parties in this action; (2) investigation and research; (3) discovery conducted in this case; (4) the likelihood that Plaintiffs would prevail at trial; (5) the range of possible recovery; (6) the substantial complexity, expense, and duration of litigation necessary to prosecute these actions

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

through trial, post-trial motions, and likely appeal, and the significant uncertainties in predicting the outcome of this complex litigation; and (7) Defendants' determination to fight and contest every aspect of this case.  Having undertaken this analysis, Class Counsel and Plaintiffs have concluded that the Settlement is fair, reasonable, and adequate, and should be presented to the Court for approval.

## III.     DISCUSSION

### A.     The Proposed Settlement Meets the Standards for Approval under Rule 23.

Rule 23(e) of the Federal Rules of Civil Procedure governs settlements of class action lawsuits.  It provides that a "class may be settled, voluntarily dismissed, or compromised only with the court's approval."  *See* Fed. R. Civ. P. 23(e).  Although the procedure for approval of a class action settlement is not delineated in Rule 23, a two-step procedure is set forth in the *Manual for Complex Litigation* (*Fourth*) § 21.632 (2004).  This procedure is widely followed by district courts within the Ninth Circuit when considering preliminary approval of class action settlements.  *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553 (W.D. Wash. 2004); *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 658-59 (E.D. Cal. 2008); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

Under this framework, the court must initially determine "whether a proposed class action settlement deserves preliminary approval."  *DIRECTV*, 221 F.R.D. at 525.  Members of the class are subsequently given notice of the proposed settlement, and the court must then determine whether final approval is warranted.  *See id.*

When evaluating whether to grant preliminary approval of a class settlement, the court need "not decide the merits of the case or resolve unsettled legal questions."  *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981).  Courts should not reach legal conclusions "for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  Instead, the court "need only determine whether the proposed settlement is

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 8

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

within the range of possible approval." *Alberto*, 252 F.R.D. at 666 (citation omitted).  In making

this inquiry, the court's "intrusion upon what is otherwise a private consensual agreement . . .

must be limited." *Officers for Justice*, 688 F.2d at 625.  Specifically, the court must ensure that

"the agreement is not the product of fraud or overreaching by, or collusion between, the

negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to

all concerned." *Id.*

Importantly, it is well-settled that there exists "a strong judicial policy that favors

settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v.*

*City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *see also Officers for Justice*, 688 F.2d at

625 ("[I]t must not be overlooked that voluntary conciliation and settlement are the preferred

means of dispute resolution.").  It is equally well-established that approval of a proposed

settlement is a matter committed to the sound discretion of the trial judge.  *See Hanlon v.*

*Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  Plaintiffs therefore respectfully that this

Court exercise its discretion and grant preliminary approval of the Settlement based on the

principles of Rule 23(e).

### 1.    The Proposed Settlement Is the Result of an Arm's-Length Negotiation and Therefore Satisfies the Procedural Component for Preliminary Approval.

As noted above, the Court's role is to ensure that "the agreement is not the product of

fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement,

taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027

(citations omitted).

Here, there is no dispute that the Settlement Agreement is the product of extensive,

arm's-length negotiations.  The parties' negotiations were overseen by an experienced mediator,

Robert Meyer, who has mediated many ERISA and retirement plan cases, including cases

contesting the applicability of the church plan exception.  *See* Ex. 1 at § 2.7; Sarko Decl. ¶ 6.

The negotiations were intensive and occurred between experienced attorneys well-versed in class

action litigation, litigation concerning the ERISA "church plan" exception in particular, and the

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 9

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

unique legal and factual issues of this case.  Sarko Decl. ¶¶ 12-17.  During the mediation process, the mediator was in constant contact with the Parties both orally and in writing.  *Id.* ¶ 7.  The Parties submitted confidential statements to the mediator and multiple settlement proposals to each other.  *Id.* ¶ 7.  Additionally, the Parties' negotiations were informed by numerous documents produced during informal discovery and mediation, a review of publicly-available sources, and extensive legal research into the claims and potential defenses.  *Id.* ¶¶ 2-4, 8-9.  *See Hanlon*, 150 F.3d at 1027 (no basis to disturb the settlement in the absence of any evidence suggesting "that the settlement was negotiated in haste or in the absence of information").

