THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LINDA GRIFFITH and JEANETTE WENZL, on behalf of themselves, individually, and on behalf of the Providence Health & Services Cash Balance Retirement Plan,<br><br>  Plaintiffs,<br>  v.<br><br>PROVIDENCE HEALTH & SERVICES; RETIREMENT PLANS COMMITTEE; ELLEN WOLF; JOHN and JANE DOES 1-20, inclusive, MEMBERS OF THE RETIREMENT PLANS COMMITTEE; JOHN or JANE DOE 21, PLAN DIRECTOR; HUMAN RESOURCES COMMITTEE OF THE BOARD OF DIRECTORS; JOHN and JANE DOES 22-40, inclusive, MEMBERS OF THE HUMAN RESOURCES COMMITTEE OF THE BOARD OF DIRECTORS; ROD HOCHMAN; BOARD OF DIRECTORS OF PROVIDENCE HEALTH & SERVICES; MICHAEL HOLCOMB; CHAUNCEY BOYLE; ISIAAH CRAWFORD; MARTHA DIAZ ASZKENAZY; PHYLLIS HUGHES; SALLYE LINER; KIRBY McDONALD; DAVE OLSEN; AL PARRISH; CAROLINA REYES; PETER J. SNOW; MICHAEL A. STEIN; CHARLES WATTS; BOB WILSON; JOHN and JANE DOES 41-50, inclusive,<br><br>  Defendants. | CASE NO. C14-1720-JCC<br><br>ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT |

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT AGREEMENT
(C14-1720-JCC)

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), with respect to the Providence Health & Services Cash Balance Retirement Plan ("Plan").[1]

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants.  The terms of the Settlement are set forth in the Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement"), executed by counsel on October 20, 2016 on behalf of all of the Plaintiffs and Defendants (the "Parties").  Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Settlement Agreement ("Preliminary Approval Motion"), pursuant to which the Court has considered the Settlement to determine, among other things, whether to approve preliminarily the Settlement, certify preliminarily a Settlement Class, authorize the dissemination of Class Notice to members of the Settlement Class, and set a date and time for the Fairness Hearing.  Upon reviewing the Settlement Agreement, it is hereby ORDERED as follows:

1.  <u>Class Findings.</u>  The Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Settlement Class" defined below, in that:

   A.  The Court preliminarily finds that the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.  Rule 23(a)(1) is satisfied.

   B.  The Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.  Rule 23(a)(2) is satisfied.

   C.  The Court preliminarily finds that the Named Plaintiffs' claims are typical of the claims of the Settlement Class.  Rule 23(a)(3) is satisfied.

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Class Action Settlement Agreement.

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT AGREEMENT
(C14-1720-JCC) - 1

D. The Court preliminarily finds that the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the Named Plaintiffs' interests and the nature of claims alleged are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class; and (iii) the Named Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions. Rule 23(a)(4) is satisfied.

E. The Court preliminarily finds that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendants; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests. Rule 23(b)(1) is satisfied.

F. Alternatively, the Court preliminarily finds that Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, and such conduct may be subject to appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole. Rule 23(b)(2) is satisfied.

G. The Court preliminarily finds that Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll, PLLC ("Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class. Class Counsel have done extensive work identifying or investigating potential claims in the action and have litigated the validity of those claims through the motion to dismiss this case. Class Counsel are experienced in handling class actions, other complex litigation, and claims of the type asserted in this Action. Class Counsel are knowledgeable about the applicable law and

have committed the necessary resources to represent the Settlement Class. Rule 23(g) is satisfied.

2. <u>Class Certification.</u> Based on the findings set forth above, the Court preliminarily certifies the following class under Federal Rules of Civil Procedure 23(b)(1) and/or (2) and 23(e) in this litigation (the "Settlement Class"):

> All persons who are or were participants, whether vested or non-vested, in the Plan on or after January 1, 2008, and their beneficiaries.

The Court preliminarily appoints Linda Griffith and Jeanette Wenzl, the Named Plaintiffs, as the class representatives for the Settlement Class, and Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll, PLLC as Class Counsel for the Settlement Class.

3. <u>Preliminary Findings Regarding Proposed Settlement.</u> The Court preliminarily finds that:

    A. The proposed Settlement resulted from informed, extensive arm's-length negotiations that took place over multiple weeks and were facilitated by a third-party mediator, Robert Meyer, Esq.;

    B. Class Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate; and

    C. The proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

4. <u>Final Fairness Hearing.</u> A hearing is scheduled for Tuesday, March 21, 2017, at 9:00 a.m. ("Fairness Hearing") to determine, among other things:

    A. Whether the Settlement should be approved as fair, reasonable, and adequate;

    B. Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

    C. Whether the Class Notice provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably

calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

        D.      Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

        E.      Whether the application for payment of attorney fees and expenses to Class Counsel should be approved; and

        F.      Whether the application for an Incentive Fee for the Named Plaintiffs should be approved.

5.      <u>Class Notice.</u>  A proposed form of Class Notice is attached as Exhibit 3 to Plaintiffs' Preliminary Approval Motion. With respect to such form of Class Notice, the Court finds that such form fairly and adequately:

        A.      Describes the terms and effect of the Settlement Agreement;

        B.      Notifies the Settlement Class that Class Counsel's attorney fees and expenses, and Named Plaintiffs' Incentive Fees, will be paid according to § 8.1.5 of the Settlement Agreement;

        C.      Gives notice to the Settlement Class of the time and place of the Fairness Hearing;

        D.      Advises members of the Settlement Class that they do not have the right to opt out of the Settlement Class;

        E.      Advises members of the Settlement Class of the binding effect of a judgment on members of the Settlement Class; and

