The Honorable John C. Coughenour

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9
10
11

LINDA GRIFFITH and JEANETTE WENZL, on behalf of themselves, individually, and on behalf of the Providence Health & Services Cash Balance Retirement Plan,

No. 2:14-cv-01720-JCC

12
13

                                        Plaintiffs,

        v.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT AND CERTIFICATION OF SETTLEMENT CLASS

14
15
16
17
18
19
20
21
22
23
24
25

PROVIDENCE HEALTH & SERVICES; RETIREMENT PLANS COMMITTEE; ELLEN WOLF; JOHN and JANE DOES 1-20, inclusive, MEMBERS OF THE RETIREMENT PLANS COMMITTEE; JOHN or JANE DOE 21, PLAN DIRECTOR; HUMAN RESOURCES COMMITTEE OF THE BOARD OF DIRECTORS; JOHN and JANE DOES 22-40, inclusive, MEMBERS OF THE HUMAN RESOURCES COMMITTEE OF THE BOARD OF DIRECTORS; ROD HOCHMAN; BOARD OF DIRECTORS OF PROVIDENCE HEALTH & SERVICES; MICHAEL HOLCOMB; CHAUNCEY BOYLE; ISIAAH CRAWFORD; MARTHA DIAZ ASZKENAZY; PHYLLIS HUGHES; SALLYE LINER; KIRBY McDONALD; DAVE OLSEN; AL PARRISH; CAROLINA REYES; PETER J. SNOW; MICHAEL A. STEIN; CHARLES WATTS; BOB WILSON; JOHN and JANE DOES 41-50, inclusive,

NOTE ON MOTION CALENDAR:
MARCH 21, 2017

TIME: 9:00 A.M.

COURTROOM: 16206

26
27

                                        Defendants.

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
(2:14-cv-01720-JCC)

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

    A.      Procedural History ................................................ 2

    B.      Settlement Negotiations ........................................... 4

        1.      Monetary Consideration ........................................ 5

        2.      Non-Monetary Equitable Consideration ...................... 6

        3.      Other Equitable Consideration ................................. 6

        4.      Class ............................................................. 7

        5.      Released Claims ................................................. 7

        6.      Notice ........................................................... 7

        7.      Attorneys' Fees ................................................. 7

    D.      Reasons for the Settlement ........................................ 8

    E.      Preliminary Approval .............................................. 9

    F.      Notice to the Class and the Lack of Objections to Date ........... 9

III.    THE COURT SHOULD GRANT FINAL APPROVAL OF THE
    SETTLEMENT ................................................................ 10

    A.      The Settlement Meets the Judicial Standards for Final Approval ..... 10

        1.      The Strength of Plaintiffs' Case Supports Settlement ......... 11

        2.      The Settlement is Preferable to the Risk, Expense,
            Complexity, and Likely Duration of Further Litigation ........ 11

        3.      The Risk of Maintaining Class Action Status Throughout
            the Trial Supports Final Approval ............................ 12

        4.      The Amount Offered in Settlement Is Substantial and
            Weighs in Favor of Approval ................................. 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

5.     The Fact that Extensive Investigation and Informal
Discovery Were Completed Before Settlement Favors Final
Approval ........................................................................................ 14

6.     The Opinions of Experienced Counsel Weigh in Favor of
Approval ........................................................................................ 15

7.     The Presence of a Government Participant Supports
Approval ........................................................................................ 16

8.     The Reaction of Absent Members of the Settlement Class ................... 16

9.     The Settlement is the Product of Non-Collusive, Arm's-
Length Negotiations ...................................................................... 17

B.    The Form and Methods of Notice Employed Satisfy Rule 23 and
Due Process ........................................................................................... 18

C.    Certification of the Settlement Class Is Appropriate ........................................ 19

1.     The Requirements of Rule 23(a) Are Easily Satisfied ........................... 20

2.     The Class Satisfies the Requirements of Rule 23(b)(1) and
(b)(2) .............................................................................................. 21

a.    Individual Actions Would Create Inconsistent
Adjudications or be Dispositive of the Interests of
Absent Members ...................................................................... 21

b.    Defendants Have Acted on Grounds Generally
Applicable to the Class and Relief for the Class as a
Whole is Appropriate .............................................................. 22

3.     The Requirements of Rule 23(g) Are Met ............................................. 22

IV.    CONCLUSION ................................................................................................................ 23

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
(2:14-cv-01720-JCC) - ii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)..............................................................................................19

*Berger v. Xerox Corp. Ret. Income Guarantee Plan*,
    338 F.3d 755 (7th Cir. 2003) ..............................................................................22

*Churchill Vill. L.L.C. v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004) ..............................................................................15

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) ......................................................................10, 15

*Dennings v. Clearwire Corp.*,
    No. 10-1859, 2013 WL 1858797 (W.D. Wash. May 3, 2013) .............................17

*Dignity Health v. Rollins*,
    No. 16-258, 2016 WL 4548037 (U.S. Aug. 29, 2016) ..........................................3

*Foe v. Cuomo*,
    700 F. Supp. 107 (E.D.N.Y. 1988), *aff'd*, 892 F.2d 196 (2d Cir. 1989), *cert.
    denied*, 498 U.S. 972 (1990) ..............................................................................19

*G.F. v. Contra Costa Cty.*,
    No. 13-03667, 2015 WL 7571789 (N.D. Cal. Nov. 25, 2015) .............................17

*In re Glob. Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) ....................................................................18, 22

*K.M. v. Regence BlueShield*,
    No. 13-1214, 2014 WL 801204 (W.D. Wash. Feb. 27, 2014)..............................20

*Kaplan v. Saint Peter's Healthcare Sys.*,
    810 F.3d 175 (3d Cir. 2015), *petition for cert. filed*, No. 16-86 (U.S. July 18,
    2016) ...............................................................................................................4, 8, 11

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ............................................................................14

*McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Tr.*,
    268 F.R.D. 670 (W.D. Wash. 2010) ..........................................................19, 21, 22

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - iii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ...................................................................14, 15

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) ...........................................................................................18

*In re Mut. Funds Inv. Litig.*,
  MDL No. 1586, 2010 WL 2307568 (D. Md. May 19, 2010) .................................22

*MWS Wire Indus., Inc. v. Cal. Fine Wire Co.*,
  797 F.2d 799 (9th Cir. 1986) ..............................................................................10

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) .............................................................11, 14, 15

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982) ..............................................................................10

*Pelletz v. Weyerhaeuser*,
  255 F.R.D. 537 (W.D. Wash. 2009) ......................................................12, 13, 15, 16

*Rollins v. Dignity Health*,
  59 F. Supp. 3d 965 (N.D. Cal. 2014) ......................................................................3

*Rollins v. Dignity Health*,
  830 F.3d 900 (9th Cir. 2016) .............................................................................3, 11

