UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LINDA GRIFFITH and JEANETTE WENZL, on behalf of themselves, individually, and on behalf of the Providence Health & Services Cash Balance Retirement Plan,<br><br>                        Plaintiffs,<br>    v.<br><br>PROVIDENCE HEALTH & SERVICES; RETIREMENT PLANS COMMITTEE; ELLEN WOLF; JOHN and JANE DOES 1-20, inclusive, MEMBERS OF THE RETIREMENT PLANS COMMITTEE; JOHN or JANE DOE 21, PLAN DIRECTOR; HUMAN RESOURCES COMMITTEE OF THE BOARD OF DIRECTORS; JOHN and JANE DOES 22-40, inclusive, MEMBERS OF THE HUMAN RESOURCES COMMITTEE OF THE BOARD OF DIRECTORS; ROD HOCHMAN; BOARD OF DIRECTORS OF PROVIDENCE HEALTH & SERVICES; MICHAEL HOLCOMB; CHAUNCEY BOYLE; ISIAAH CRAWFORD; MARTHA DIAZ ASZKENAZY; PHYLLIS HUGHES; SALLYE LINER; KIRBY McDONALD; DAVE OLSEN; AL PARRISH; CAROLINA REYES; PETER J. SNOW; MICHAEL A. STEIN; CHARLES WATTS; BOB WILSON; JOHN and JANE DOES 41-50, inclusive,<br><br>                        Defendants. | No. 2:14-cv-01720-JCC<br><br>PLAINTIFFS' MOTION FOR AWARDS OF ATTORNEYS' FEES AND EXPENSES, AND INCENTIVE FEES TO THE NAMED PLAINTIFFS<br><br>NOTE ON MOTION CALENDAR: MARCH 21, 2017<br><br>TIME: 9:00 A.M.<br><br>COURTROOM: 16206 |

PLAINTIFFS' MOTION FOR AWARDS OF ATTORNEYS' FEES AND EXPENSES, AND INCENTIVE FEES TO THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | CLASS COUNSEL'S EFFORTS AND THE RESULTS OBTAINED | | 2 |
| | A. | Initial Investigation into the ERISA Church Plan Exemption. | 2 |
| | B. | Class Counsel's Vigorous Prosecution of this Case. | 3 |
| | C. | The Mediator Oversaw Settlement Negotiations and Made a Mediator's Proposal on Attorneys' Fees, to Which the Parties Agreed (Subject to Court Approval). | 4 |
| III. | THE COURT SHOULD AWARD THE REQUESTED FEES AS A MEDIATOR-PROPOSED, MARKET-SET FEE AGREEMENT | | 6 |
| IV. | THE AWARD IS REASONABLE | | 7 |
| | A. | The Requested Fees and Expenses Are Reasonable Under the Percentage-of-the-Fund Method. | 7 |
| | B. | The Fee Award Is Reasonable Based on the Lodestar Method. | 7 |
| | | 1. The Benefits to the Settlement Class. | 8 |
| | | 2. Time and Labor Required. | 9 |
| | | 3. The Novelty and Difficulty of the Questions Involved, and the Requisite Legal Skill Required. | 10 |
| | | 4. The Preclusion of Other Employment. | 10 |
| | | 5. The Customary Fee. | 11 |
| | | 6. The Contingent Nature of this Case Supports an Award of Fees. | 11 |
| | | 7. Class Counsel's Experience and Reputation Weighs in Favor of the Award. | 11 |
| V. | THE COURT SHOULD AWARD THE REQUESTED EXPENSES | | 11 |
| VI. | THE COURT SHOULD AWARD THE REQUESTED INCENTIVE AWARDS | | 12 |
| VII. | CONCLUSION | | 12 |

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - i

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ............................................................................................7

*Blum v. Stenson*,
   465 U.S. 886 (1984)..................................................................................................9, 11

*Chavies v. Catholic Health E.*,
   No. 13-1645 (E.D. Pa. Mar. 28, 2014)................................................................................3

*City of Burlington v. Dague*,
   505 U.S. 557 (1992)...........................................................................................................8

*In re Continental Illinois Securities Litigation*,
   962 F.2d 566 (7th Cir. 1992) ..............................................................................................6

*Dennings v. Clearwire Corp.*,
   No. 10-1859, 2013 WL 1858797 (W.D. Wash. May 3, 2013) ...........................................5

*Dignity Health v. Rollins*,
   137 S. Ct. 547 (Dec. 2, 2016) .............................................................................................3

*In re Equity Funding Corp. of Am. Sec. Litig.*,
   438 F. Supp. 1303 (C.D. Cal. 1977) .................................................................................11

*Evans v. Jeff D.*,
   475 U.S. 717 (1986)...........................................................................................................6

*Farrell v. OpenTable, Inc.*,
   No. 11-1785, 2012 WL 1379661 (N.D. Cal. Jan. 30, 2012)...............................................5

