1

2

3

4

5

6

The Honorable John C. Coughenour

7          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9  LINDA GRIFFITH and JEANETTE WENZL, on)   No. C14-01720-JCC
   behalf of themselves, individually, and on behalf )
10 of all others similarly situated, and on behalf of )   DEFENDANTS' MEMORANDUM IN
   the Providence Health & Services Cash Balance )   SUPPORT OF FINAL SETTLEMENT
11 Retirement Plan,                            )   APPROVAL AND IN RESPONSE TO
                                               )   OBJECTIONS
12                        Plaintiffs,          )
                                               )
13                                             )
                                               )
14         v.                                  )   NOTE ON MOTION CALENDAR:
                                               )   MARCH 21, 2017
15 PROVIDENCE HEALTH & SERVICES;               )
   RETIREMENT PLANS COMMITTEE; ELLEN )   TIME:  9:00 A.M.
16 WOLF; JOHN and JANE DOES 1-20, inclusive, )
   MEMBERS OF THE RETIREMENT PLANS )   COURTROOM:  16206
17 COMMITTEE; JOHN OR JANE DOE 21,             )
   PLAN DIRECTOR; HUMAN RESOURCES )
18 COMMITTEE OF THE BOARD OF                   )
   DIRECTORS; JOHN AND JANE DOES 22-40 )
19 inclusive, MEMBERS OF THE HUMAN             )
   RESOURCES COMMITTEE OF THE BOARD )
20 OF DIRECTORS; ROD HOCHMAN; BOARD )
   OF DIRECTORS OF PROVIDENCE HEALTH )
21 & SERVICES; MICHAEL HOLCOMB                 )
   CHAUNCEY BOYLE; ISIAAH CRAWFORD )
22 MARTHA DIAZ ASZKENAZY; PHYLLIS              )
   HUGHES; SALLYE LINER; KIRBY                 )
23 MCDONALD; DAVE OLSEN; AL PARRISH )
   CAROLINA REYES; PETER J. SNOW               )
24 MICHAEL A. STEIN; CHARLES WATTS; )
   BOB WILSON; JOHN AND JANE DOES 41- )
25 50, inclusive;                              )
                                               )
26                                             )
                                               )
27                        Defendants.          )

DEFS' MEMO IN SUPPORT OF FINAL
SETTLEMENT APPROVAL AND IN RESPONSE
TO OBJECTIONS (C14-01720-JCC)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Proskauer Rose LLP
POYDRAS CENTER
Suite 1800
650 Poydras Street
New Orleans, LA  70130-6146
504.310.2010 main · 504.310.2022 fax

1   Defendants respectfully request that the Court grant final approval of the Class Action

2   Settlement Agreement ("Settlement or Settlement Agreement"), and final certification of the

3   Class pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2).  In support

4   Defendants submit this memorandum responding to three objections filed by class members.

## I.      INTRODUCTION

6   After vigorous arm's-length negotiations by experienced counsel with the assistance of

7   a third-party JAMS mediator, Robert Meyer, Esq., who has substantial experience mediating

8   cases concerning ERISA and retirement plan issues, including cases involving the church plan

9   exemption in ERISA, the parties agreed on the Class Action Settlement Agreement, which the

10  Court preliminarily approved on December 6, 2016, Dkt. No. 52.  The parties have fully

11  complied with the Preliminary Approval Order, including providing notice of the Settlement to

12  the Settlement Class[1] and mailing Class Action Fairness ("CAFA") notices to national and state

13  officials as required by CAFA.[2]  On behalf of Defendants, Rust Consulting mailed 75,505

14  individual Notices to class members.  The deadline for objecting to the proposed Settlement

15  was set as February 21, 2017.[3]  In response, three individuals lodged objections with the Court.

16  Specific responses to each objection follow.

## II.      DISCUSSION

### 1.      Karen Marceaux

Karen Marceaux filed an objection to the Settlement on February 10, 2017.  *See* Dkt.
No. 61.  Ms. Marceaux states that she objects "to the fairness and reasonableness of the
Settlement."  However, she provides no further information as to the nature of her objection.
Without any specifics, Ms. Marceaux's objection does not warrant a response other than to

---

[1] *See* Affidavit of Abigail Schwartz for Rust Consulting, Inc., Dkt. No. 55.
[2] *See* Declaration of Benjamin Saper, Dkt. No. 56.
[3] *See* Order Preliminarily Approving Class Action Settlement, Dkt. No. 52, at ¶ 6.