## 2.    The Proposed Settlement Agreement Is Fair, Reasonable, and Adequate and Therefore Satisfies the Substantive Component for Preliminary Approval.

The Ninth Circuit has articulated eight factors in determining whether a settlement is fair, adequate, and reasonable: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and stage of proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the settlement.  *Hanlon*, 150 F.3d at 1026 (citation omitted).  Courts within the Ninth Circuit and this District Court have consistently applied these factors when making the fairness determination.  *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 542 (W.D. Wash. 2009).  Consideration of these criteria demonstrates that the Settlement Agreement should be approved.

### a.    Plaintiffs' Case Is Strong, But Not Without Risk.

While Plaintiffs' contentions – that *only* a church may establish a "church plan" exempt from ERISA – have carried the day in the Third, Seventh, and Ninth Circuits,[5] those decisions are now on review in the United States Supreme Court. It is not known at this time: (1) whether

---

[5] *Kaplan*, 810 F.3d at 175; *Stapleton*, 817 F.3d at 517; *Rollins*, 830 F.3d at 905.

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

the Supreme Court will grant certiorari; and (2) if the Supreme Court does grant certiorari, what its ultimate decision will be.  *See* Section II(A), *supra*.  Although Class Counsel stand firm in their interpretation that only a church can establish a church plan, Plaintiffs are aware that the United States Supreme Court could eventually agree or disagree on this threshold statutory argument.  Additionally, Plaintiffs are mindful that even if the Supreme Court denies certiorari or upholds Plaintiffs' view on this statutory issue, Defendants may have alternative arguments as to why the *Dignity* decision is distinguishable.  While Plaintiffs disagree, they are aware that Providence will argue that it is nonetheless entitled to claim an exemption from ERISA because the Plan was established by the Sisters of Providence, a vowed religious order of the Roman Catholic Church.

Moreover, presenting an ERISA case of this type on the merits is a significant undertaking, with potential risks, expense, and delay.  Defendants have forcefully defended their actions with respect to the Plan to date, and there is no reason to believe they would not continue to do so through trial and on appeal if necessary.  In short, the Ninth Circuit's favorable decision in *Dignity*, and the possibility of affirmation by the Supreme Court, is not such a foregone conclusion as to remove the impetus for settlement.  What is certain here is that the proposed Settlement Agreement provides significant monetary and non-monetary consideration to the Plan for the benefit of the Settlement Class.  Such consideration is far better for the Plan participants than the possibility of a more significant recovery, if any, after an expensive and protracted trial and appeal.  *See Pelletz*, 255 F.R.D. at 542 ("Without reaching the actual merits of Plaintiffs' case, the Court is not convinced that Plaintiffs' case is so strong that its bargaining position should have resulted in a more generous benefit for the Class.").

### b.  The Risk, Expense, Complexity, and Duration of Further Litigation Weighs in Favor of Approval.

Courts clearly favor settlement, as it preserves individual resources by avoiding protracted litigation and subsequent appeals.  *DIRECTV*, 221 F.R.D. at 526-27.  Thus, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

expensive litigation with uncertain results." *Id.* at 526 (citation omitted).

As noted above, one of the uncertainties in this litigation is whether the Supreme Court will take review of the threshold statutory issue in this case – whether church plans must be established by *churches* – and, if it does, how the Supreme Court will rule.  The pendency of those proceedings means that this case could be delayed for months or years.  And irrespective of the outcome in the Supreme Court, legal and factual issues could remain in this case that would require a substantial amount of time, including: completion of fact and expert discovery, class certification, designation of witnesses and exhibits, preparation of pre-trial memoranda and proposed findings of fact and conclusions of law, presentation of witnesses and evidence at trial, and, depending on the trial court's ruling on the merits, briefing of the losing party's almost-certain appeal.  Plaintiffs believe that their claims would be successful, but nonetheless are cognizant of the risks associated with proceeding to trial.