        F.      Describes how the recipients of the Class Notice may object to any of the relief requested. The Court directs that:

          i.      No later than 60 days prior to the Fairness Hearing, the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, shall be sent to each Person within the Settlement Class who can be identified by the Plan's current record-keeper. Such notice shall be in a form that the Parties have deemed to be cost effective and sent to the last known address for members of the Settlement Class. Providence will pay the cost for notice to the Settlement Class as part of the settlement administration.

          ii.      No later than 60 days prior to the Fairness Hearing, Class Counsel shall cause the Settlement Agreement and the Class Notice to be published on the websites identified in the Class Notice.

          iii.      At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing Class Notice mailing and publication requirements.

          iv.      No later than 45 days before the Fairness Hearing, Class Counsel shall file motions for final approval of the Settlement, attorney fees and expenses, and Incentive Fees to the Named Plaintiffs.

          v.      Seven days prior to the Fairness Hearing, Class Counsel shall file a reply in support of the motions for final approval of the Settlement, attorney fees and expenses, and Incentive Fees to the Named Plaintiffs. The Parties must also respond to any comments or objections to the Settlement.

6.    <u>Objections to Settlement.</u>  Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the application for payment of attorney fees and expenses, or to the application for Incentive Fees for the Named Plaintiffs, may timely file an objection in writing no later than February 21, 2017. All written objections and supporting papers must: (1) clearly identify the case name and number "*Griffith, et al. v. Providence Health & Services, et al.,* Case No. 14-cv-01720-JCC"; (2) be filed with the Court and postmarked and mailed or faxed to Class

1  Counsel and Defendants' Counsel at the addresses below on or before February 21, 2017; (3) set

2  forth the objector's full name, current address, and telephone number; (4) set forth a statement of

3  the position the objector wishes to assert, including the factual and legal grounds for the position;

4  (5) set forth the names and a summary of testimony of any witnesses that the objector might

5  want to call in connection with the objection; (6) provide copies of all documents that the

6  objector wishes to submit in support of his/her position; (7) provide the name(s), address(es) and

7  phone number(s) of any attorney(s) representing the objector; and (8) state the name, court, and

8  docket number of any class action litigation in which the objector and/or his/her attorney(s) has

9  previously appeared as an objector or provided legal assistance with respect to an objection; and

10  (9) include the objector's signature.

11  The addresses for filing objections with the Court and service on counsel are as follows:

12  To the Court:

13  Clerk of the Court
14  United States District Court
   Western District of Washington
15  700 Stewart Street, Suite 2310
   Seattle, WA 98101
16  Re:  *Griffith, et al. v. Providence Health & Services*, No. 14-cv-01720-JCC

17  To Class Counsel:

18  Lynn Lincoln Sarko
19  KELLER ROHRBACK L.L.P
   1201 Third Avenue, Suite 3200
20  Seattle, WA 98101
   Fax: (206) 623-3384
21
   Ron Kilgard
22  KELLER ROHRBACK L.L.P
   3101 North Central Avenue, Suite 1400
23  Phoenix, AZ 85012
   Fax: (602) 248-2822
24
25  Karen L. Handorf
   Michelle Yau
26  COHEN MILSTEIN SELLERS & TOLL, PLLC
   1100 New York Avenue, N.W.
27

Suite 500, West Tower
Washington, D.C.  20005
Fax: (202) 408-4699

To Defendants' Counsel:

Howard Shapiro
Stacey C.S. Cerrone
PROSKAUER ROSE, LLP
650 Poydras Street, Suite 1800
New Orleans, LA  70130
Fax: (504) 310-2022

If an objector hires an attorney to represent him or her for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than February 21, 2017. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

7.      <u>Appearance at Fairness Hearing.</u>  Any objector who files and serves a timely written objection in accordance with paragraph 6 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and on the Defendants' counsel at the addresses set out above.  The objector must also file the notice of intention to appear with the Court by no later than February 21, 2017. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8. <u>Notice Expenses.</u>  The expenses of printing and mailing all notices required hereby shall be paid by Providence Health & Services as provided in § 8.2 of the Settlement Agreement.

9. <u>Service of Papers.</u>  Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

10. <u>Termination of Settlement.</u>  This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.  In such event, § 10 of the Settlement Agreement shall govern the rights of the parties.

11. <u>Use of Order.</u>  In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendants, the Named Plaintiffs or the Settlement Class.

12. <u>Continuance of Hearing.</u>  The Court may continue the Fairness Hearing without further written notice.

DATED this 6th day of December 2016.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

Presented by:

By: s/ Lynn Lincoln Sarko
 s/ Erin M. Riley
 s/ Laura Gerber
 s/ Gretchen S. Obrist
 s/ Havila C. Unrein
Lynn Lincoln Sarko, WSBA #16569
Erin M. Riley, WSBA #30401
Laura Gerber, WSBA #34981
Gretchen S. Obrist, WSBA #37071
Havila C. Unrein, WSBA #40881
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Tel: (206) 623-1900
Fax: (206) 623-3384
Email: lsarko@kellerrohrback.com
Email: eriley@kellerrohrback.com
Email: lgerber@kellerrohrback.com
Email: gobrist@kellerrohrback.com
Email: hunrein@kellerrohrback.com

KELLER ROHRBACK L.L.P.

By: s/ Ron Kilgard
Ron Kilgard, Pro Hac Vice
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248- 2822
Email: rkilgard@kellerrohrback.com

COHEN MILSTEIN SELLERS & TOLL, PLLC

By: s/ Karen L. Handorf
 s/ Michelle Yau
Karen Handorf, Pro Hac Vice
Michelle Yau, Pro Hac Vice
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Tel: (202) 408-4600
Fax: (202) 408-4699
Email: khandorf@cohenmilstein.com
Email: myau@cohenmilstein.com

*Attorneys for Plaintiffs*