*Rollins v. Dignity Health*,
  No. 13-1450 (N.D. Cal. Apr. 1, 2013) ..............................................................3, 4, 8

*Stapleton v. Advocate Health Care Network*,
  817 F.3d 517 (7th Cir. 2016), *petition for cert. filed*, No. 16-74 (U.S. July 15,
  2016) ................................................................................................................4, 11

*Thorkelson v. Publ'g House of the Evangelical Lutheran Church in Am.*,
  No. 10-1712 (D. Minn. Apr. 21, 2010) ...................................................................15

*Villegas v. United States*,
  963 F.Supp.2d 1145 (E.D. Wash. 2013) ..................................................................18

*Wilson v. Venture Fin. Grp., Inc.*,
  No. 09-5678, 2011 WL 219692 (W.D. Wash. Jan. 24, 2011) ...........................19, 20

**Federal Statutes**

28 U.S.C. § 1715 ...........................................................................................................2

29 U.S.C. § 1002(33) ....................................................................................................2

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - iv

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

29 U.S.C. § 1132(a) ..................................................................................................22

**Rules**

Fed. R. Civ. P. 23 ...........................................................................................20, 21, 22

**Other Authorities**

*Pension and Employee Benefit Law* 187-88 (6th ed. 2015) ........................................13

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - v

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

# I. INTRODUCTION

Plaintiffs Linda Griffith and Jeanette Wenzl, by and through their attorneys, respectfully move the Court for an Order: (1) granting final approval of the Class Action Settlement Agreement[1] ("Settlement" or "Settlement Agreement") described herein and preliminarily approved by the Court on December 6, 2016 (Dkt. # 52); and (2) granting final certification of the Class pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2).[2] Defendants do not oppose the relief sought herein but do not endorse all averments stated in this pleading.

The Settlement is an excellent result for the proposed Settlement Class, participants and beneficiaries of the Providence Health & Services Cash Balance Retirement Plan ("Plan"): it provides for **$351.9 million** in monetary relief, including a **$350 million** contribution to the Plan and a cash payment of $500 to each of the 3,799[3] former participants who terminated with insufficient years of service to vest under the current Plan terms, but who would have been entitled to vested benefits under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). In addition to these payments, Providence will continue to make minimum contributions to the Plan with the present intent to fully fund the Plan by December 31, 2029, and will guarantee that there are sufficient assets in the Plan's trust to pay participants' accrued benefits for as long as the Plan is in existence. The Settlement also includes significant provisions that will enhance the retirement security of the members of the Settlement Class. These protections are comparable to some of ERISA's key provisions and will enable Plan

---

[1] Capitalized terms not otherwise defined in this memorandum have the same meaning as ascribed to them in the Settlement Agreement, attached hereto as Exhibit 1 ("Ex. 1").

[2] Plaintiffs file the instant Motion contemporaneously with their Motion for Awards of Attorneys' Fees and Expenses, and Incentive Fees to the Named Plaintiffs.

[3] In connection with the Class Notice process, the Parties identified three participants who had been listed on Schedule A to the Settlement Agreement, Ex. 1 hereto, but upon further inspection of relevant information, the Parties determined these individuals were not properly included in Group II, which consists of former participants who terminated service at Providence with more than three, but less than five, years of service under the terms of the Plan. Accordingly, Class Notice was mailed to 3,799 people in Group II, rather than the 3,802 individuals originally identified in Schedule A to the Settlement Agreement, Ex. 1. *See* Joint Declaration of Lynn Lincoln Sarko and Michelle C. Yau in Support of (1) Plaintiffs' Unopposed Motion for Final Approval of Settlement Agreement and Certification of Settlement Class; and (2) Plaintiffs' Motion for Awards of Attorneys' Fees and Expenses, and Incentive Fees to the Named Plaintiffs ("Joint Decl.") ¶ 4 n.2, filed contemporaneously herewith. *See also* Affidavit of Abigail Schwartz for Rust Consulting, Inc. ("Rust Aff." or "Rust Affidavit"), filed contemporaneously herewith.

---

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
  (2:14-cv-01720-JCC) - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

participants and beneficiaries to receive important notices and disclosures concerning the Plan and their benefits.

The Settlement was reached only after vigorous arm's-length negotiations by experienced counsel with the assistance of a third-party mediator who has had significant experience mediating ERISA and church plan cases.

The Parties have fully complied with the terms of the Order Preliminarily Approving Class Action Settlement Agreement ("Preliminary Approval Order"), Dkt. # 52, including providing notice of the Settlement to the Settlement Class[4] and mailing the Class Action Fairness Act ("CAFA") notices to the requisite officials pursuant to the CAFA statute.[5] 28 U.S.C. § 1715. Under the governing standards for evaluating class action settlements in this Circuit, this Settlement is fair, reasonable, and adequate, and therefore Plaintiffs respectfully ask that the Court approve it.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Procedural History

On November 7, 2014, Plaintiffs Griffith and Wenzl filed a putative class action Complaint in this Court against Providence—a large, non-profit healthcare provider—and various other defendants (collectively, the "Defendants") alleging violations of ERISA. *See* Complaint, Dkt. # 1. The Complaint alleges that Defendants denied ERISA protections to the participants and beneficiaries of the Plan, a defined benefit pension plan sponsored by Providence, by incorrectly claiming that the Plan qualifies as an ERISA-exempt "church plan." *See id.* ¶¶ 1-9; 29 U.S.C. § 1002(33). It further alleges that, by improperly claiming this exemption, Defendants deny Plan participants the protections of ERISA, including minimum funding, vesting, notices, and disclosures.

On January 26, 2015, Defendants filed a motion to dismiss the Complaint. Dkt. # 32. That motion focused mainly on the issue of whether, in order to claim the church plan

---

[4] *See* Rust Aff. ¶ 10 and Exs. 1 and 2 thereto.
[5] *See* Declaration of Benjamin Saper ("Saper Decl."), submitted contemporaneously herewith.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

exemption, the plan must be established by a church; however, it also raised other factual and legal disputes, such as constitutional arguments and issues concerning whether Providence is "controlled by" or "associated with" a church under ERISA. *See* Dkt. ## 32, 37. Class Counsel responded in detail to that motion and the arguments raised by Defendants. *See* Dkt. # 35; *see also* Joint Decl. ¶ 15.

While the motion to dismiss briefing was in progress, the Parties engaged in informal discovery. Plaintiffs propounded detailed discovery requests on Defendants, and Defendants produced approximately 2,100 pages of documents in response to those requests, including Plan documents, trust agreements, and communications with the Internal Revenue Service and Department of Labor. *See id.* ¶ 16.