*In re Fine Paper Antitrust Litig.*,
   751 F.2d 562 (3d Cir. 1984)...............................................................................................6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ............................................................................................8

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)...........................................................................................................6

*Herfert v. Crayola LLC*,
   No. 11-1301 (W.D. Wash. Apr. 27, 2012).......................................................................10

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - ii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

*In re Immune Response Sec. Litig.*,
 497 F. Supp. 2d 1166 (S.D. Cal. 2007) ................................................................................12

*In re Infospace, Inc. Sec. Litig.*,
 330 F. Supp. 2d 1203 (W.D. Wash. 2004) ...........................................................................11

*Kaplan v. Saint Peter's Healthcare Sys.*,
 810 F.3d 175 (3d Cir. 2015) ...................................................................................................3

*Kaplan v. Saint Peter's Healthcare Sys.*,
 No. 13-2941, 2014 WL 1284854 (D.N.J. Mar. 31, 2014) ......................................................3

*Keithly v. Intelius Inc.*,
 No. 09-1485 (W.D. Wash. Nov. 21, 2013) ..........................................................................10

*Kerr v. Screen Extras Guild, Inc.*,
 526 F.2d 67 (9th Cir. 1975) ....................................................................................................8

*Lann v. Trinity Health Corp.*,
 No. 14-2237, 2015 WL 6468197 (D. Md. Feb. 24, 2015) ......................................................3

*M.L. v. Fed. Way Sch. Dist.*,
 401 F. Supp. 2d 1158 (W.D. Wash. 2005) .............................................................................8

*Medina v. Catholic Health Initiatives*,
 No. 13-1249, 2014 WL 4244012 (D. Colo. Aug. 26, 2014) ...................................................3

*Moomjy v. HQ Sustainable Mar. Indus., Inc.*,
 No. 11-00726 (W.D. Wash. March 21, 2013) ......................................................................10

*Ott v. Mortg. Inv'rs Corp. of Ohio*,
 No. 14-00645, 2016 WL 54678 (D. Or. Jan. 5, 2016) ............................................................7

*Overall v. Ascension*,
 23 F. Supp. 3d 816 (E.D. Mich. 2014) ...................................................................................3

*Overall v. Ascension Health*,
 No. 13-11396 (E.D. Mich. Sept. 17, 2015) ............................................................................9

*Rollins v. Dignity Health*,
 19 F. Supp. 3d 909 (N.D. Cal. 2013) ..................................................................................3, 4

*Rollins v. Dignity Health*,
 830 F.3d 900 (9th Cir. 2016) ..................................................................................................3

*Rollins v. Dignity Health*,
 No. 13-1450 (N.D. Cal. filed Apr. 1, 2013) ...........................................................................4

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - iii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

*Saint Peter's Healthcare Sys. v. Kaplan*,
 137 S. Ct. 546 (Dec. 2, 2016) ...........................................................................................3

*Stapleton v. Advocate Health Care Network*,
 76 F. Supp. 3d 796 (N.D. Ill. 2014) ..................................................................................3

*Stapleton v. Advocate Health Care Network*,
 817 F.3d 517 (7th Cir. 2016) ............................................................................................3

*Staton v. Boeing Co.*,
 327 F.3d 938 (9th Cir. 2003) ..........................................................................................12

*United Steelworkers v. Phelps Dodge Corp.*,
 896 F.2d 403 (9th Cir. 1990) ............................................................................................9

*Vizcaino v. Microsoft Corp.*,
 290 F.3d 1043 (9th Cir. 2002) ........................................................................................11

*In re Wash. Mut. Mortg. Backed Sec. Litig.*,
 No. 09-0037, 2013 WL 12155026 (W.D. Wash. Jan. 11, 2013) ....................................10

*Wing v. Asarco Inc.*,
 114 F.3d 986 (9th Cir. 1997) .......................................................................................7, 11

**Federal Statutes**

26 U.S.C. § 414(e) ..................................................................................................................2

29 U.S.C. § 1002(33) ..............................................................................................................2

**Rules**

Fed. R. Civ. P. 23(h) ............................................................................................................11

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - iv

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Plaintiffs Linda Griffith and Jeanette Wenzl ("Named Plaintiffs") respectfully move the Court for an Order[1] approving awards of attorneys' fees and expenses to their attorneys, Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll, PLLC ("Class Counsel"), and an award of Incentive Fees to themselves as class representatives.