DEFS' MEMO IN SUPPORT OF FINAL
SETTLEMENT APPROVAL AND IN RESPONSE
TO OBJECTIONS (C14-01720-JCC) - 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Proskauer Rose LLP
POYDRAS CENTER
Suite 1800
650 Poydras Street
New Orleans, LA  70130-6146
504.310.2010 main · 504.310.2022 fax

refer to Plaintiffs' Motion for Final Approval (Dkt. No. 54) and related filings demonstrating the fairness and reasonableness of the Settlement.

### 2.      Tamara Towers Parry, M.D.

Tamara Towers Parry, MD, a former employee of Swedish Health Services (SHS), a secular affiliate of PHS, filed an objection to the Settlement on February 22, 2016.  *See* Dkt. No. 63.[4]  She bases her objection partly on the faulty premise that the Settlement will allow Defendants to skirt federal and state oversight.  First, the Plan is well-funded; it has paid all accrued benefits to date and expects to pay all benefits that accrue in the future.  In addition, the Plan is subject to IRC tax qualification requirements, as well as to fiduciary obligations under state trust law to protect the interests of "church plan" participants.  *See, e.g.*, RESTATEMENT (THIRD) OF TRUSTS §§ 76 (duty to follow trust document and law), 77 (duty of prudence), 78 (duty of loyalty) (2007).  Providence Health and Services ("PHS") and the Providence Health & Services Cash Balance Retirement Plan ("Plan") are subject to state contract law.  The Settlement also obligates the participating institutions to contribute "sufficient funds to pay the vested benefits payable to participants under the terms of the Plan as they are due."  Dkt. No. 50-1, Settlement Agreement ¶ 9.1.

Dr. Parry states that "PHS's FBO status allows them to fund their health plan without state and federal oversight."  This also is not true—Providence Health & Services made an irrevocable election under section 410(d) of the Internal Revenue Code so that ERISA applies to the Providence Health & Services Health and Welfare Benefit Plan.  As an SHS employee, Dr. Parry was covered by the SHS Employee Benefit Plan, which has always been governed by ERISA because SHS is a secular organization.  Moreover, neither the PHS nor the SHS health plan is the subject of this litigation, so any objection from Dr. Parry based upon the PHS or SHS health plans is irrelevant.

Dr. Parry also states that Providence's status as a faith-based organization allows it to violate laws that protect the seriously ill and the disabled, including federal contract

---

[4] Dr. Parry's objection was filed of record one day late.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Proskauer Rose LLP
POYDRAS CENTER
Suite 1800
650 Poydras Street
New Orleans, LA  70130-6146
504.310.2010 main · 504.310.2022 fax

compliance, the ADA, and HIPPA.  Contrary to her assertion, this Church Plan litigation and the Settlement have no impact on any of those statutory and regulatory schemes, and their applicability is unchanged by the Settlement.

Dr. Parry contends that PHS is not a church.  However, her personal feelings have no relevance to the legal issue of whether PHS is controlled by or associated with the Catholic Church.

Finally, Dr. Parry complains about "employee violations [that] started when [she] developed a rapidly progressive neurologic conduction."  She continues that the PHS & SHS health plans—which are governed by ERISA and are not subject to the Settlement—failed in their handling of her health care coverage in connection with her neurologic condition.  These complaints are also irrelevant because they deal with health plans, not the retirement plan at issue in this litigation.  This Settlement does not cover any health plan and has no connection to Dr. Parry's medical complaints or coverage.

### 3.      Patrick C. Petersen

Patrick C. Petersen filed an objection on February 21, 2017.  *See* Dkt. No. 62.  Mr. Petersen states that he objects to the Settlement because Group I should be divided into two separate groups: beneficiaries who are retired, and beneficiaries who continue to work at PHS. His objection appears to be based on his claim that in 2009 or 2010, PHS allegedly illegally changed the Plan.

In fact, in 2009 Providence did make several modifications to its retirement program, including freezing an existing defined benefit plan (the Plan) and creating a new defined contribution plan.  The International Union of Operating Engineers, Local 286 (the "Union"), of which Mr. Petersen is a member, filed a grievance and initiated arbitration related to the changes, alleging that the collective bargaining agreement required PHS to bargain with the Union before making unilateral changes to the Plan.  Arbitration resulted in PHS and the Union engaging in further collective bargaining negotiations and resolving all disputes related to the changes to the Plan.  *See* National Labor Relations Board, Feb. 22, 2012 Letter approving

DEFS' MEMO IN SUPPORT OF FINAL
SETTLEMENT APPROVAL AND IN RESPONSE
TO OBJECTIONS (C14-01720-JCC) - 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Proskauer Rose LLP
POYDRAS CENTER
Suite 1800
650 Poydras Street
New Orleans, LA  70130-6146
504.310.2010 main · 504.310.2022 fax

withdrawal of the charge, attached as <u>Exhibit 1</u>; Feb. 21, 2012 Email to Arbitrator Kessler reporting that the Union ratified the new agreement resolving all issues in arbitration, attached as <u>Exhibit 2</u>.  Mr. Petersen now seeks to use the occasion of the Settlement of the current lawsuit, which is unrelated to the Union's prior dispute, to re-litigate the earlier grievance.