In view of such risks and delays, the Class Settlement Amount of $351.9 million, plus an intent to contribute to the Plan to achieve full funding by December 31, 2029 and the other equitable relief awarded in the Settlement, should be regarded as a highly favorable recovery. Ex. 1 at §§ 8.1.1-8.1.4.

        c.    **The Risk of Maintaining Class Action Status Throughout the Trial Favors Approval.**

There are no specific difficulties or risks in maintaining this class action throughout trial; as a result, this factor need not be considered or at least should not prevent preliminary approval. *See Alberto*, 2008 WL 4891201, at *9 (citation omitted) ("The court is unaware of any specific difficulty in maintaining class-action status in [a] case were the matter to continue to trial . . . the court will not consider this factor for settlement purposes."); *see also Pelletz*, 255 F.R.D. at 542 ("The Court finds that the risk of maintaining the class action throughout the trial was probably minimal; however, the balance of these factors favors approval, and the Court is not persuaded that this factor alone militates a different result.").

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

### d.   The Amount Offered in Settlement Weighs in Favor of Approval.

This Settlement provides substantial monetary and equitable relief to the Plan and its participants, including, as noted above, a Class Settlement of $351.9 million and a guarantee that the Plan's trust will have sufficient assets to pay benefits as they come due.  Ex. 1 at §§ 8.1.1, 8.1.4, 9.1.  Moreover, Providence has guaranteed that participants' and beneficiaries' accrued benefits cannot be reduced in the event of a Plan amendment or termination, and that if this Plan is merged with or into another Plan, participants and beneficiaries will be entitled to the same or greater benefits after the merger.  *See* Ex. 1 at §§ 9.2-9.3.

These commitments are significant, as the liabilities of the Providence Plan are "fund-specific."  Prior to the enactment of ERISA, the sponsor of a defined benefit plan could limit its responsibility for benefit levels to whatever assets were contained the trust fund, *i.e.*, a "fund-specific plan."  John Langbein et al., *Pension and Employee Benefit Law* 187-88 (6th ed. 2015). As explained in the Complaint, among the factors that led to the enactment of ERISA were the widely-publicized failures of certain defined benefit pension plans, especially the plan for employees of Studebaker Corporation, an automobile manufacturing company which defaulted on its pension obligations in 1965.  Complaint ¶ 49, citing Langbein, *supra*, at 78-83.  The Studebaker plan was fund-specific.  Langbein, *supra*, at 244.  ERISA prohibits this sort of fund-specific defined benefit promise which failed the Studebaker employees.  *Id.*  Plaintiffs allege that in claiming the church plan exemption, the Plan is, in essence, a Studebaker-esque pre-ERISA plan.  Of course, Defendants dispute this.  Accordingly, the Settlement's equitable consideration provides the Plan's participants and beneficiaries with several important protections comparable to ERISA that they would otherwise lack.

The Settlement also includes other equitable provisions comparable to ERISA's protections, including requiring that Plan participants be provided with summary plan descriptions, summaries of material modifications to the Plan, and administrative notices and procedures (annual reports, pension benefit statements, and claims procedures).  Ex. 1 at § 9.1.

In light of the considerable monetary and equitable relief available under this Settlement

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1   versus the risks of long and protracted litigation, this Settlement Agreement should be

2   preliminarily approved.  *See Pelletz*, 255 F.R.D. at 542 (approving of settlement because

3   "pursuing trial would have delayed the distribution of any benefits to the Class and would likely

4   have incurred far more expenses[ ]"); *see also Linney*, 151 F.3d at 1242 (citation omitted)

5   (settlement should not be judged against a "speculative measure" of what could have been

6   attained in negotiations).

7           e.    **The Extent of Discovery Completed and the State of Proceedings
                  Weigh in Favor of Approval.**

8
9           The absence of formal discovery in this case is not an obstacle to settlement because the

10  parties have completed a careful investigation and only reached this Settlement after

11  consideration of the "legal and factual issues surrounding the case."  *DIRECTV*, 221 F.R.D. at

12  527 (citation omitted).  Prior to filing their Complaint, Plaintiffs engaged in extensive factual and

13  legal research pertaining to their claims, which ultimately resulted in a 70-page Complaint.