During this time period, another case concerning the church plan exemption, *Rollins v. Dignity Health* ("*Dignity*"), No. 13-1450 (N.D. Cal. filed Apr. 1, 2013), was appealed to the Ninth Circuit after the District Court ruled in favor of the plaintiff and held, on summary judgment, that only a church could establish an ERISA-exempt church plan. *See Rollins v. Dignity Health*, 59 F. Supp. 3d 965, 971 (N.D. Cal. 2014). Recognizing that a Ninth Circuit ruling would have a substantial influence on the course of this litigation, the Parties stipulated to a stay of this case until the Ninth Circuit ruled in the *Dignity* matter. *See* Dkt. # 38. A few days after briefing on the motion to dismiss was complete, this Court granted the stay and ordered the Parties to submit a joint status report within 21 days after the Ninth Circuit's ruling in *Dignity*. Dkt. # 39.

The Parties attended their first formal mediation on July 22, 2016. Joint Decl. ¶ 19. Shortly thereafter, the Ninth Circuit issued its ruling in the *Dignity* case and held that: (1) a church plan must be established by a church, and (2) a church plan must be maintained either by a church or by a principal-purpose organization. *Rollins v. Dignity Health*, 830 F.3d 900, 905 (9th Cir. 2016). The *Dignity* defendants then petitioned for review of the Ninth Circuit's decision in the Supreme Court. *See Dignity Health v. Rollins*, No. 16-258, 2016 WL 4548037

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

(U.S. Aug. 29, 2016). Around the same time, two other appellate court decisions relating to the church plan exemption were likewise appealed to the Supreme Court—one from the Third Circuit and one from the Seventh Circuit—both of which similarly held that a "church plan" must be established by a church. *Kaplan v. Saint Peter's Healthcare Sys.* ("*St. Peter's*"), 810 F.3d 175 (3d Cir. 2015), *petition for cert. filed*, No. 16-86 (U.S. July 18, 2016); *Stapleton v. Advocate Health Care Network* ("*Advocate*"), 817 F.3d 517 (7th Cir. 2016), *petition for cert. filed*, No. 16-74 (U.S. July 15, 2016). (As discussed in more detail below, certiorari has now been granted in all of these cases.)

The Parties continued mediating after the *Dignity* decision was issued by the Ninth Circuit. On August 16, 2016, the Parties filed a Joint Status Report with the Court and stipulated to continue the stay of this matter so that they could continue to engage in extensive settlement negotiations. Dkt. # 43.

**B.    Settlement Negotiations**

The settlement negotiations in this matter took place over the course of several months and were overseen by a third-party JAMS mediator, Robert Meyer, Esq., who has substantial experience mediating cases concerning ERISA and retirement plan issues, including cases involving the church plan exemption in ERISA. Ex. 1 at § 2.7; Joint Decl. ¶ 22. These negotiations included an in-person mediation session in Seattle, Washington, as well as numerous calls and meetings. Joint Decl. ¶ 23. Both sides provided the mediator with their respective mediation statements and also exchanged multiple proposals and counter-proposals with each other concerning potential settlement terms. *Id.*

Prior to and during the course of these negotiations, Class Counsel investigated the facts, circumstances, and legal issues associated with the allegations and defenses in the action. The investigation included, *inter alia*: (a) inspecting, reviewing, and analyzing documents produced by or otherwise relating to the Defendants, the Plan, and the administration and funding of the Plan, including documents that Defendants produced for settlement purposes; (b) researching the

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

applicable law with respect to the claims asserted in the case and the possible defenses thereto; (c) consulting with experts; and (d) researching and analyzing governmental and other publicly-available sources concerning Defendants, the Plan, and the industry. Ex. 1 at § 2.10; Joint Decl. ¶ 24. Class Counsel reviewed information from Providence's actuary to confirm and verify the schedule of former participants who accrued more than three, but less than five, years of vesting service under the Plan and who were thus entitled to the Vesting Payment set forth in the Settlement Agreement ("Group II"). *See* Ex. 1 at § 8.1.3; Joint Decl. ¶¶ 4 n.2, 25.[6]

After intensive negotiations, the Parties finally reached an agreement in principle to settle the case. Joint Decl. ¶ 27. On September 29, 2016, the Parties filed a status report informing the Court they had signed a Term Sheet containing the preliminary terms resolving this matter. Dkt. # 48. They requested that the Court lift the stay in order to carry out settlement approval proceedings, which the Court granted on September 29, 2016. Dkt. # 49.

Thereafter, the Parties drafted and finalized a comprehensive Settlement Agreement based on the Term Sheet, which was executed by all Parties on October 20, 2016. *See* Ex. 1. The Settlement is the result of lengthy and contentious arm's-length negotiations between the Parties. Joint Decl. ¶ 30. The process was thorough, adversarial, and professional. *Id.*

## C. Terms of the Settlement Agreement.

The following summarizes the principal terms of the Settlement:[7]

### 1. Monetary Consideration

The monetary consideration provided under this Settlement is substantial, totaling **$351.9 million.** Providence will contribute **$350 million to the Plan.** Ex. 1 at § 8.1.2. This payment will be made by annual contributions to the Plan for seven years. *Id.* Providence will also pay $1.9 million in the aggregate (or $500/person) to the 3,799 individuals who left covered service

---

[6] As discussed in n.3, *supra*, the Settlement Agreement originally identified 3,802 former participants who were in Group II and entitled to the Vesting Payment. *See* Ex. 1 at Schedule A. However, upon further investigation, the Parties determined that three individuals were improperly included in this Group II. Accordingly, Class Notice was mailed to 3,799 Group II members. *See* Rust Aff. ¶ 10; Joint Decl. ¶ 4 n.2.

[7] *See* Ex. 1.

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

under the Plan after completing at least three, but less than five, years of vesting service but who are not fully vested under the Plan's terms. *Id.* at § 8.1.3. In addition to these payments, beginning eight years after the Effective Date, Providence will make minimum contributions to the Plan, as recommended by the Plan's actuary, with the present intent to fully fund the Plan by December 31, 2029. *Id.* at § 8.1.4.

### 2. Non-Monetary Equitable Consideration

In addition to contributing hundreds of millions of dollars into the Plan over the next seven years, Providence also guarantees—for the duration of the Plan's existence—that the Plan's trust will have sufficient funds to pay participants' accrued benefits as they come due. Ex. 1 § 9.1. Under the Settlement, Plan participants' accrued benefits cannot be reduced if this Plan is ever amended or terminated. *Id.* § 9.2. Additionally, if the Plan is ever merged with or into another Plan, participants will be entitled to the same or greater benefits as they enjoyed before the event. *Id.* § 9.3. As explained in more detail in section III(A)(4), these commitments are crucial because, as it stands now, the Plan's promise to pay is "fund-specific," meaning that the Plan's financial responsibility for benefits is limited **solely** to the amount of assets held in the Plan's trust fund. Because of this Settlement, if the assets in the Plan's trust are ever insufficient to pay accrued benefits, Providence must make sufficient contributions to the trust to ensure all accrued benefits are paid. *Id.* § 9.1.