## I. INTRODUCTION

The Parties to this Action have entered into a comprehensive Settlement Agreement that provides substantial relief to the Settlement Class members, including a total Class Settlement Amount of **$351.9 million**, plus other monetary and non-monetary relief.[2]

After resolving the key Settlement provisions that provide relief to the Settlement Class, the Parties negotiated, based upon a proposal by the third-party mediator (Robert Meyer, Esq.), an agreement for payment of attorneys' fees, expenses, and class representative Incentive Fees to Named Plaintiffs.[3] This compromise provides that, if approved by the Court, Defendants will pay up to $6.5 million in attorneys' fees and expenses to Class Counsel and potential Incentive Fees to Named Plaintiffs. Settlement § 8.1.5. If awarded, these amounts will in no way reduce the $351.9 million in monetary recovery to the Settlement Class. *Id.*

As discussed below, Plaintiffs request that the Court approve the negotiated attorneys' fees, expenses, and Named Plaintiff awards as a reasonable, market-set fee agreement. These fees compensate Class Counsel and Named Plaintiffs for the significant time, effort, risk, and expenses they expended in the successful resolution of this Action. The fees and expenses are consistent with the benefits that the Settlement confers on the Settlement Class; the negotiated award reflects just 1.8% of the readily-quantifiable monetary component of the Settlement

---

[1] A proposed order granting the relief sought herein is attached as Exhibit 2 to Plaintiffs' Unopposed Motion for Final Approval of Settlement Agreement and Certification of Settlement Class ("Final Approval Motion"), filed contemporaneously herewith.

[2] A copy of the Settlement Agreement ("Settlement" or "Settlement Agreement") is attached to the Final Approval Motion as Exhibit 1. Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Settlement Agreement.

[3] Joint Declaration of Lynn Lincoln Sarko and Michelle C. Yau in Support of (1) Plaintiffs' Unopposed Motion for Final Approval of Settlement Agreement and Certification of Settlement Class; and (2) Plaintiffs' Motion for Awards of Attorneys' Fees and Expenses, and Incentive Fees to the Named Plaintiffs ("Joint Decl.") ¶¶ 5, 26, submitted contemporaneously herewith.

PLAINTIFFS' MOTION FOR AWARDS OF ATTORNEYS' FEES AND EXPENSES, AND INCENTIVE FEES TO THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

($351.9 million); and the requested award represents a modest multiplier of 1.86 on the actual lodestar ($3,445,610.10) that Class Counsel expended developing and pursuing this Action. The Incentive Fees to the Named Plaintiffs are also fair and reasonable in light of their substantial commitment of time and effort to this litigation over the last two-plus years.

## II. CLASS COUNSEL'S EFFORTS AND THE RESULTS OBTAINED

As detailed in the Joint Declaration, Class Counsel committed considerable time and resources to develop and prosecute this matter without any guarantee of payment. Joint Decl. ¶¶ 7-38. This litigation was hard fought and involved extensive investigation, consultation with experts, review of documents, and legal research and briefing, all of which were necessary to achieve a positive result for the Class. *Id.* ¶¶ 13-18.

### A. Initial Investigation into the ERISA Church Plan Exemption.

This case is very different from the typical class action brought under the securities laws, consumer protection statutes, or the Employee Retirement Income Security Act of 1974 ("ERISA") for fiduciary breach. Rather, this case is one of a number of cases pending around the country that challenge whether hospital systems like Providence are entitled to claim that their pension plans are exempt from ERISA as "church plans," defined in 29 U.S.C. § 1002(33).

Class Counsel discovered and developed this area of the law with the assistance of the main public interest organization concerned with pension rights, the Pension Rights Center ("PRC"). Joint Decl. ¶¶ 8-9. Through the PRC, Class Counsel learned that thousands of hospital employees were being denied ERISA's protections, including funding, vesting, and disclosure rules, because hospitals claimed their pension plans were exempt church plans. *Id.* ¶ 9.

Class Counsel devoted many hours to researching the definition of a "church plan" found in both ERISA and the Internal Revenue Code, 29 U.S.C. § 1002(33) and 26 U.S.C. § 414(e), including analyzing the statutory text, its interaction with other provisions in the U.S. Code, the legislative history of the statute, and agency and court interpretations of the statute. Joint Decl. ¶ 10. Class Counsel concluded, based upon their investigation, that ERISA contained only a

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

narrow exemption intended for ***churches***, and that hospitals like Providence were improperly claiming the exemption. *Id.* ¶ 10; Complaint ¶¶ 151–80, Dkt. # 1.

Class Counsel also understood, based upon their research, that filing church plan cases such as this one would challenge many years of private letter rulings from the IRS and informal Advisory Opinions of the Department of Labor. Joint Decl. ¶ 11. They also knew that the defense would maintain that the small amount of church plan case law then in existence would favor a defense reading of the church plan exemption. *Id.* And they knew that once even a few of the cases were filed, the major hospitals claiming the exemption, which employ hundreds of thousands of people, would be arrayed against them. *Id.*

Nevertheless, Class Counsel decided to take on this high-stakes, high-risk litigation. Class Counsel were the only lawyers to do so. *Id.* ¶ 12. The early results in the district courts were mixed,[4] but when the first three cases reached the appellate courts, Class Counsel (the very same counsel in this case) achieved major victories.[5] All three courts ruled unanimously in favor of the plaintiffs.[6] The defendants then sought review in the United States Supreme Court, which was granted in December.[7] Class Counsel are now defending those results in the Supreme Court. *Id.* The settlement achieved here—the largest settlement in any church plan case to date—could not have been achieved without Class Counsel's total immersion in the issue. *Id.*