But contrary to the claims of Mr. Petersen's objection, there has been no reduction of accrued benefits under the Plan.  His objection appears to be based on the freezing of additional, future accruals and the fact that the new defined contribution plan, which was implemented in 2010, provided a reduced employer contribution.  These grievances are irrelevant to this litigation and Settlement, which is limited to the question of whether the Plan is properly classified as a Church Plan.  Further, the freezing of the Plan was a permissible settlor function and not a fiduciary decision under ERISA.  *See Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 444 (1999) (outlining settlor functions).

Mr. Petersen also states that Providence "previously filed case documents with the IRS that deny rights of being: 'church association of churches and convention of churches.'"  This is not true, the Plan has always been operated as a Church Plan and PHS has not filed any documents with the IRS to the contrary.

Mr. Petersen claims that "PH&S retirement plans having failed the 'Church Plans' requirements must be consider [sic] ERISA Plans."  This unsupported legal conclusion is not relevant to the fairness of the Settlement.  Mr. Petersen's personal view as to whether the Plan is a Church Plan has no relevance to the legal issue of whether PHS is controlled by or associated with the Catholic Church.  And the Settlement provides additional protections for benefits that are also protected by this well-funded Plan under both state contract and trust law.

### III.    CONCLUSION

For the above reasons, Defendants respectfully submit that this Settlement should be granted final approval because it is a fair and reasonable result.  Moreover, the Settlement Class meets all of the requirements of Rule 23 and should be finally certified.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Proskauer Rose LLP
POYDRAS CENTER
Suite 1800
650 Poydras Street
New Orleans, LA  70130-6146
504.310.2010 main · 504.310.2022 fax

1    DATED this 14th day of March, 2017.

2                                                    DAVIS WRIGHT TREMAINE LLP
                                                     Attorneys for Providence Defendants
3

4                                                    s/ *Michael Reiss*
                                                     Michael Reiss, WSBA #10707
5                                                    John A. Goldmark, WSBA #40890
                                                     1201 Third Avenue, Suite 2200
6                                                    Seattle, WA  98101-3045
                                                     Telephone: 206-757-8130
7                                                    Fax: 206-757-7130
                                                     Email: mikereiss@dwt.com
8                                                    Email: johngoldmark@dwt.com

9
                                                     s/ *Howard Shapiro*
10                                                   Howard Shapiro (*pro hac vice*)
                                                     Stacey C.S. Cerrone (*pro hac vice*)
11                                                   Proskauer Rose LLP
                                                     650 Poydras Street, Suite 1800
12                                                   New Orleans, LA  70130-6146
                                                     Telephone:  504-310-4085
13                                                   Fax:  504-310-2022
                                                     Email:  howshapiro@proskauer.com
14                                                   Email:  scerrone@proskauer.com
15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Proskauer Rose LLP
POYDRAS CENTER
Suite 1800
650 Poydras Street
New Orleans, LA  70130-6146
504.310.2010 main · 504.310.2022 fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| Lynn Lincoln Sarko | lsarko@kellerrohrback.com |
| Erin M. Riley | eriley@kellerrohrback.com |
| Laura Gerber | lgerber@kellerrohrback.com |
| Havila Unrein | hunrein@kellerrohrback.com |
| Gretchen Obrist | gobrist@kellerrohrback.com |
| Karen Handorf | khandorf@cohenmilstein.com |
| Michelle Yau | myau@cohenmilstein.com |
| Ron Kilgard | rkilgard@kellerrohrback.com |
| Howard Shapiro | howshapiro@proskauer.com |
| Stacey C.S. Cerrone | scerrone@proskauer.com |
| Robert W. Rachal | rrachal@proskauer.com |
| Michael Reiss | mikereiss@dwt.com |
| John Goldmark | johngoldmark@dwt.com |
| Adam Grogg | adam.a.grogg@usdoj.gov |
| Benjamin Berwick | Benjamin.L.Berwick@usdoj.gov |

DATED this 14th day of March, 2017.


                                   s/ *Michael Reiss*
                                   Michael Reiss, WSBA #10707

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Proskauer Rose LLP
POYDRAS CENTER
Suite 1800
650 Poydras Street
New Orleans, LA  70130-6146
504.310.2010 main · 504.310.2022 fax