14  Sarko Decl. ¶ 2.  Such investigation included, among other things, a review and analysis of the

15  Plan documents, Providence's public disclosures, publicly-available financial statements,

16  governmental filings, and information provided by the Plaintiffs themselves.  *Id.*  The Parties

17  honed the legal issues in this case during motion to dismiss briefing, and such issues became

18  even more nuanced after decisions concerning the church plan exemption from the Ninth, Third,

19  and Seventh Courts of Appeals.  *Id.* ¶¶ 3, 8.  Each of these appellate court decisions informed the

20  Settlement negotiations in this case.  *Id.*

21          The Parties' negotiations also benefited from all the informal discovery and research that

22  was undertaken in this matter, including Defendants' production of approximately 2,100 pages of

23  documents concerning the Plan and its administration, the exchange of additional documents

24  during mediation, and the preparation of mediation statements.  *Id.* ¶¶ 4, 7, 9.  The Parties

25  certainly had "sufficient information to determine the relative strengths and weaknesses of their

26  respective positions," and thus the absence of formal discovery in this case in no way

27  undermines the integrity of the Settlement.  *See Pelletz*, 255 F.R.D. at 543 (approving of

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

settlement even though "formal discovery was not completed in this case," since the parties "engaged in extensive investigation of Plaintiffs' claims," including receiving confidential information and discovering the relative strengths and weaknesses of their positions).

   **f.**  **The Experience and View of Counsel Weigh in Favor of Approval.**

  "Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." *DIRECTV*, 221 F.R.D. at 528 (citation omitted). "This is because '[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation.'" *Id.* (citing *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).

  Counsel involved in this case have extensive experience in handling ERISA class action cases and "church plan" cases in particular.  Keller Rohrback has been litigating church plan cases since 2010, *Thorkelson v. Publ'g House of the Evangelical Lutheran Church in Am.*, No. 10-1712 (D. Minn. filed Apr. 21, 2010).  Sarko Decl. ¶ 13.  Keller Rohrback and Cohen Milstein serve as co-counsel in all three of the appellate court cases mentioned above concerning the applicability of the church plan exemption to hospital pension plans, and also represent these plaintiffs in opposing Defendants' petitions to the Supreme Court.  *See* Section II(A), *supra*, and Sarko Decl. ¶ 4.  In addition, Keller Rohrback and Cohen Milstein serve, or have served, as co-counsel in roughly 20 cases pending across the country involving claims by other hospital systems that their plans qualify as "church plans."  *Id.* ¶ 15.  Based on their experience and the facts of this case, Class Counsel has concluded that the Settlement is fair, reasonable, and adequate, and this factor weighs heavily in favor of preliminary approval.  *See Pelletz*, 255 F.R.D. at 543.

   **g.**  **The Presence of a Government Participant.**

  The United States Department of Justice was given notice of this action because, as an alternative cause of action, Plaintiffs allege that **if** the Plan is found to be an exempt church plan, then, to that extent and as applied to the Plan, the church plan exemption violates the Establishment Clause of the United States Constitution.  *See* Complaint ¶¶ 284-92; *see also* Pls.'

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Notice of Constitutional Question, Dkt. No. 18.  This alternative, as-applied challenge to the constitutionality of the exemption has not become "live" in this case; the government has not submitted formal briefing on the issue; and the government has not yet formally intervened.  *See* Dkt. Nos. 29, 44.  Since the government is not a formal party to this case, this factor is neutral.

Moreover, Plaintiffs submit that consideration of this factor is premature and should be delayed until Final Approval, when notice of the Settlement will have been given to the state Attorneys General, as required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  *See also* Section III(E), *infra* (providing the timeframe for CAFA notice).

        **h.**      **The Reaction of Class Members to the Proposed Settlement.**

All of the Plaintiffs fully support the proposed Settlement Agreement, but complete discussion of this factor cannot occur until after notice is issued and the Class as a whole has the opportunity to evaluate the Settlement Agreement.  Accordingly, Plaintiffs submit that evaluation of this factor occur at the final approval stage.

**B.**      **The Class Should Be Provisionally Certified.**

Class certification is governed by Federal Rule of Civil Procedure 23, regardless of whether certification is sought pursuant to a contested motion or, as here, pursuant to a settlement.  *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 619-29 (1997).  Thus the Court may certify the proposed class at this time upon finding that the action satisfies the four prerequisites of Rule 23(a) and one or more of the three subdivisions of Rule 23(b).  *Id.*

Courts in this jurisdiction have consistently found that class certification is appropriate in ERISA cases.  *See McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Tr.*, 268 F.R.D. 670, 678 (W.D. Wash. 2010) ("'Class actions are generally well-suited to litigation brought pursuant to ERISA.'") (quoting *Banyai v. Mazur*, 205 F.R.D. 160, 164 (S.D.N.Y. 2002)); *Wilson v. Venture Fin. Grp., Inc.*, No. 09-5768, 2011 WL 219692, at *3 (W.D. Wash. Jan. 24, 2011).  Congress has similarly embraced the use of representative actions to enforce ERISA.  *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985) (noting Congress' clearly expressed intent that ERISA "actions for breach of fiduciary duty be brought in a

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 16

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

representative capacity on behalf of the plan as a whole"). Thus this action, which primarily

seeks relief on behalf of the **Plan,** is precisely the type of case that Federal Rule of Civil

Procedure 23 was enacted to address.