### 3. Other Equitable Consideration

Plan participants also receive many other protections under this Settlement that are comparable to key ERISA provisions. For example, Plan participants will be entitled to summary plan descriptions describing the Plan, summaries of any material modifications to the Plan, pension benefit statements, and claims procedures. *Id.* § 9.5. Plan participants and beneficiaries may also request annual reports containing financial information about the Plan. *Id.* § 9.5.2.

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
(2:14-cv-01720-JCC) - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

### 4. Class

The Settlement contemplates that the Court will certify a non-opt-out class under Federal Rule of Civil Procedure 23(b)(1) or (b)(2). Ex. 1 § 3.2.2(a). The Settlement Class is defined as: All persons who are or were participants, whether vested or non-vested, in the Plan, on or after January 1, 2008, and their beneficiaries. *Id.* § 1.31.

### 5. Released Claims

Section 4.1 of the Settlement Agreement generally defines the Released Claims as claims brought by Plaintiffs, or claims that could have been asserted by Plaintiffs, arising out of the allegations in the instant action. However, there is a significant carve out from the Released Claims. Namely, the Settlement Agreement provides that Defendants will not be released prospectively in the event of certain developments in the law, such as the Internal Revenue Service issuing a written ruling that the Plan does not qualify as a church plan, or ERISA is amended eliminating the church plan exception. *See* Ex. 1 § 4.1.4.

### 6. Notice

The Preliminary Approval Order provided for the following notices: (a) a mailed notice, sent to the last known address of members of the Settlement Class, including an additional enclosure with the Notice for each individual who terminated with more than three, but less than five, years of "vesting service" in the Plan on or after January 1, 2008, and who was entitled to the $500 payment (members of Group II); and (b) internet publication of the Settlement Agreement and Class Notice on www.kellersettlements.com and www.cohenmilstein.com/providence-settlement. Defendants paid the cost for notice, and the notice was sent out on January 19, 2017. *See* Ex. 1 § 3.2.3; Rust Aff. ¶ 10.

### 7. Attorneys' Fees

By separate application, Class Counsel seeks an award of attorneys' fees, expenses, and a class representative incentive award for the Named Plaintiffs (Linda Griffith and Jeanette Wenzl),[8] in an amount not to exceed $6.5 million. The Settlement Class was notified of these

---

[8] As discussed in more detail in Plaintiffs' Motion for Awards of Attorneys' Fees and Expenses, and Incentive Fees

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

details in the Class Notice. The attorneys' fees are separate from the $350 million contribution to the Plan and the $1.9 million pro rata payment to individuals who terminated with more than three, but less than five, years of vesting service (Group II). Importantly, the attorneys' fees, expenses, and class representative Incentive Fees to the Named Plaintiffs will not reduce the $351.9 million Class Settlement Amount. Ex. 1 § 8.1.5.

**D.     Reasons for the Settlement**

Plaintiffs have entered into this proposed Settlement with an understanding of the risks associated with continued litigation, which takes into account the strengths and weaknesses of their claims. This understanding is based on: (1) the motion practice undertaken by the Parties in the district court; (2) investigation and research; (3) the range of possible recovery; (4) the substantial complexity, expense, and duration of litigation necessary to prosecute this action through appeal, and if successful there, through trial, post-trial motions, and likely additional appeals, and the significant uncertainties in predicting the outcome of this complex litigation; (5) Defendants' determination to fight and contest every aspect of the case; and (6) the pendency of the proceedings in the United States Supreme Court concerning the scope and meaning of the church plan exemption to ERISA. As noted in section II(A), since Plaintiffs' Motion for Preliminary Approval, Dkt. # 50, was filed, the Supreme Court has granted certiorari in all three of the church plan cases cited above—*Dignity*, *Advocate*, and *St. Peter's*. *See Advocate Health Care Network v. Stapleton*, *Saint Peter's Healthcare Sys. v. Kaplan*, *Dignity Health v. Rollins*, Nos. 16-74, 16-86, 16-258 (cert. granted Dec. 2, 2016) (hereinafter, "*Advocate*, *Saint Peter's*, *Dignity*, Nos. 16-74, 16-86, 16-258"). The scope of the church plan exemption will now be decided by the highest court in the country, and the uncertain outcome of those proceedings raises risks for both sides in continuing this litigation. Having undertaken an analysis of all of

_____

to the Named Plaintiffs, filed contemporaneously herewith, Plaintiffs seek an award of $10,000 for each of the two Named Plaintiffs for their services in this litigation and on behalf of the Class. This amount will be paid out of the $6.5 million being requested pursuant to section 8.1.5 of the Settlement Agreement, and will in no way reduce the relief to the Settlement Class.

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
(2:14-cv-01720-JCC) - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

these factors, Class Counsel have concluded that the Settlement is fair, reasonable, and adequate, and that it should be approved. Moreover, to date Class Counsel have not received any objections to the proposed Settlement.

## E.    Preliminary Approval

Class Counsel moved for preliminary approval of the Settlement Agreement on October 20, 2016, Dkt. # 50, and the Court entered the Preliminary Approval Order on December 6, 2016. In the Preliminary Approval Order, the Court found that the proposed Class met all the requirements of Rules 23(a) and (b), and preliminarily certified the Class defined above pursuant to Rules 23(b)(1) and/or (2) and 23(e). *Id.* at 3. The Court further appointed Linda Griffith and Jeanette Wenzl, the Named Plaintiffs, as the Class representatives for the Settlement Class, and appointed Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll, PLLC, as Class Counsel for the Settlement Class. *Id.*

## F.    Notice to the Class and the Lack of Objections to Date

In paragraph 5 of the Preliminary Approval Order, the Court approved the form of the proposed Notice and set deadlines for mailing and publishing the Notice and for posting the Notice on the settlement websites created and maintained for this litigation. *Id.* at 4–5. In accordance with the Court's Order, Defendants issued the Court-approved Notice on January 19, 2017. The Rust Affidavit, submitted contemporaneously herewith, demonstrates compliance with this Court's Order for Class Notice. The Rust Affidavit attests to the mailing of 75,505 individual Notices to the Settlement Class (71,706 notices to Group I and 3,799 notices to Group II), wherein February 21, 2017 was established as the deadline for objecting to the proposed Settlement and Plaintiffs' motion for attorneys' fees and other relief. Rust Aff. ¶ 10. Further, Rust created a dedicated telephone line for the Settlement Class. *Id.* ¶ 14. As of January 31, 2017, Rust had received approximately 207 phone inquiries. *Id.* ¶ 14.