**B.     Class Counsel's Vigorous Prosecution of this Case.**

Before filing the Complaint in this case, Class Counsel developed the legal theories outlined above and also analyzed the facts relating to Providence and the Plan at issue in this

---

[4] *Compare, e.g.*, *Chavies v. Catholic Health E.*, No. 13-1645 (E.D. Pa. Mar. 28, 2014); *Kaplan v. Saint Peter's Healthcare Sys.*, No. 13-2941, 2014 WL 1284854 (D.N.J. Mar. 31, 2014); *Rollins v. Dignity Health*, 19 F. Supp. 3d 909 (N.D. Cal. 2013); *and Stapleton v. Advocate Health Care Network*, 76 F. Supp. 3d 796 (N.D. Ill. 2014), *with Overall v. Ascension*, 23 F. Supp. 3d 816 (E.D. Mich. 2014); *Medina v. Catholic Health Initiatives*, No. 13-1249, 2014 WL 4244012 (D. Colo. Aug. 26, 2014); *and Lann v. Trinity Health Corp.*, No. 14-2237, 2015 WL 6468197 (D. Md. Feb. 24, 2015); *see also* Joint Decl. ¶ 12 n.3.
[5] *See Rollins v. Dignity Health*, 830 F.3d 900, 905 (9th Cir. 2016); *Stapleton v. Advocate Health Care Network*, 817 F.3d 517 (7th Cir. 2016); *Kaplan v. Saint Peter's Healthcare Sys.*, 810 F.3d 175 (3d Cir. 2015); *see also* Joint Decl. ¶ 12 n.4.
[6] *See supra* note 5; *see also* Joint Decl. ¶ 12 n.6.
[7] *Dignity Health v. Rollins*, 137 S. Ct. 547 (Dec. 2, 2016); *Saint Peter's Healthcare Sys. v. Kaplan*, 137 S. Ct. 546 (Dec. 2, 2016); *Advocate Health Care Network v. Stapleton*, 137 S. Ct. 546 (Dec. 2, 2016); *Saint Peter's Healthcare Sys. v. Kaplan*, 137 S. Ct. 546 (Dec. 2, 2016) (consolidated with *Saint Peter's*).

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

case. Class Counsel examined Plan documents, Providence's public disclosures, financial statements, and information supplied by the Plaintiffs themselves. Joint Decl. ¶ 13. Ultimately, this research resulted in a carefully drafted 70-page Complaint asserting 10 counts against 20 Defendants (not including John Doe defendants). *Id.* ¶ 14.

After the Complaint was filed, Defendants filed a motion to dismiss. Dkt. # 32. That motion focused on the issue of whether, in order to claim the church plan exemption, the plan must be established by a church; however, it also raised other nuanced factual and legal issues, such as whether Providence is "controlled by" or "associated with" a church under ERISA, and constitutional issues. *See* Dkt. ## 32, 37. Class Counsel invested many hours responding to that motion and Defendants' arguments. *See* Dkt. # 35; *see also* Joint Decl. ¶ 15.

While the motion to dismiss briefing was in progress, the Parties engaged in informal discovery. Class Counsel propounded discovery requests on Defendants and then received and reviewed approximately 2,100 pages of documents. Joint Decl. ¶ 16.

This case was stayed shortly after Defendants' motion to dismiss was fully briefed, pending the outcome of the proceedings in a related church plan lawsuit, *Rollins v. Dignity Health* ("*Dignity*"), No. 13-1450 (N.D. Cal. filed Apr. 1, 2013). Although this case was stayed, Class Counsel, which is also counsel in *Dignity* and the other church plan cases now pending in the Supreme Court, continued to monitor the developments in those appellate court cases and the import of such developments on this particular matter. Joint Decl. ¶¶ 17-18. Class Counsel also kept the Named Plaintiffs informed of those developments. *Id.* ¶ 18.

**C.    The Mediator Oversaw Settlement Negotiations and Made a Mediator's Proposal on Attorneys' Fees, to Which the Parties Agreed (Subject to Court Approval).**

The Parties prepared for, and participated in, their first formal mediation on July 22, 2016. Joint Decl. ¶ 19. Shortly after that meeting, the Ninth Circuit issued its ruling that only a church may establish a church plan, *Rollins*, 830 F.3d at. The Parties continued mediating after that decision, taking into account the Ninth Circuit's ruling and the *Dignity* defendants' petition for certiorari to the Supreme Court (which has since been granted). Joint Decl. ¶ 20. These

PLAINTIFFS' MOTION FOR AWARDS OF ATTORNEYS' FEES AND EXPENSES, AND INCENTIVE FEES TO THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

negotiations were overseen by a third party mediator, Robert Meyer, Esq. *Id.* ¶ 22. The negotiations took place over the course of several months and included an in-person session in Seattle, Washington, as well as numerous calls and meetings. *Id.* ¶¶ 22-23. Both sides drafted multiple mediation statements and also exchanged proposals and counter-proposals with the Defendants concerning potential settlement terms. *Id.* ¶ 23.