### 1.     Rule 23(a) Requirements Are Satisfied for Purposes of Certifying a Settlement Class.

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is

impracticable." Fed. R. Civ. P. 23(a)(1). Here, Plaintiffs allege that Defendant Providence

employs approximately 73,000 individuals, and many if not all of those persons are likely

members of the Class. *See* Complaint ¶ 1. The Settlement Class is thus too large for joinder to

be practicable. *See Wilson*, 2011 WL 219692, at *2 (provisionally certifying class with "over

200 proposed class members").

Rule 23(a)(2) requires that a proposed class action raise "questions of law or fact

common to the class." *Id.* There need be only a single issue common to all members of the

Class. *K.M. v. Regence Blueshield*, No. 13-1214, 2014 WL 801204, at *13 (W.D. Wash. Feb.

27, 2014) ("Commonality only requires a single significant question of law or fact."). Plaintiffs

have identified a series of common questions of law and fact, including: (a) whether the Plan is

exempt from ERISA as a church plan, and, if not, (2) whether the fiduciaries of the Plan have

failed to administer and fund the Plan in accordance with ERISA. All of these questions and

issues are common to the Settlement Class. *Wilson*, 2011 WL 219692, at *2 n.3 (common

questions of fact include whether defendants owed fiduciaries duties to the plan and its

participants, whether defendants breached their fiduciary duties, what is the measure of loss

sustained by the plan, and what is the proper remedy for such loss).

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical

of the claims or defenses of the class. When evaluating typicality, a court must analyze

"'whether other members have the same or similar injury, whether the action is based on conduct

which is not unique to the named plaintiffs, and whether other class members have been injured

by the same course of conduct.'" *K.M.*, 2014 WL 801204, at *14 (quoting *Hanon v.*

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 17

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

*Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  Here, Plaintiffs' claims arise from the same course of events as the claims of the Class – Defendants' alleged failure to maintain the Plan in accordance with ERISA.  Moreover, with each member of the Settlement Class asserting the same claims arising from the same conduct by Defendants and seeking the same relief on behalf of the Plan, certainly Plaintiffs' claims are typical for purposes of Rule 23(a)(3).

Rule 23(a)(4) requires that the class representatives fairly and adequately protect the interests of the class they seek to represent.  This test looks to whether the Plaintiffs' "attorneys are well qualified to handle this type of litigation" and demands that Plaintiffs' interests not be "antagonistic to the remainder of the class."  *Wilson*, 2011 WL 219692, at *3.  Plaintiffs' interests are the same as those of the absentee members of the Class: all seek to increase the retirement security of the Plan, whether through monetary or non-monetary relief.  There can be no question that the Plaintiffs' interests are aligned with those of the Class, and they have retained qualified counsel with extensive experience in representing plaintiffs in class litigation, including ERISA cases and church plan cases specifically.

**2.   The Class Satisfies the Requirements of Rule 23(b)(1) and (b)(2).**

**a.   Individual Actions Would Create Inconsistent Adjudications or Be Dispositive of the Interests of Absent Members.**

A class may be certified under Federal Rule of Civil Procedure 23(b)(1) if, in addition to meeting the requirements of Federal Rule of Civil Procedure 23(a), the prosecution of separate actions by individual class members would create the risk of inconsistent adjudications, which would create incompatible standards of conduct for the defendant, or would as a practical matter be dispositive of the interest of absent members. Fed. R. Civ. P. 23(b)(1)(A) and (B).  The risk of inconsistent adjudication and incompatible standards is obvious here: in the absence of certification, two participants could bring identical actions and achieve different results, with one court holding that the Plan is an ERISA-regulated plan and the other holding that it is not. Courts have certified classes under Federal Rule of Civil Procedure 23(b)(1) in ERISA cases for those very reasons.  *See McCluskey*, 268 F.R.D. at 677 ("Where, as here, the primary relief is to

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 18

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

the Plan as a whole, then adjudications with respect to any individual member of the class would, as a practical matter, alter the interests of other members of the class. . . Thus, the proposed class clearly falls within Rule 23(b)(1)(B)[.]").