By January 20, 2017, as required by the Preliminary Approval Order, Class Counsel also posted and linked the Complaint, the Settlement Agreement, the Class Notice, the Preliminary

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Approval Motion, and the Preliminary Approval Order on www.kellersettlements.com and www.cohenmilstein.com/providence-settlement, the dedicated Settlement websites through which the Settlement Class could access Settlement-related information and materials. *See* Joint Decl. ¶¶ 34-35.  As of February 1, 2017, these sites had recorded 573 visitor sessions and Class Counsel have responded to 110 email and phone inquiries. *Id*. ¶ 36.

## III.   THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT

### A.   The Settlement Meets the Judicial Standards for Final Approval

Courts consistently favor the settlement of disputed claims, *see MWS Wire Indus., Inc. v. Cal. Fine Wire Co.*, 797 F.2d 799, 802 (9th Cir. 1986), particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  Now that the Court has preliminarily approved the settlement and caused notice to issue to Settlement Class members consistent with Federal Rule of Civil Procedure 23(e)(1) (*see also* section III(B), *infra*), the Court must decide whether final approval is warranted.  Ultimately, the Court should finally approve the settlement if it determines that the settlement is "fundamentally fair, adequate, and reasonable." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  The Ninth Circuit has articulated eight factors for courts to consider in this analysis, which are:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.*

When examined under the applicable criteria, each and every factor supports final judicial approval of the Settlement, which is an excellent result for the Class.

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

### 1. The Strength of Plaintiffs' Case Supports Settlement

Plaintiffs' case is strong and they have pursued it vigorously, but the litigation is not without risk or uncertainty. To date, Plaintiffs' arguments that only *churches* may establish ERISA-exempt *church* plans have been upheld by the Third, Seventh, and Ninth Circuit Courts of Appeals. *See Dignity*, 830 F.3d at 905; *St. Peter's*, 810 F.3d at 183; *Advocate*, 817 F.3d at 523. However, the United States Supreme Court has recently granted certiorari in all three of those cases, and will be deciding whether, as Plaintiffs contend, church plans must be established by churches; or whether, as Defendants contend, organizations "controlled by" or "associated with" churches may establish their own church plans. *See Advocate*, *Saint Peter's*, *Dignity*, Nos. 16-74, 16-86, 16-258 (certiorari granted Dec. 2, 2016). The pendency of proceedings in the Supreme Court on the fundamental issues in this case—the meaning and scope of the "church plan" exemption in ERISA—poses risks for both sides in continuing with this litigation.

First, the pendency of such proceedings means that this case could potentially be delayed for months. Second, a decision from the Supreme Court will not necessarily resolve all the issues in the litigation. The parties will still need to litigate how the Supreme Court's ruling applies to the facts of this case, as well as continue with fact and expert discovery, class certification, preparation of witnesses and exhibits for trial, pre-trial memoranda and procedures, presentation of witnesses and evidence at trial, and a near-certain appeal of any judgment. Plaintiffs believe they would be successful, but are nevertheless conscious that continued litigation comes with substantial risk and could result in non-recovery for the Class.

Given the potential risks and delays, a Class Settlement of $351.9 million, along with significant other administrative and equitable protections, should be regarded as a highly favorable recovery that warrants final approval. *See* Ex. 1 §§ 8.1–9.5.4.

### 2. The Settlement is Preferable to the Risk, Expense, Complexity, and Likely Duration of Further Litigation

"[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v.*

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

*DIRECTV, Inc.*, 221 F.R.D. 523, 526–27 (C.D. Cal. 2004). Class Counsel believe strongly in their claims and have vigorously pursued them, but there is risk in any litigation, and especially here, where the area of the law—ERISA church plan litigation—is one of the most nuanced, unpredictable, and rapidly developing in ERISA jurisprudence, as evidenced by the proceedings in the Supreme Court. Moreover, presenting an ERISA case of this type on the merits is a massive undertaking, with substantial risks, expense, and delay. Defendants have forcefully defended their actions with respect to the Plan to date, and there is no reason to believe they would not continue to do so through trial and on appeal if necessary. The monetary and non-monetary consideration to the Plan is far better for the Class than the possibility of a more significant recovery, if any, after an expensive and protracted trial and appeal.

### 3. The Risk of Maintaining Class Action Status Throughout the Trial Supports Final Approval

Although the risk of maintaining class action status through trial is likely minimal in this case, the balance of the factors still weighs in favor of final approval of the Settlement. *See Pelletz v. Weyerhaeuser*, 255 F.R.D. 537, 542 (W.D. Wash. 2009) ("The Court finds that the risk of maintaining the class action throughout the trial was probably minimal; however, the balance of these factors favors approval, and the Court is not persuaded that this factor alone militates a different result.").

### 4. The Amount Offered in Settlement Is Substantial and Weighs in Favor of Approval

The Settlement provides substantial monetary and equitable relief to the Plan and the Class. As noted above, Providence will make a $350 million contribution to the Plan and guarantee that the Plan's trust will have sufficient assets to pay benefits as they come due. Ex. 1 at §§ 8.1.1, 8.1.4, 9.1. Providence also guarantees that participants' accrued benefits cannot be reduced in the event of a Plan amendment or termination, and that if this Plan is merged with or into another Plan, participants and beneficiaries will be entitled to the same or greater benefits after the merger. *See* Ex. 1 at §§ 9.2-9.3.

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - 12

LAW OFFICES OF
**Keller Rohrback l.l.p.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**Cohen Milstein Sellers & Toll, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

These commitments are significant, as the liabilities of the Providence Plan are "fund-specific." Prior to the enactment of ERISA, the sponsor of a defined benefit plan could limit its responsibility for benefit levels to whatever assets were contained in the trust fund, *i.e.*, a "fund-specific plan." John H. Langbein et al., *Pension and Employee Benefit Law* 187-88 (6th ed. 2015). As explained in the Complaint, among the factors that led to the enactment of ERISA were the widely-publicized failures of certain defined benefit pension plans, especially the plan for employees of Studebaker Corporation, an automobile manufacturing company which defaulted on its pension obligations in 1965. Complaint ¶ 49, citing Langbein, *supra*, at 78-83. The Studebaker plan was fund-specific. Langbein, *supra*, at 244. ERISA prohibits this sort of fund-specific defined benefit promise which failed the Studebaker employees. *Id.* Plaintiffs allege that in claiming the church plan exemption, the Plan is, in essence, a Studebaker-esque pre-ERISA plan. Of course, Defendants dispute this. In any event, the Settlement's equitable consideration provides the Plan's participants and beneficiaries with several important protections comparable to ERISA that they would otherwise lack.

In addition to the payments to the Plan, Providence will also make a pro rata payment of $500 to each of the former participants who terminated with more than three, but less than five, years of vesting service under the Plan, and who therefore allegedly forfeited a benefit under ERISA.

The Settlement also includes other equitable provisions comparable to ERISA's protections, including requiring that Plan participants be provided with summary plan descriptions, summaries of material modifications to the Plan, and administrative notices and procedures (annual reports, pension benefit statements, and claims procedures). Ex. 1 at §§ 9.5.1-9.5.4.