Prior to and during these negotiations, Class Counsel investigated the facts, circumstances, and legal issues associated with the allegations and defenses in the action. The investigation included, *inter alia*: (a) analyzing documents and information produced by or relating to the Defendants, the Plan, and the industry; (b) researching the applicable law with respect to the claims and possible defenses; (c) consulting with experts; and (d) exploring potential remedies. Joint Decl. ¶ 24. As part of this process, Class Counsel reviewed information from Providence's actuary to verify the schedule of former participants who were entitled to the $500 payment set forth in the Settlement Agreement, § 8.1.3. *See* Joint Decl. ¶ 25.

Only *after* the Parties reached agreement on the key terms for the Settlement Class did they turn to negotiations concerning attorneys' fees. *Id.* ¶ 26. Those negotiations were overseen by the mediator, who came up with a mediator's proposal, to which the Parties ultimately agreed (*see* Settlement § 8.1.5), subject to the Court's approval. *Id.*[8]

Once the parties reached an agreement in principle to settle the case, they executed a Term Sheet and asked the Court to lift the stay of this matter in order to carry out settlement approval proceedings, Dkt. # 48, which the court granted on September 29, 2016. Dkt. # 49. Thereafter, Class Counsel drafted and filed the Settlement Agreement and Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement. Dkt. # 50. The Court preliminarily approved the Settlement on December 6, 2016 ("Preliminary Approval Order"). Dkt. # 52.

Pursuant to the Preliminary Approval Order, Class Notice was mailed on January 19,

---

[8] *See Dennings v. Clearwire Corp.*, No. 10-1859, 2013 WL 1858797, at *8–9 (W.D. Wash. May 3, 2013) (noting absence of collusion where agreement to attorneys' fees was based on mediator's proposal); *see also Farrell v. OpenTable, Inc.*, No. 11-1785, 2012 WL 1379661, at *4 (N.D. Cal. Jan. 30, 2012) (same).

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

2017 to 75,505 current and former Plan participants, and Class Counsel posted the Notice on their websites. *See* Joint Decl. ¶¶ 33-35. Class Counsel has received and responded to phone calls and e-mails from approximately 110 Settlement Class members. *Id.* ¶ 36. Class Counsel will continue to devote significant time to responding to inquiries from the Class and answering questions concerning the Settlement. *Id.* ¶ 38. Accordingly, Class Counsel request an award of attorneys' fees and expenses for the significant time they have devoted to this case, and also an award to the Named Plaintiffs for their services to the Class over the past two-plus years.

### III. THE COURT SHOULD AWARD THE REQUESTED FEES AS A MEDIATOR-PROPOSED, MARKET-SET FEE AGREEMENT

The parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorneys' fees. *Evans v. Jeff D*., 475 U.S. 717, 734–35, 738 n.30 (1986). In cases outside the "common fund" context, the Supreme Court has made clear that settlements of requests for attorneys' fees should be encouraged and respected; indeed, it is only where parties *fail* to reach agreement on fees that courts should scrutinize fee requests:

> A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Rule 23(h) of the Federal Rules of Civil Procedure specifically authorizes the Court to award "reasonable attorney's fees and nontaxable costs . . . by the parties' agreement."

The virtue in the negotiation of attorneys' fees by the adversarial parties to the settlement is that the "[m]arkets know market values better than judges do." *In re Continental Illinois Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992). Thus, "the court can, [generally] assume that the defendants closely scrutinized the [plaintiffs'] fee requests, and agreed to pay no more than was reasonable." *In re Fine Paper Antitrust Litig*., 751 F.2d 562, 582 (3d Cir. 1984).

Here, the fees were negotiated *after* agreement was reached on the key terms of the Settlement for the class; a well-respected and neutral mediator oversaw the negotiations; and the

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

fees were based upon the mediator's proposal, to which the Parties ultimately agreed (subject to Court approval). Given that this agreement has been closely scrutinized by all sides—Plaintiffs, Defendants, and the mediator—the fee agreement should be respected and awarded.

## IV. THE AWARD IS REASONABLE

Even if there had not been agreement between the Parties, the requested award would be amply justified under the Ninth Circuit's standards. In this jurisdiction, courts may use two methods to determine whether a request is reasonable: (1) percentage of the fund; or (2) lodestar plus a risk multiplier. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *see also Wing v. Asarco Inc.*, 114 F.3d 986, 988–90 (9th Cir. 1997). Under either method, the requested fees and expenses are reasonable and should be awarded.