Moreover, the Advisory Committee Notes on Rule 23 specifically acknowledge that actions which "charge[] a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of . . . beneficiaries" – *i.e.*, an action like the present action – "should ordinarily be conducted as class actions" under Rule 23(b)(1)(B). *See* Fed. R. Civ. P. 23(b)(1)(B) advisory committee's note to 1966 amendment; *see also McCluskey*, 268 F.R.D. at 678 (citation omitted) ("Certification is appropriate under Rule 23(b)(1) where plaintiff claims defendants breached their fiduciary duties under ERISA, and any decision on that issue would necessarily affect the interests of other participants."). As a result, certification of the proposed class under Rule 23(b)(1) is appropriate in this ERISA action.

      **b.**    **Defendants Have Acted on Grounds Generally Applicable to the Class and Relief for the Class as a Whole Is Appropriate.**

A class may be certified under Federal Rule of Civil Procedure 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2). Here, Plaintiffs allege that Defendants failed to comply with ERISA on a Plan-wide basis. The available remedies include monetary relief and remedial equitable relief to the Plan as a whole. ERISA §§ 502(a)(2) and (3).

Remedies under ERISA § 502(a)(2) are by definition plan-wide, a classic example of equitable relief. *See Mass. Mut. Life Ins. Co.*, 473 U.S. at 140-41. While the Settlement includes monetary consideration to the Plan, that consideration is incidental to, and flows directly from, Plaintiffs' prayer for injunctive and declaratory relief. *Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 338 F.3d 755, 763-64 (7th Cir. 2003) (certifying Fed. R. Civ. P. 23(b)(2) class where ERISA plaintiffs sought declaratory relief); *see also In re Mut. Funds Inv. Litig.*, MDL No. 1586, 2010 WL 2307568, at *4 (D. Md. May 19, 2010) (same); *In re Glob. Crossing Sec. &*

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 19

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

*ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004) (same).  Accordingly, Plaintiffs' claims are also properly certified under Rule 23(b)(2).

## C.      Rule 23(g) Is Satisfied.

Federal Rule of Civil Procedure 23(g) requires that the Court examine the capabilities and resources of class counsel.  Class Counsel has detailed the claims brought in this action, and the time and effort already expended in connection with this litigation.  Moreover, Class Counsel are among the leading litigators of ERISA actions on behalf of plaintiffs, and possess unparalleled expertise in the specific types of ERISA claims brought in this lawsuit.  Sarko Decl. ¶ 12.  Class Counsel thus satisfy the requirements of Rule 23(g).

## D.      The Proposed Notice Plan Satisfies the Due Process Requirements of Rule 23.

In order to satisfy due process considerations, notice to class members must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank Tr. Co.*, 339 U.S. 306, 314 (1950) (citation omitted).  Here, the proposed Class Notice describes in plain English the Settlement; the considerations that caused Plaintiffs and Class Counsel to conclude that the Settlement is fair and adequate; the maximum attorneys' fees and expenses and Incentive Fees for the Plaintiffs that may be sought; the procedure for objecting to the Settlement; and the date and place of the Fairness Hearing.  In addition, for Class members who are entitled to the Vesting Payment, an enclosure will accompany the Notice informing them of such.

With the Court's approval, the Class Notice will be mailed to each member of the Settlement Class, no later than 60 days prior to the Fairness Hearing.  Last known addresses of the members of the Class are available from the Plan's record-keepers.  In addition, the Settlement Agreement and Class Notice will be published online at www.kellersettlements.com and www.cohenmilstein.com/providence-settlement.com.  These proposed forms of notice will fairly apprise members of the Class of the Settlement Agreement and their options with respect

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 20

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1  thereto, and therefore fully satisfy due process requirements.  *See Newberg on Class Actions*,

2  Vol. 3, §§ 8:12, 8:15, 8:28, 8:33 (5th ed. 2014).  Similar notice plans in ERISA settlements have

3  been approved.  *Boyd v. Coventry Health Care, Inc.*, 299 F.R.D. 451, 457 (D. Md. 2014).