In light of the considerable monetary and equitable relief provided under this Settlement versus the risks of long and protracted litigation, this Settlement Agreement should be approved. *See Pelletz*, 255 F.R.D. at 542 (approving of settlement because "pursuing trial would have

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

delayed the distribution of any benefits to the Class and would likely have incurred far more expenses[]"); *see also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (citation omitted) (settlement should not be judged against a "speculative measure" of what could have been attained in negotiations).

### 5. The Fact that Extensive Investigation and Informal Discovery Were Completed Before Settlement Favors Final Approval

Prior to, and during, settlement negotiations, Plaintiffs and Defendants completed a careful investigation of the facts and law of this case, allowing the Parties to carefully evaluate all of the "legal and factual issues surrounding this case." *Nat'l Rural*, 221 F.R.D. at 527 (citation omitted). The Ninth Circuit has stated that "[i]n the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (citation omitted).

Before filing the Complaint in this case, Plaintiffs engaged in extensive factual and legal research in order to develop their claims and legal theories, which ultimately resulted in a seventy-page Complaint. Joint Decl. ¶¶ 8-14. Such investigation included, among other things, a review and analysis of: the statute at issue in this case, the legislative history behind it, and agency and court opinions interpreting it; Plan documents; Providence's public disclosures; publicly-available financial statements; governmental filings; and information provided by the Plaintiffs themselves. *Id.* The Parties honed the legal issues in this case during the motion to dismiss briefing, and such issues became even more nuanced after decisions concerning the church plan exemption from the Ninth, Third, and Seventh Circuit Courts of Appeals. *Id.* ¶¶ 15, 24. These appellate court decisions informed the Settlement negotiations in this case, as did the risk that they would be appealed to the Supreme Court—a risk that has since come to fruition, with the Supreme Court's grant of certiorari in all three of these cases. *Id.*; *see also* section II(A), *supra*.

The Parties' settlement negotiations also benefited from all the informal discovery and

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

research that was undertaken in this matter, including Defendants' production of approximately 2,100 pages of documents concerning the Plan and its administration, the exchange of additional documents during mediation, and the preparation of mediation statements. Joint Decl. ¶¶ 16, 23-25.

In light of the above, the Parties possessed sufficient information to properly evaluate the value and benefit of this Settlement Agreement, and this factor weighs in favor of final approval. *See Pelletz*, 255 F.R.D. at 543 (approving settlement even though formal discovery was not completed); *In re Mego*, 213 F.3d at 459.

### 6. The Opinions of Experienced Counsel Weigh in Favor of Approval

"'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." *Nat'l Rural*, 221 F.R.D. at 528 (citation omitted); *City of Seattle*, 955 F.2d at 1291; *Churchill Vill. L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576-77 (9th Cir. 2004). "This is because '[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *Nat'l Rural*, 221 F.R.D. at 528 (citing *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).

As evidenced by their firm resumes attached to the Joint Declaration (Exs. A and B thereto), and as detailed in the Joint Decl. ¶¶ 39-48, Class Counsel have extensive experience in handling ERISA church plan litigation and other class action ERISA cases. Keller Rohrback has been litigating church plan cases since 2010 in the case of *Thorkelson v. Publ'g House of the Evangelical Lutheran Church in Am.*, No. 10-1712 (D. Minn. filed Apr. 21, 2010). Joint Decl. ¶ 40. Keller Rohrback and Cohen Milstein serve as co-counsel in all three of the appellate court cases mentioned above that are now pending in the Supreme Court concerning the applicability of the church plan exemption to hospital pension plans. *See* section II(A), *supra*, and Joint Decl. ¶ 42. In addition, Keller Rohrback and Cohen Milstein serve, or have served, as co-counsel in roughly 20 cases pending across the country involving claims by hospital systems that their plans

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - 15

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

qualify as "church plans." *Id.* ¶ 41.

Based on their own experience and the facts of this case, Class Counsel believes that the Settlement is fair, reasonable and is in the best interests of the Plan and the Class. This opinion supports final approval of the Settlement. *See Pelletz*, 255 F.R.D. at 543.

### 7.     The Presence of a Government Participant Supports Approval

The United States Department of Justice was given notice of this action because, as an alternative cause of action, Plaintiffs allege that **if** the Plan is found to be an exempt church plan, then to that extent and as applied to the Plan, the church plan exemption violates the Establishment Clause of the United States Constitution. *See* Complaint ¶¶ 284-92; *see also* Pls.' Notice of Constitutional Question, Dkt. # 18. This alternative, as-applied challenge to the constitutionality of the exemption has not become "live" in this case; the government has not submitted formal briefing on this issue; and the government has not yet formally intervened. *See* Dkt. ## 29, 44.

In addition to the United States Department of Justice being on notice of this lawsuit and the proposed Settlement, the state Attorneys General have also been given notice of the Settlement, as required by the CAFA, 28 U.S.C. § 1715. *See* Saper Decl. ¶¶ 3-5, 8. Although it has been several months since the CAFA notice was first issued, none of the state Attorneys General has raised an objection to this Settlement. These factors all weigh in support of final approval.

### 8.     The Reaction of Absent Members of the Settlement Class

Both Plaintiffs fully support the proposed Settlement, but full consideration of this factor cannot occur until after the deadline to file objections, which is February 21, 2017. Dkt. # 52 at ¶ 6. Class Counsel will address objections, if any, in their Reply in Support of Final Approval (the "Reply"), due on March 14, 2017. Class Counsel have already spoken with 110 Class members about the Settlement, and to date have not received any objections. Joint Decl. ¶¶ 36, 37. If objections are later received, Class Counsel will respond to them in the Reply.