### A. The Requested Fees and Expenses Are Reasonable Under the Percentage-of-the-Fund Method.

Courts in the Ninth Circuit may choose to cross-check a negotiated fee by evaluating it in relation to settlement benefits to the class. *See Wing*, 114 F.3d at 990; *Ott v. Mortg. Inv'rs Corp. of Ohio*, No. 14-00645, 2016 WL 54678, at *3 (D. Or. Jan. 5, 2016). Typically, this is done by evaluating the award as a percentage of the fund. *Wing*, 114 F.3d at 990. Here, the Class Settlement Amount is $351.9 million, not including equitable and other relief. Accordingly, Plaintiffs' request of a total of $6.5 million total for attorneys' fees, expenses, and incentive fees represents just 1.8% of the settlement value, which is far below the Ninth Circuit's benchmark of 25%. *In re Bluetooth*, 654 F.3d at 942.

### B. The Fee Award Is Reasonable Based on the Lodestar Method.

The lodestar method can also be used to cross-check a negotiated fee amount. *Wing*, 114 F.3d at 988–89. After examining the time and labor required, the Court may apply a multiplier to the lodestar in light of certain factors, including:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time

PLAINTIFFS' MOTION FOR AWARDS OF ATTORNEYS' FEES AND EXPENSES, AND INCENTIVE FEES TO THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975);[9] *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (lodestar figures may be adjusted based on "quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment"). In conducting this analysis, a court "need not discuss each of the guidelines, so long as it discusses those most relevant to the particular case." *M.L. v. Fed. Way Sch. Dist.*, 401 F. Supp. 2d 1158, 1169 (W.D. Wash. 2005) (citation omitted).

The lodestar method confirms the reasonableness of Plaintiffs' fee request. Class Counsel expended a total of 6,207.6 hours developing and prosecuting this litigation. Joint Decl. ¶ 52. At Class Counsel's hourly rates, which are comparable to those of other class action attorneys, this amounts to a lodestar of $3,445,610.10. *Id.* ¶ 60. Plaintiffs' total requested award of $6.5 million is inclusive of unreimbursed litigation costs totaling $54,122.73, plus the requested awards for Plaintiffs in the amount of $20,000 (discussed below). *Id.* ¶ 72. After reimbursement of expenses and awards for Plaintiffs, the requested attorneys' fees amount to a modest 1.86 multiplier on the combined lodestar of $3,445,610.10. *Id.* ¶ 51. This multiplier is warranted under the pertinent *Kerr* and *Hanlon* factors, as discussed below.

1. **The Benefits to the Settlement Class.**

As discussed in detail in the Final Approval Motion, the Settlement provides substantial benefits to the Class. First, the Settlement provides for **$351.9 million** in monetary relief. In addition to these payments, Providence will continue to make minimum contributions to the Plan with the present intent to fully fund the Plan by December 31, 2029. Providence will also ensure the Plan's trust has sufficient assets to pay vested benefits as they come due. The Settlement also includes many protections comparable to some of ERISA's key provisions. For example, Plan participants and beneficiaries will receive important notices, disclosures, and claims procedures.

---

[9] Abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992).

PLAINTIFFS' MOTION FOR AWARDS OF ATTORNEYS' FEES AND EXPENSES, AND INCENTIVE FEES TO THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

### 2. Time and Labor Required.

The 6,207 hours Class Counsel collectively expended on this case were reasonably spent, especially given the high-stakes, high-risk nature of this litigation and the excellent results obtained. Joint Decl. ¶ 52, Exs. C, E. Class Counsel: (1) learned of the widespread use of the church plan exemption by major hospital chains to avoid compliance with ERISA; (2) researched the law bearing on the church plan exemption and concluded hospitals were not entitled to the exemption; (3) investigated the non-profit hospital business as it bore on liability and defenses; (4) investigated the facts of this case and filed the Complaint in this action; (5) reviewed thousands of pages of documents; (6) conducted factual and legal research to oppose the motion to dismiss and negotiate this Settlement; (7) consulted with experts; (8) monitored developments in all the church plan cases in order to determine the impact on this particular case; (9) crafted a comprehensive Settlement after arm's-length negotiations overseen by a third-party mediator; (10) successfully moved for preliminary approval of the Settlement; (11) played a major role in developing the Class Notice materials and posting them on the websites identified in the Notices; and (12) responded to Class member inquiries concerning the Class Notices, the Settlement, and this litigation. *See Id.* ¶¶ 7-38, 55-56. Moreover, Class Counsel's work is not yet done. Class Counsel still need to complete the final approval process, assist Class members with inquiries, respond to any potential objections, and handle any resulting appeal. *Id.* ¶ 38.