4  **E.     Proposed Schedule**

5        The Parties have agreed to the following set of deadlines, the specific dates of which will

6  be determined after the Court enters the Preliminary Approval Order and sets a Fairness Hearing

7  date:

| Event | Time for Compliance |
|---|---|
| Deadline for CAFA Notice | By October 31, 2016 |
| Deadline for Mailing of Class Notice and Posting Class Notice to Website | No later than 60 days prior to the Proposed Fairness Hearing |
| Deadline for Filing Plaintiffs' Motion for Final Approval, Attorneys' Fees and Expenses, and Incentive Fees for Plaintiffs | 45 days prior to the Proposed Fairness Hearing |
| Deadline for the Settlement Class to Comment upon or Object to the Proposed Settlement | 28 days prior to the Proposed Fairness Hearing |
| Deadline for Filing Plaintiffs' Reply in Support of Motion for Final Approval, Attorneys' Fees and Expenses, and Incentive Fees for Plaintiffs, and for the Parties to Respond to Any Comments or Objections | 7 days prior to the Proposed Fairness Hearing |
| Proposed Fairness Hearing | On or after January 30, 2017[6] |

## IV.     CONCLUSION

Class Counsel respectfully request that the Court grant Plaintiffs' motion and (i) enter the

proposed Preliminary Approval Order, which provides for notice to the Class as described

herein, and (ii) set a Fairness Hearing, along with deadlines for Plaintiffs to (a) file and serve the

motion for award of attorneys' fees and expenses and for Incentive Fees for the Plaintiffs; and

(b) file their motion for final approval of the proposed Settlement.

---

[6] Pursuant to the U.S. Class Action Fairness Act of 2005, 28 U.S.C. § 1715(d), the date of the Fairness Hearing must be at least 90 days after notices are served on the appropriate state and federal officials.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1    DATED this 20th day of October, 2016.

2

3                                          KELLER ROHRBACK L.L.P.

4                                          By: s/ Lynn Lincoln Sarko
5                                              s/ Erin M. Riley
                                               s/ Laura Gerber
6                                              s/ Gretchen S. Obrist
                                               s/ Havila C. Unrein
7                                              Lynn Lincoln Sarko, WSBA #16569
                                               Erin M. Riley, WSBA #30401
8                                              Laura Gerber, WSBA #34981
                                               Gretchen S. Obrist, WSBA #37071
9                                              Havila C. Unrein, WSBA #40881
10                                             1201 Third Avenue, Suite 3200
                                               Seattle, WA  98101
11                                             Tel: (206) 623-1900
                                               Fax: (206) 623-3384
12                                             Email: lsarko@kellerrohrback.com
                                               Email: eriley@kellerrohrback.com
13                                             Email: lgerber@kellerrohrback.com
                                               Email: gobrist@kellerrohrback.com
14                                             Email: hunrein@kellerrohrback.com

15
                                           KELLER ROHRBACK L.L.P.
16
17                                         By: s/ Ron Kilgard
                                               Ron Kilgard, Pro Hac Vice
18                                             3101 North Central Avenue, Suite 1400
                                               Phoenix, AZ 85012
19                                             Tel: (602) 248-0088
                                               Fax: (602) 248- 2822
20                                             Email: rkilgard@kellerrohrback.com

21                                         COHEN MILSTEIN SELLERS & TOLL,
                                           PLLC
22
23                                         By: s/ Karen L. Handorf
                                               s/ Michelle Yau
24                                             Karen Handorf, Pro Hac Vice
                                               Michelle Yau, Pro Hac Vice
25                                             1100 New York Avenue, N.W.
                                               Suite 500, West Tower
26                                             Washington, D.C.  20005
                                               Tel: (202) 408-4600
27                                             Fax: (202) 408-4699

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT
(2:14-cv-01720-JCC) - 22

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Email: khandorf@cohenmilstein.com
Email: myau@cohenmilstein.com

*Attorneys for Plaintiffs*

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

## CERTIFICATE OF SERVICE

I certify that on October 20, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Lynn Lincoln Sarko
Lynn Lincoln Sarko

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600