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - 16

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

### 9. The Settlement is the Product of Non-Collusive, Arm's-Length Negotiations

In addition to the eight factors above, when settlements are agreed upon prior to class certification, district courts should also "consider whether the settlement is the product of collusion among the negotiating parties." *G.F. v. Contra Costa Cty.*, No. 13-03667, 2015 WL 7571789, at \*10 (N.D. Cal. Nov. 25, 2015) (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)). The Settlement in this instance is clearly non-collusive. First, an experienced, neutral, third-party mediator oversaw all of the Settlement negotiations and came up with a mediator's proposal for the amount of attorneys' fees, expenses, and Incentive Fees for the Named Plaintiffs, to which the Parties ultimately agreed (subject to Court approval). *See* Ex. 1 at § 8.1.5; *see also* Joint Decl. ¶¶ 5, 26. Second, the attorneys' fees being sought in this case (Ex. 1 at § 8.1.5) were not negotiated until ***after*** agreement was reached on the key provisions for the Settlement Class. Joint Decl. ¶ 26. The requested amount does not in any way reduce: the hundreds of millions of dollars in relief to the Settlement Class; Providence's commitments to continue making contributions to this Plan with the present intent to fully fund it by December 31, 2029; Providence's guarantee that the Plan's trust will have sufficient assets to pay vested benefits as they come due; or the equitable relief that Plan participants will receive, such as important notices and disclosures about the Plan and their benefits. Ex. 1 at §§ 8.1.1–8.1.5, 9.1–9.5.4. Moreover, even when examined as a percentage of the fund, the amount requested is a very tiny fraction (1.8%) of the readily-ascertainable value of the Class Settlement Amount of $351.9 million. Ex. 1 at §§ 8.1.1, 8.1.5; *see also* Plaintiffs' Motion for Awards of Attorneys' Fees and Expenses, and Incentive Fees for the Named Plaintiffs, submitted contemporaneously herewith. In the hotly-contested settlement negotiations, overseen by the mediator, there was simply no trade-off of lesser benefits for the Settlement Class in exchange for greater fees. *See Dennings v. Clearwire Corp.*, No. 10-1859, 2013 WL 1858797, at \*8-9 (W.D. Wash. May 3, 2013) (finding no collusion where the parties' negotiations were arm's-length, guided by a mediator, discussed after the key settlement terms were negotiated, based upon a mediator's proposal, and there was no hint of a trade-off of lesser class benefits for

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - 17

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

greater fees).

**B.     The Form and Methods of Notice Employed Satisfy Rule 23 and Due Process**

In accordance with the Preliminary Approval Order, the Settlement Class has been provided with ample and sufficient notice of this Settlement, including an appropriate opportunity to voice objections. The notice plan fully informed Settlement Class members of the lawsuit and the proposed Settlement, and enabled them to make informed decisions about their rights. Joint Decl. ¶ 34.

Due process requires that notice to class members be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citation omitted). For the due process standard to be met, "[a]ctual notice need not be provided to absent members of a class action settlement to bind them, assuming the notice provided was the 'best practicable notice.'" *Villegas v. United States*, 963 F.Supp.2d 1145, 1159 (E.D. Wash. 2013) (quoting *Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994)). To satisfy Rule 23, "[f]or non-opt out cases, such as the ERISA Actions, [all that is required is] such unspecified 'appropriate notice' as 'the court may direct[.]'" *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 448 (S.D.N.Y. 2004) (quoting Fed. R. Civ. P. 23(c)(2)(A)). Here, the form and methods of notice of proposed Settlement provided pursuant to the Preliminary Approval Order satisfy all due process considerations and Rules 23(c)(2) and (e)(1).

The mailed class notice provided detailed information about the Settlement to approximately 75,505 individual members of the Settlement, including: (1) a comprehensive summary of the Settlement's terms; (2) notice of Class Counsel's intent to request attorneys' fees, reimbursement of expenses, and class representative Incentive Fees for the services performed by Named Plaintiffs; and (3) detailed information about the Released Claims. Rust Aff. ¶ 10, Joint Decl. ¶¶ 33-34. In addition, the notice provided information about the Fairness Hearing date, rights of members of the Settlement Class to object (and deadlines and procedures

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - 18

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

for objecting), and the procedure to receive additional information. Joint Decl. ¶¶ 33-34; Rust Aff. Exs. 1 and 2. The mailed class notice provided members of the Settlement Class with contact information for Class Counsel, information on the toll-free phone number for inquiries, and website addresses for further information. *Id*.

The notice form and methods employed here are substantially similar to those successfully used in many other ERISA class settlements and "fairly, accurately, and neutrally describe the claims and parties in the litigation[,] . . . the terms of the proposed settlement and the identity of persons entitled to participate in it." *Foe v. Cuomo*, 700 F. Supp. 107, 113 (E.D.N.Y. 1988), *aff'd*, 892 F.2d 196 (2d Cir. 1989), *cert. denied*, 498 U.S. 972 (1990) (citation omitted). Accordingly, the notice provided to the Settlement Class satisfies the requirements of due process and Rule 23.

## C.    Certification of the Settlement Class Is Appropriate

To proceed with the settlement approval process, it is necessary for the Court to certify a class for Settlement. Federal Rule of Civil Procedure 23 provides that an action may be maintained as a class action if each of the four prerequisites of Rule 23(a) is met and, in addition, the action qualifies under one of the subdivisions of Rule 23(b). Courts in this jurisdiction have consistently found that class certification is appropriate in ERISA cases. *See McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Tr.*, 268 F.R.D. 670, 678 (W.D. Wash. 2010) ("'Class actions are generally well-suited to litigation brought pursuant to ERISA.'") (quoting *Banyai v. Mazur*, 205 F.R.D. 160, 164 (S.D.N.Y. 2002)); *Wilson v. Venture Fin. Grp., Inc.*, No. 09-5678, 2011 WL 219692, at *3 (W.D. Wash. Jan. 24, 2011). Furthermore, the Supreme Court has acknowledged the propriety of certifying a class solely for settlement purposes. *See, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618 (1997). As set forth below, the Class easily satisfies the requirements of Rule 23(a), (b)(1) and (b)(2) requirements and thus certification of the Settlement Class is appropriate.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

### 1.    The Requirements of Rule 23(a) Are Easily Satisfied

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Defendants have identified, and the Class Notice has been sent to, approximately 75,505 members of the Settlement Class. *See* Rust Aff. ¶ 10. Thus, the element of numerosity is met.

Rule 23(a)(2) requires that a class action raise "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). There need be only a single issue common to all members of the class. *K.M. v. Regence BlueShield*, No. 13-1214, 2014 WL 801204, at *13 (W.D. Wash. Feb. 27, 2014) ("Commonality only requires a single significant question of law or fact."). In the instant case, members of the Settlement Class share multiple issues of law and fact, such as whether the Plan is exempt from ERISA as a church plan, and, if not, whether the fiduciaries of the Plan have failed to administer and fund the Plan in accordance with ERISA. Thus, commonality is satisfied.

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. When evaluating typicality, a court must analyze "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *K.M.*, 2014 WL 801204, at *14 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Here, Plaintiffs' claims arise from the same course of events as the claims of the Settlement Class—Defendants' alleged failure to maintain the Plan in accordance with ERISA. Moreover, each member of the Settlement Class asserts the same claims arising from the same conduct by Defendants and seeking the same relief on behalf of the Plan—compliance with ERISA. Accordingly, typicality is met.

Rule 23(a)(4) requires that class representatives fairly and adequately protect the interests of the class they seek to represent. This test looks to whether the Plaintiffs' "attorneys are well qualified to handle this type of litigation" and demands that Plaintiffs' interests not be "antagonistic to the remainder of the class." *Wilson*, 2011 WL 219692, at *2. The "adequacy"

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
  (2:14-cv-01720-JCC) - 20

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

test is easily met in this case, particularly in the context of the Settlement Class. The claims and interests of the Named Plaintiffs were congruent with those of the other members of the Settlement Class: all seek to enhance their retirement security under this Plan, whether through monetary or non-monetary relief. There can be no question that the Named Plaintiffs' interests are aligned with those of the Settlement Class and that they have retained qualified counsel with extensive experience representing plaintiffs in class litigation, including ERISA cases and church plan cases specifically. Accordingly, this class action satisfies all the requirements of Rule 23(a).