The hourly rates Class Counsel charged to perform this work, which range from $190 to $945, are reasonable. Joint Decl. ¶¶ 62-70. These rates are "prevailing market rates," for similar services by lawyers of "reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984). The reasonableness of these rates is evidenced by other cases approving similar rates. *United Steelworkers v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Class Counsel recently submitted a fee petition in another church plan case in which they reported hourly rates at amounts comparable to those sought herein, and the court approved the fee award. *See* Order and Final Judgment ¶ 8, *Overall v. Ascension Health*, No. 13-

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

11396 (E.D. Mich. Sept. 17, 2015), Dkt. # 115 (attached to Joint Decl. as Ex. G).[10]

### 3. The Novelty and Difficulty of the Questions Involved, and the Requisite Legal Skill Required.

As noted above, this is not a garden variety ERISA class action; indeed, this area of law is perhaps the most unpredictable and rapidly developing area of ERISA jurisprudence. The first cases were filed in March 2013 and are being argued in the Supreme Court only four years later. District courts reached opposite findings on the threshold issue in this case: whether a church plan must be established by a church. Joint Decl. ¶ 12 (citing cases). In three such cases, the plaintiffs prevailed and the Third, Seventh, and Ninth Courts of Appeals held that only churches may establish church plans. *Id.* These are the cases now pending before the Supreme Court, and the plaintiffs are represented by Class Counsel. *Id.* The long-standing use of the church plan exemption by hospitals, the supportive private letter rulings many of them obtained from the IRS and/or the DOL, the diversity of outcomes in the lower courts, and the fact that the Supreme Court recently granted certiorari on the fundamental issues in this case were among the challenges faced by Class Counsel. This action demanded a high degree of legal skill, both to settle the matter and to be prepared to litigate the issues through trial and on appeal.

### 4. The Preclusion of Other Employment.

As noted above, this case has been demanding. Even while this case was stayed, Class Counsel monitored the developments in their other church plan cases pending in the appellate courts (and now the Supreme Court) for their impact on this case, and informed the Named Plaintiffs of those developments. *Id.* ¶¶ 17-18. Once the Ninth Circuit ruled, Class Counsel devoted time to contentious Settlement negotiations and crafting a Settlement Agreement that

---

[10] Other examples of cases in which Class Counsel submitted fee petitions reporting similar hourly rates, and the courts approved them, include: *Keithly v. Intelius Inc.*, No. 09-1485 (W.D. Wash. Nov. 21, 2013), Dkt. # 314 (court approving percentage-of-the-fund award cross-checked against Keller Rohrback's hourly rates); *Herfert v. Crayola LLC*, No. 11-1301 (W.D. Wash. Apr. 27, 2012), Dkt. # 51 (approving Keller Rohrback's hourly rates as reasonable); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 09-0037, 2013 WL 12155026, at *1 (W.D. Wash. Jan. 11, 2013) (order approving Cohen Milstein's fee request as reasonable based in part on Cohen Milstein's hourly rates submitted to court); *Moomjy v. HQ Sustainable Mar. Indus., Inc.*, No. 11-00726 (W.D. Wash. March 21, 2013), Dkt. # 156) (order approving Cohen Milstein's fee request as fair and reasonable based in part on Cohen Milstein's hourly rates submitted to court). Additional examples can be found in the Joint Declaration at ¶¶ 65-68.

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

was fair and reasonable for the Class. *Id.* ¶¶ 19-30. Over the course of the last two-plus years, this litigation precluded Class Counsel from accepting other potentially profitable work.

### 5. The Customary Fee.

The modest multiplier of 1.86 requested by Class Counsel falls well within the range of multipliers approved by Ninth Circuit courts. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051–52 (9th Cir. 2002) (approving multiplier of 3.65 and citing a survey indicating that most multipliers range from 1.0–4.0); *Wing*, 114 F.3d at 989 (approving multiplier of 2.0).

### 6. The Contingent Nature of this Case Supports an Award of Fees.

From the outset, Class Counsel litigated this matter on a contingent basis and placed at risk their own resources to do so. Absent this Settlement, the Settlement Class and their counsel risked obtaining no recovery at all. The contingent nature of this case therefore favors the award of fees. *See In re Infospace, Inc. Sec. Litig.*, 330 F. Supp. 2d 1203, 1216 (W.D. Wash. 2004) (awarding 3.5 multiplier to account for "counsel's risk of nonpayment").

### 7. Class Counsel's Experience and Reputation Weighs in Favor of the Award.

Class Counsel are among the leading ERISA plaintiffs' firms, and possess unparalleled expertise in the specific types of ERISA claims brought in this lawsuit. Joint Decl. ¶¶ 39-48. Defense counsel are similarly highly respected and experienced.[11] Given this formidable opposition, a high level of experience was required for success.[12]

## V. THE COURT SHOULD AWARD THE REQUESTED EXPENSES

This Court may award reasonable expenses authorized by the parties' agreement. Fed. R. Civ. P. 23(h). Trial courts may determine what is reasonable based on an objective standard of reasonableness, *i.e.*, the prevailing market value of services rendered. *Blum*, 465 U.S. at 895. Here, based on the Declaration filed contemporaneously herewith, Class Counsel requests reimbursement for common and routinely reimbursed litigation expenses incurred by Class

---

[11] *See, e.g.*, Proskauer Employee Benefits & Executive Compensation Blog, http://www.erisapracticecenter.com.
[12] *See In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) (Class counsel "have been up against established and skillful defense lawyers, and should be compensated accordingly.").