### 2. The Class Satisfies the Requirements of Rule 23(b)(1) and (b)(2)

#### a. Individual Actions Would Create Inconsistent Adjudications or be Dispositive of the Interests of Absent Members

A class may be certified under Federal Rule of Civil Procedure 23(b)(1) if, in addition to meeting the requirements of Federal Rule of Civil Procedure 23(a), the prosecution of separate actions by individual class members would create the risk of inconsistent adjudications, which would create incompatible standards of conduct for the defendant, or would as a practical matter be dispositive of the interests of absent members. Fed. R. Civ. P. 23(b)(1)(A) & (B). Here, the risk of inconsistent adjudications and incompatible standards is obvious: in the absence of certification, two participants could bring identical actions and achieve different results, with one court holding that the Plan is an ERISA-regulated plan and the other holding that it is not. Courts have certified classes under Rule 23(b)(1) in ERISA cases for those very reasons. *See McCluskey*, 268 F.R.D. at 677 ("Where, as here, the primary relief is to the Plan as a whole, then adjudications with respect to any individual member of the class would, as a practical matter, alter the interests of other members of the class. . . . Thus, the proposed class clearly falls within Rule 23(b)(1)(B)[.]").

Moreover, the Advisory Committee on Rule 23 specifically notes that actions that "charge[] a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of . . . beneficiaries"—*i.e.*, an action like the present action—"should

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

ordinarily be conducted as class actions" under Rule 23(b)(1)(B).  *See* Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note to 1966 Amendment; *see also McCluskey*, 268 F.R.D. at 678 ("Certification is appropriate under Rule 23(b)(1) where plaintiff claims defendants breached their fiduciary duties under ERISA, and any decision on that issue would necessarily affect the interests of other participants.") (citation omitted).  As a result, certification of the proposed class under Rule 23(b)(1) is appropriate in this ERISA Action.

      **b.**    **Defendants Have Acted on Grounds Generally Applicable to the Class and Relief for the Class as a Whole is Appropriate**

A class may be certified under Federal Rule of Civil Procedure 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  Here, Plaintiffs allege that Defendants failed to comply with ERISA on a Plan-wide basis and seek declaratory relief that the Plan is not a church plan as well as injunctive relief requiring that the Plan comply with ERISA.  The available remedies include monetary relief and remedial equitable relief to the Plan as a whole.  ERISA §§ 502(a)(2) & (3), 29 U.S.C. §§ 1132(a)(2) & (3).

Remedies under ERISA section 502(a)(2), 29 U.S.C. § 1132(a)(2), are by definition plan-wide, a classic example of equitable relief.  *See Mass. Mut. Life Ins. Co.*, 473 U.S. 134, 140-41 (1985).  While the Settlement includes monetary consideration to the Plan, that consideration goes to the Plan as a whole and flows directly from Plaintiffs' prayer for injunctive and declaratory relief.  *Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 338 F.3d 755, 763-64 (7th Cir. 2003) (certifying Fed. R. Civ. P. 23(b)(2) class where ERISA plaintiffs sought declaratory relief); *see also In re Mut. Funds Inv. Litig.*, MDL No. 1586, 2010 WL 2307568, at *4 (D. Md. May 19, 2010) (same); *In re Glob. Crossing*, 225 F.R.D. at 453 (same).  Accordingly, Plaintiffs' claims are also properly certified under Rule 23(b)(2).

      **3.**    **The Requirements of Rule 23(g) Are Met**

Federal Rule of Civil Procedure 23(g) requires the Court to examine the capabilities and

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
(2:14-cv-01720-JCC) - 22

LAW OFFICES OF
**Keller Rohrback l.l.p.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**Cohen Milstein Sellers & Toll, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

resources of Class Counsel. Class Counsel have detailed the claims brought in this action, and the time and effort already expended in connection with this litigation. *See* Section II, *supra*; *see also* Joint Decl. ¶¶ 7-38. Moreover, Class Counsel are among the leading ERISA plaintiffs' firms, and possess unparalleled expertise in the specific types of ERISA claims brought in this lawsuit. Joint Decl. ¶¶ 39-48. Class Counsel thus satisfy the requirements of Rule 23(g).

## IV.    CONCLUSION

For the reasons discussed herein, Named Plaintiffs respectfully submit that the Settlement should be granted final approval because it is a fair and reasonable result when viewed against the governing standard. Moreover, the Settlement Class meets all the requirements of Rule 23 and should be finally certified.

DATED this 3rd day of February, 2017.


KELLER ROHRBACK L.L.P.


By: s/ Lynn Lincoln Sarko
    s/ Erin M. Riley
    s/ Laura Gerber
    s/ Gretchen S. Obrist
    s/ Havila C. Unrein
    Lynn Lincoln Sarko, WSBA #16569
    Erin M. Riley, WSBA #30401
    Laura Gerber, WSBA #34981
    Gretchen S. Obrist, WSBA #37071
    Havila C. Unrein, WSBA #40881
    1201 Third Avenue, Suite 3200
    Seattle, WA  98101
    Tel: (206) 623-1900
    Fax: (206) 623-3384
    Email: lsarko@kellerrohrback.com
    Email: eriley@kellerrohrback.com
    Email: lgerber@kellerrohrback.com
    Email: gobrist@kellerrohrback.com
    Email: hunrein@kellerrohrback.com


KELLER ROHRBACK L.L.P.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

By: s/ Ron Kilgard
  Ron Kilgard, Pro Hac Vice
  3101 North Central Avenue, Suite 1400
  Phoenix, AZ 85012
  Tel: (602) 248-0088
  Fax: (602) 248- 2822
  Email: rkilgard@kellerrohrback.com

COHEN MILSTEIN SELLERS & TOLL, PLLC

By: s/ Karen L. Handorf
  s/ Michelle Yau
  Karen Handorf, Pro Hac Vice
  Michelle Yau, Pro Hac Vice
  1100 New York Avenue, N.W.
  Suite 500, West Tower
  Washington, D.C.  20005
  Tel: (202) 408-4600
  Fax: (202) 408-4699
  Email: khandorf@cohenmilstein.com
  Email: myau@cohenmilstein.com

***Attorneys for Plaintiffs***

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
 (2:14-cv-01720-JCC) - 24

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

## CERTIFICATE OF SERVICE

I certify that on February 3, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Lynn Lincoln Sarko
Lynn Lincoln Sarko

PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT &
CERTIFICATION OF CLASS
(2:14-cv-01720-JCC) - 25

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600