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Counsel in the amount of $54,122.73. Joint Decl. ¶¶ 71-76, Exs. D, F.[13]  This request is reasonable and should be approved. *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177–78 (S.D. Cal. 2007) (finding costs such as those sought here necessary in class litigation).

## VI.  THE COURT SHOULD AWARD THE REQUESTED INCENTIVE AWARDS

Class Counsel respectfully requests that the Court approve an award of $10,000 for each of the Named Plaintiffs.  These stipends do not affect or reduce the benefits to the Class in any way, and will be paid solely out of the allocation of $6.5 million total that Defendants have agreed to pay for attorneys' fees, expenses and Incentive Fees.  *See* Settlement § 8.1.5.

It is well-recognized that "named plaintiffs . . . are eligible for reasonable incentive payments" as part of a class action settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).  Such enhancements compensate class representatives for their time, effort, and inconvenience. *Id.* at 976–77.  Here, each of the Named Plaintiffs made substantial contributions to the litigation, including: collecting and producing documents; maintaining regular contact with Class Counsel; reviewing and approving the Complaint; staying abreast of the pleadings, motions, and settlement negotiations; and involving themselves in the mediation and settlement of this litigation. Joint Decl. ¶¶ 77-80.  These actions provided great benefit to the members of the Settlement Class and thus the requested awards to Named Plaintiffs are appropriate.

## VII.  CONCLUSION

For the foregoing reasons, Class Counsel respectfully request that the Court grant Plaintiffs' motion for an award of attorneys' fees, reimbursement of expenses, and Incentive Fees for the Named Plaintiffs, together with such other and further relief as the Court may deem just and proper.  A proposed order granting the relief sought herein is attached as Exhibit 2 to the Final Approval Motion.

---

[13] The expenses incurred prosecuting this complex class action include filing fees; travel fees, court appearances and mediation; copying, delivery and telecommunications charges; legal research charges; mediator's charges; and similar litigation expenses.  These expenses are typically billed by attorneys to paying clients, and are calculated based on the actual expenses of these services in the markets in which they have been provided. Class Counsel maintains appropriate back-up documentation for each expense. Joint Decl. ¶¶ 71-76.

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

| | |
|---|---|
| 1 | DATED this 3rd day of February, 2017. |
| 2 | |
| 3 | KELLER ROHRBACK L.L.P. |
| 4 | |
| | By: s/ Lynn Lincoln Sarko |
| 5 |     s/ Erin M. Riley |
| |     s/ Laura Gerber |
| 6 |     s/ Gretchen S. Obrist |
| |     s/ Havila C. Unrein |
| 7 |     Lynn Lincoln Sarko, WSBA #16569 |
| |     Erin M. Riley, WSBA #30401 |
| 8 |     Laura Gerber, WSBA #34981 |
| |     Gretchen S. Obrist, WSBA #37071 |
| 9 |     Havila C. Unrein, WSBA #40881 |
| 10 |     1201 Third Avenue, Suite 3200 |
| |     Seattle, WA 98101 |
| 11 |     Tel: (206) 623-1900 |
| |     Fax: (206) 623-3384 |
| 12 |     Email: lsarko@kellerrohrback.com |
| 13 |     Email: eriley@kellerrohrback.com |
| |     Email: lgerber@kellerrohrback.com |
| 14 |     Email: gobrist@kellerrohrback.com |
| |     Email: hunrein@kellerrohrback.com |
| 15 | |
| 16 | KELLER ROHRBACK L.L.P. |
| 17 | By: s/ Ron Kilgard |
| |     Ron Kilgard, Pro Hac Vice |
| 18 |     3101 North Central Avenue, Suite 1400 |
| |     Phoenix, AZ 85012 |
| 19 |     Tel: (602) 248-0088 |
| |     Fax: (602) 248- 2822 |
| 20 |     Email: rkilgard@kellerrohrback.com |
| 21 | COHEN MILSTEIN SELLERS & TOLL, PLLC |
| 22 | |
| 23 | By: s/ Karen L. Handorf |
| |     s/ Michelle Yau |
| 24 |     Karen Handorf, Pro Hac Vice |
| |     Michelle Yau, Pro Hac Vice |
| 25 |     1100 New York Avenue, N.W. |
| |     Suite 500, West Tower |
| 26 |     Washington, D.C. 20005 |
| |     Tel: (202) 408-4600 |
| 27 |     Fax: (202) 408-4699 |

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Email: khandorf@cohenmilstein.com
Email: myau@cohenmilstein.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR AWARDS
OF ATTORNEYS' FEES AND
EXPENSES, AND INCENTIVE FEES TO
THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

# **CERTIFICATE OF SERVICE**

I certify that on February 3, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Lynn Lincoln Sarko
Lynn Lincoln Sarko

PLAINTIFFS' MOTION FOR AWARDS OF ATTORNEYS' FEES AND EXPENSES, AND INCENTIVE FEES TO THE NAMED PLAINTIFFS
(2:14-cv-01720-JCC) - 15

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600